**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **Midas Green Technologies, LLC,** ) | |
| ) | |
| Plaintiffs, ) | Case No. 6:22-cv-00050-ADA |
| ) | |
| - vs. - ) | **Jury Trial Demanded** |
| ) | |
| **Rhodium Enterprises, Inc.;** ) | |
| **Rhodium Technologies LLC;** ) | **ORAL ARGUMENT** |
| **Rhodium 10mw LLC;** ) | **REQUESTED** |
| **Rhodium 2.0 LLC;** ) | |
| **Rhodium 30mw LLC;** ) | |
| **Rhodium Encore LLC;** ) | |
| **Rhodium Industries LLC;** ) | |
| **Rhodium JV LLC;** ) | |
| **Rhodium Renewables LLC;** ) | |
| **Rhodium Shared Services LLC;** ) | |
| **Rhodium Shared Services PR Inc.;** ) | |
| **Chase Blackmon;** ) | |
| **Cameron Blackmon;** and ) | |
| **Nathan Nichols,** ) | |
| ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

I.     **INTRODUCTION** ...........................................................................**1**

II.    **STATEMENT OF FACTS** ...........................................................**2**

III.   **LEGAL STANDARD** ...................................................................**3**

IV.   **ARGUMENT**.................................................................................**4**

     A.    The Complaint Improperly Fails To Differentiate Between The Defendants……………………………………………………………4

     B.    The Court Lacks Personal Jurisdiction Over Rhodium Shared Services PR Inc……………………………………………………………9

     C.    Venue Is Improper As To Rhodium Shared Services PR Inc……….11

     D.    Direct Infringement As To The Individual Defendants Is Insufficiently Pled……………………………………………………………..12

     E.    Midas's Induced Infringement Claims Should Be Dismissed………13

     F.    The Complaint Fails to Adequately Plead Either Willful Infringement or Enhanced Damages……………………………………………18

V.    **CONCLUSION** ..........................................................................**20**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Administrators of Tulane Educ. Fund v. Ipsen, S.A.*,
450 F. App'x 326 (5th Cir. 2011)..................................................................6

*Aeritas, LLC v. Darden Corp.*,
No. 6:20-CV-00938-ADA, 2021 WL 4868430 (W.D. Tex. Oct. 18,
2021) ...........................................................................................................4, 11

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) ...............................................18

*Affinity Labs of Texas, LLC v. Toyota Motor N.A., Inc.*, 2014 WL
2892285, at *7 (W.D. Tex. May 12, 2014) ..........................................15, 16, 18

*Altair Instruments, Inc. v. Walmart, Inc., et al.*,
2019 WL 7166060 (C.D. Cal. 2019) ................................................................14

*AlterG, Inc. v. Boost Treadmills LLC*,
388 F. Supp. 3d 1133 (N.D. Cal. 2019)............................................................19

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
6 F.4th 1283 (Fed. Cir. 2021) ..........................................................9, 10, 11, 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................3, 4

*Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*,
No. 4, 729 F. Supp. 2d 789 (N.D. Tex. 2010) ....................................................3

*Callier v. Nat'l United Grp., LLC*,
2021 WL 5393829 (W.D. Tex. Nov. 17, 2021)................................................4, 5

*Celgene Corp. v. Mylan Pharms. Inc.*,
17 F.4th 1111 (Fed. Cir. 2021) ...........................................................................6

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) ..............................................................................3

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ............................................17, 18

*Ergo Licensing LLC v. Cardinal Health, Inc.*,
2009 WL 2021926 (D. Me. July 13, 2009), *report and
recommendation adopted*, 2009 WL 2591360 (D. Me. Aug. 19, 2009) ..........7, 8

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*,
2022 WL 432558 (W.D. Tex. Feb. 11, 2022) ...................................................11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016)..........................................................................................20

*In re Google*,
949 F.3d 1338 (Fed. Cir. 2020) .....................................................................11

*In re Katrina Canal Breaches Litig.*,
495 F.3d 191 (5th Cir. 2007) ...........................................................................4

*In re ZTE (USA) Inc.*,
890 F.3d 1008 (Fed. Cir. 2018) .....................................................................11

*Inhale, Inc v. Gravitron, LLC*,
2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ................................................13

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
2017 WL 9477677 (W.D. Tex. Nov. 28, 2017)...........................................17, 18

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
2021 WL 4555608 (W.D. Tex. Oct. 4, 2021).....................................................4

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
2018 WL 4620713 (S.D. Tex. July 31, 2018) ..................................................20

*Magnum Oil Tools Int'l, L.L.C. v. McClinton*,
2014 WL 468839 (S.D. Tex. Feb. 5, 2014) ......................................................13

*Manville Sales Corp. v. Paramount Sys., Inc.*,
917 F.2d 544 (Fed. Cir. 1990) ...................................................................12, 13

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)................................................19

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen)*
*Tech., Ltd.*,
   2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ............................................15, 18

*Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*
   2020 WL 4289388 (W.D. Tex. July 27, 2020).......................................................6

*Synergy Drone LLC v. Parrot S.A.*,
   2018 WL 11361758 (W.D. Tex. Apr. 17, 2018) ........................................7, 8, 9

*Taylor v. Books A. Million, Inc.*,
   296 F.3d 376 (5th Cir. 2002) .................................................................................4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017)........................................................................................11

*TIP Sys., LLC v. SBC Operations, Inc.*,
   536 F. Supp. 2d 745 (S.D. Tex. 2008)..............................................................6, 8

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
   2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ......................................16, 18, 19

*United States v. Jon-T Chemicals, Inc.*,
   768 F.2d 686 (5th Cir. 1985) .................................................................................6

*Wapp Tech Ltd. v. Micro Focus Int'l, PLC*,
   406 F. Supp. 3d 585 (E.D. Tex. 2019).............................................................6, 10

**Statutes**

28 U.S.C. § 1400(b) ......................................................................................................11

35 U.S.C.
   § 271(a) ...............................................................................................................5, 12
   § 271(b) ...................................................................................................................17
   § 284.........................................................................................................................19

**Rules**

Fed. R. Civ. Proc. Rule 8 ..........................................................................................5, 17

## I.      INTRODUCTION

Plaintiff Midas Green Technologies LLC's ("Midas") Complaint attempts to level accusations of direct, indirect, and willful infringement of two patents, along with a request for enhanced damages, across fourteen different Defendants.  The Complaint does so by making conclusory allegations devoid of the necessary factual underpinnings to plausibly support a reasonable inference that any of the Defendants, much less all fourteen, are liable for any of the Complaint's claims.  The Complaint also devotes just a single paragraph to pleading piercing the corporate veil, falling far short of overcoming the heavy burden needed to have the eleven corporate Defendants treated as a single entity.  Pleading in this manner is impermissible, and the Complaint should be dismissed for myriad reasons.

First, the Complaint improperly lumps all fourteen Defendants together without any specific factual allegations alleged against any particular defendant.  Pleading in this manner fails to put the Defendants on notice of what specific acts are attributable to each individually and warrants dismissal.

Second, the Complaint fails to plead personal jurisdiction over Defendant Rhodium Shared Services PR Inc., which is unsurprising as it has no contacts with Texas and has never had any employees or agents there.  Third, the Complaint also fails to plead venue as to Defendant Rhodium Shared Services PR Inc.  This entity is not incorporated in Texas, so it does not reside in the state. And, because Defendant Rhodium Shared Services PR Inc. does not have any employees or other agents conducting its business, it lacks a regular, physical presence in the Western District of Texas. Venue cannot lie in this district under these circumstances.

Fourth, the Complaint's allegations of direct infringement against the three individual Defendants, who are sued here in their personal capacity, are not adequately plead.  To plead such claims against corporate officers, the Complaint must allege facts justifying piercing the corporate

veil.  But, the Complaint does not allege the individual Defendants are alter egos of any corporate Defendant.  As such, the Complaint's claims for direct infringement against the individual Defendants should be dismissed.

Finally, at least because the Complaint fails to adequately plead knowledge of infringement of the Asserted Patents by any of the Defendants, the Complaint's claims for induced infringement, willful infringement, and enhanced damages should be dismissed.

## II.   STATEMENT OF FACTS

On January 13, 2022, Midas filed its Complaint for Patent Infringement against eleven Rhodium entities and three individuals.  The Rhodium entities include Rhodium Enterprises, Inc.; Rhodium Technologies LLC; Rhodium 10mw LLC; Rhodium 2.0 LLC; Rhodium 30mw LLC; Rhodium Encore LLC; Rhodium Industries LLC; Rhodium JV LLC; Rhodium Renewables LLC; Rhodium Shared Services LLC; and Rhodium Shared Services PR Inc. (collectively the "Rhodium Defendants").  The individuals are Chase Blackmon; Cameron Blackmon; and Nathan Nichols (collectively the "Individual Defendants").

The Complaint includes two counts, which essentially contain mirror image allegations. The first alleges (1) direct infringement of U.S. Patent No. 10,405,457 (the "'457 patent") against all Defendants, and (2) induced infringement (i) against all Defendants "by providing designs and instructions to third party manufacturers and contractors to have made infringing immersion cooling systems and tank modules," (ii) against "Defendant Rhodium Enterprises, Inc., Defendant Rhodium Technologies LLC and Individual Defendants . . . by willfully providing infringing directions, instructions and designs for immersion cooling systems and tank modules to among other parties, the Rhodium Operating Subsidiaries, for knowing use in infringing activity to mine bitcoin and generate revenue," and (iii) against "Defendant Rhodium Enterprises, Inc., Defendant Rhodium Technologies LLC and Individual Defendants . . . by willfully directing and controlling

the infringing activities of the Rhodium Operating Subsidiaries." Compl. ¶¶ 42–52. The second

count, using nearly identical language, makes the same allegations with respect to U.S. Patent No.

10,820,446 (the "'446 patent"). Compl. ¶¶ 53–63.

Each of the Rhodium Defendants is a separate corporate entity. Rhodium Enterprises,

Inc.'s Amended SEC Form S-1 explains it was formed on April 1, 2021, as a Delaware Corporation

to become a holding corporation for Rhodium Technologies LLC and its subsidiaries. *See* Ex. 1,

Declaration of Nathan Nichols in Support of Defendants' Motion to Dismiss Plaintiff's Complaint

(hereinafter "Nichols Decl."), Exhibit A at F-16, (Amended SEC Form S-1, Rhodium Enterprises,

Inc. (Dec. 14, 2021), available at https://sec.report/Document/0001213900-21-065116/fs12021a4_rhodium.htm.).[1] Defendants Rhodium 10mw LLC; Rhodium 2.0 LLC;

Rhodium 30mw LLC; Rhodium Encore LLC; Rhodium Industries LLC; Rhodium JV LLC;

Rhodium Renewables LLC; Rhodium Shared Services LLC are all separate Delaware LLCs. *Id.*

Defendant Rhodium Shared Services PR Inc. is a separate Puerto Rican corporation. *Id.* It was

created for use only after Rhodium Enterprises Inc.'s IPO, which has been postponed. Nichols

Decl. ¶ 4. It neither conducts business nor has any contacts anywhere in the State of Texas. *Id.* ¶

3.[2] And it does not have—and never had—any employees or agents. *Id.* ¶ 5.

## III.    LEGAL STANDARD

Midas's Complaint cannot survive a motion to dismiss if it fails to plead enough facts "to

---

[1]    Because the SEC filing is cited in the Complaint and central to Plaintiff's claim, it is permissible for the Court to rely on it in its entirety in deciding Defendants' motion. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (Documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'") (citation omitted).

[2]    In determining whether the Court has personal jurisdiction over Defendants, or whether venue is proper, the Court may consider evidence beyond the complaint or its attachments, including declarations. *See Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789,

state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, 2021 WL 4555608, at *2 (W.D. Tex. Oct. 4, 2021).  Well-pleaded facts are taken as true, viewing them in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  However, a court need not blindly accept each and every allegation of fact; properly pleaded factual allegations must amount to more than just conclusory allegations or legal conclusions "masquerading as factual conclusions." *Taylor v. Books A. Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (holding that Plaintiff's allegation that the complaint was timely filed was conclusory because it merely alleged that "[t]he EEOC issued a Right to Sue Letter on September 29, 2000 and this suit is filed within ninety (90) days of receipt of the Right to Sue Letter" without stating ***when*** he received the right-to-sue letter); *Iqbal*, 556 U.S. at 678–81 (allegations that an individual was the "principal architect" of a policy or was "instrumental" in adopting it were conclusory and not entitled to the presumption of truth).

## IV.   ARGUMENT

### A.   The Complaint Improperly Fails To Differentiate Between The Defendants

The Complaint impermissibly lumps all fourteen Defendants together without any specific factual allegations relating to any particular Defendant, failing to put any Defendant on notice of what specific acts, if any, are attributable to each individually.  "General allegations lumping all defendants together and failing to identify specific actions of individual defendants will not suffice to raise an inference of plausible liability against any individual defendant." *Callier v. Nat'l United Grp., LLC*, 2021 WL 5393829, at *4 (W.D. Tex. Nov. 17, 2021).  "A pleading must provide

794 (N.D. Tex. 2010) (personal jurisdiction); *Aeritas, LLC v. Darden Corp.*, 2021 WL 4868430, at *1 (W.D. Tex. Oct. 18, 2021) (venue).

specific factual allegations of violations against specific defendants to suffice." *Id.* Accordingly, "[u]sing the 'collective term 'Defendants' . . . with no distinction as to what acts are attributable to whom' fails to meet the fair notice standard under Rule 8." *Id.*

By failing to set out specific factual allegations relating to any particular Defendant, it is impossible for the Defendants to know what specific acts are attributed to each individually. For example, the Complaint lumps all Defendants together in each of its allegations of direct infringement, but fails to allege any acts of infringement anywhere in the Complaint attributable to any individual Defendant. *See* Compl. ¶¶ 44–47, 54–58.[3] The Complaint requires each Defendant to blindly guess whether they are accused of all of the supposedly infringing conduct, including making, having made,[4] using, offering to sale, or selling products and devices that embody the patented invention, inducing infringement, willful infringement, or only some unknown subset. Accordingly, because the Complaint fails to meet the fair notice standard of Federal Rule of Civil Procedure 8, the Court should "disregard any mere global assertions of fault" and treat "[s]uch statements . . . as 'naked assertions devoid of further factual enhancement.'" *Callier*, 2021 WL 5393829, at *3. When all such global assertions of fault are stripped away, nothing remains and the Complaint does not adequately plead any claims of infringement against any Defendant, warranting dismissal.

Nor is the Complaint's treatment of the Rhodium Defendants as a single entity based on an

---

[3]   With respect to induced infringement, the Complaint makes two mirror-image allegations directed at Defendant Rhodium Enterprises, Inc., Defendant Rhodium Technologies LLC, and the Individual Defendants. *See* Compl. ¶¶ 51–52, 62–63. These paragraphs are the Complaint's only allegations not directed at all Defendants as a group. But, these allegations are entirely conclusory and fail to identify any specific acts that can be attributed to each Defendant individually. These allegations, therefore, are not entitled to be taken as true.

[4]   The Court should dismiss any allegation that any Defendant directly infringed the Accused Patents by having a third party make its product. *See, e.g.*, Compl. ¶¶ 47, 58. "Having made" is not a cause of action for direct infringement. *See* 35 U.S.C. § 271(a).

alter ego theory permissible.[5]   The Complaint alleges that "Defendant Rhodium Enterprises, Inc.,

Defendant Rhodium Technologies LLC, and the Rhodium Operating Subsidiaries operate in

actuality as a single operating entity and are alter egos of each other," (Compl. ¶ 17), but fails to

allege sufficient factual allegations to meet the heavy burden necessary to cast aside the corporate

form and treat the separate corporate entities as one.   "In deciding whether to pierce the corporate

veil, a court 'must start from the general rule that the corporate entity should be recognized and

upheld, unless specific, unusual circumstances call for an exception.'"   *TIP Sys., LLC v. SBC*

*Operations, Inc.*, 536 F. Supp. 2d 745, 754 (S.D. Tex. 2008); *see also Wapp Tech Ltd. v. Micro*

*Focus Int'l, PLC*, 406 F. Supp. 3d 585, 595 (E.D. Tex. 2019) (granting motion to dismiss for lack

of personal jurisdiction because corporate entities were not alter egos and noting that "[a]s a

general matter, the corporate form should not be lightly disregarded.").   "Where a parent and

subsidiary observe corporate formalities, the plaintiff has a heavy burden to establish a degree of

control sufficient to impute the subsidiary's jurisdictional contacts to the parent."   *Administrators*

*of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 331 (5th Cir. 2011).   In determining

whether a subsidiary is the alter ego of its parent, the Fifth Circuit considers twelve "*Jon-T*"

factors.[6]   *Id.* (quoting *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 692 (5th Cir. 1985)).

The Complaint fails to allege facts relating to the vast majority of the factors considered

by the Fifth Circuit.   For example, the Complaint never alleges the Rhodium Defendants are

---

[5]   As discussed in Section IV.D, the Complaint does not make any allegations regarding piercing the corporate veil with respect to the Individual Defendants.   As such, there is no basis for Midas to even argue that the Complaint properly treats the Individual Defendants as one and the same with the Rhodium Defendants.

[6]   "The law of the circuit in which the district court sits applies to determining whether to pierce the corporate veil." *TIP Sys., LLC*, 536 F. Supp. 2d at 754; *see also Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021) ("Corporate separateness is an issue of regional-circuit law.").

undercapitalized or they would be unable to pay a judgment.  *See Nat'l Steel Car Ltd. v. Greenbrier Companies*, Inc., 2020 WL 4289388, at *4 (W.D. Tex. July 27, 2020) (undercapitalization is a critical factor in an alter ego analysis because "the alter ego doctrine is an equitable remedy which prevents a company from avoiding liability by abusing the corporate form" and where "there is scant evidence that the subsidiary would be unable to pay a judgment, it weighs heavily against a finding of alter ego status." (internal citations removed)).  Rather, the Complaint relies on just three allegations to support its assertion that the Rhodium Defendants are alter egos and should be treated as a single entity, all of which fall far short of carrying the heavy alter ego burden.

*First*, the Complaint alleges that "throughout the previously referenced SEC filings of Defendant Rhodium Enterprises, references to 'we' and 'our' describe the operations of the various operating subsidiaries as a collective entity, 'Rhodium.'" Compl. ¶ 17.  This is irrelevant to any of the Fifth Circuit's factors.  *See Ergo Licensing LLC v. Cardinal Health, Inc.*, 2009 WL 2021926, at *6 (D. Me. July 13, 2009), *report and recommendation adopted*, 2009 WL 2591360 (D. Me. Aug. 19, 2009) (refusing to pierce the corporate veil for the purpose of establishing personal jurisdiction and noting that piercing could not be premised on the parent corporation merely "referring to itself in public as a single corporation that produces the product actually produced by the subsidiary.").

*Second*, the Complaint alleges "Rhodium Enterprises' is the sole managing member of Rhodium Holdings, controls, and is responsible for all operational, management and administrative decisions related to Rhodium Holdings' business and consolidates the financial results of Rhodium Holdings and its subsidiaries." Compl. ¶17.  But, courts in this district have held that "one-hundred percent ownership and identity of directors and officers are, even together, an insufficient basis for applying the alter ego theory to pierce the corporate veil." *Synergy Drone*

*LLC v. Parrot S.A.*, 2018 WL 11361758, at *4 (W.D. Tex. Apr. 17, 2018) (granting dismissal for lack of personal jurisdiction because the parent was not the alter ego of the subsidiary).  Thus, Defendant Rhodium Enterprises, Inc.'s ownership and management structure are not enough to overcome Midas's heavy burden of establishing the degree of control necessary to pierce the corporate veil.   Moreover, like here, courts must exercise caution in inferring an alter ego relationship based on a normal parent-subsidiary relationship as in the case of wholly-owned subsidiaries because "operating the subsidiary independently of the parent company . . . has little practical meaning."  *Id.*

**Finally**, the Complaint alleges that Rhodium Holdings and Rhodium do not "maintain separate financial statements and otherwise do not maintain corporate separateness."  Compl. ¶ 17. The relevant inquiry is how the Rhodium Defendants are actually organized, *i.e.*, whether they maintain corporate separateness.   But, Rhodium's Amended SEC Form S-1, on which the Complaint relies, never speaks to this issue.  *See* Compl. ¶ 17.  Rather, Rhodium's Amended SEC Form S-1 indicates the SEC Form S-1 filing represents a departure from the actual organization of the entities, explaining that in ***preparing*** the consolidated and combined financial statements ***for the Amended SEC Form S-1 filing***, Rhodium Enterprises, Inc. included the accounts of Rhodium Enterprises, Inc. and Rhodium JV LLC, and, significantly, ***eliminated*** all inter-company accounts, balances, and transactions.  *See* Amended SEC Form S-1 at F-17, F-36.  These allegations do not amount to a "specific, unusual circumstance[]" calling for an exception to the general rule of recognizing the corporate form.  *See TIP Sys., LLC*, 536 F. Supp. 2d at 754; *see also Ergo Licensing LLC*, 2009 WL 2021926, at *5 (refusing to pierce the corporate veil and noting that "consolidated SEC filings do not overcome the presumption of corporate separateness.").  Thus, the Complaint

fails to plead sufficient factual allegations to establish that the Rhodium Defendants operate in actuality as a single entity and are alter egos of each other.[7]

In sum, because the Complaint impermissibly lumps all of the Defendants together, it does not adequately plead any claims against any Defendant and should be dismissed.

### B.     The Court Lacks Personal Jurisdiction Over Rhodium Shared Services PR Inc.

Notwithstanding the Complaint's conclusory allegation to the contrary, (*see* Compl. ¶ 12), Defendant Rhodium Shared Services PR Inc. is not subject to this Court's specific or general personal jurisdiction, and should be dismissed from the suit.   For a defendant to be subject to a court's general jurisdiction, the "defendant must be 'essentially at home in the forum state' such that the 'corporation's affiliations with the State in which suit is brought are so constant and pervasive' in order to justify the assertion of jurisdiction over a foreign corporation 'to hear any and all claims against [it].'"  *Synergy Drone LLC*, 2018 WL 11361758, at *3.  At the other end of the spectrum, a court may exercise specific personal jurisdiction over a defendant where, *inter alia*, the defendant purposefully directed its activities at residents of the forum and the claim arises out of or relates to those activities with the forum.  *Id.*  Here, Defendant Rhodium Shared Services PR Inc. does not conduct business anywhere in Texas, and therefore is not "essentially at home" in the state of Texas.  *See* Nichols Decl. ¶ 3.  Indeed, it has no contacts with the State of Texas.  *Id.* Defendant Rhodium Shared Services PR Inc., moreover, does not have—and never had—any

---

[7]    To the extent Midas intends to rely on an agency theory to justify its improper lumping of all the Defendants together, the Complaint makes a solitary, conclusory allegation that "[e]ach Rhodium operating subsidiary is an agent of Rhodium Holdings and Rhodium Holdings' owners and operators, Chase Blackmon, Cameron Blackmon, and Nathan Nichols." Compl. ¶ 17.  This bare allegation is insufficient. *See Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1287 (Fed. Cir. 2021) (granting motion to dismiss for improper venue after finding no agency relationship because the plaintiff failed to demonstrate the parent had the "right to direct or control" the actions of the subsidiaries' employees).

employees or agents. *Id.* ¶ 5. Rather, the entity was created for use only after Rhodium Enterprises Inc.'s IPO, which has been postponed. *Id.* ¶ 4. Accordingly, there are no activities from which specific jurisdiction over Rhodium Shared Services PR Inc. could arise, let alone any affiliations with Texas that are "so constant and pervasive" to justify the assertion of this Court's general jurisdiction.

While "the contacts of a third-party may be imputed to the defendant under either an agency or alter ego theory" for purposes of specific personal jurisdiction, *Wapp Tech Ltd. P'ship*, 406 F. Supp. 3d at 595, that is not the case here. The Complaint fails to allege facts sufficient to impute the Texas contacts of any Rhodium Defendant or any Individual Defendant to Rhodium Shared Services PR Inc. under either an agency theory,[8] or an alter ego theory. The former requires a showing of "(1) the principal's 'right to direct or control' the agent's actions, (2) 'the manifestation of consent by [the principal] to [the agent] that the [agent] shall act on his behalf,' and (3) the 'consent by the [agent] to act.'" *Andra Grp.*, 6 F.4th at 1287 (venue improper because there was no agency relationship as the complaint failed to plead the parent had the "right to direct or control" the actions of the subsidiaries' employees). The Complaint is silent as to any factor. Likewise, as discussed in Section IV.A, the Complaint fails to plead facts sufficient to establish any Rhodium Defendant is the alter ego of Defendant Rhodium Shared Services PR Inc. or vice versa. Accordingly, Defendant Rhodium Shared Services PR Inc. should be dismissed for lack of personal jurisdiction.

---

[8]   Indeed, the Complaint does not even allege that any of the other Rhodium Defendants are agents of Rhodium Shared Services PR Inc. Rather, the Complaint alleges that each Rhodium operating subsidiary, *e.g.*, Rhodium Shared Services PR Inc., "is an agent of Rhodium Holdings and Rhodium Holdings' owners and operators. . . ." Compl. ¶ 17.

### C.     Venue Is Improper As To Rhodium Shared Services PR Inc.

Venue is not proper as to Rhodium Shared Services PR Inc.  Venue is proper for a patent infringement suit "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."[9]  28 U.S.C. § 1400(b).  Neither prong applies to Rhodium Shared Services PR Inc.

*First*, a "domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017); *see also GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, 2022 WL 432558, at *1 (W.D. Tex. Feb. 11, 2022) (applying *TC Heartland* to LLCs).  Because Defendant Rhodium Shared Services PR Inc. is a Puerto Rican corporation (Compl. ¶ 12), it does not "reside" in Texas for the purpose of venue under § 1400(b).  *See Andra Grp., LP* 6 F.4th at 1287.

*Second*, the Federal Circuit has interpreted a "regular and established place of business" to require "the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'"  *In re Google*, 949 F.3d 1338, 1345 (Fed. Cir. 2020).  The Complaint alleges that each Rhodium Defendant, "on information and belief," "conducts business in Texas, including in this District, and including in the Waco Division."  Compl. ¶¶ 2–12.   These are conclusory allegations devoid of factual support, however, that the Court need not accept as true.  *See Aeritas, LLC*, 2021 WL 4868430, at *2 (court need not consider "allegations made on information and belief" where there is no factual support for those allegations, because such allegations "are legal conclusions disguised as factual allegations").

Midas cannot, moreover, establish proper venue over Rhodium Shared Services PR Inc.

---

[9]   "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law," rather than regional circuit law.  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018).

because it does not have any employees or agents,[10] let alone a "regular, physical presence of an employee or other agent" conducting Rhodium Shared Services PR Inc.'s business in Texas or the Western District thereof.  *See Andra Grp., LP* 6 F.4th at 1287.  While the Complaint alleges that "[a]ll Defendants have at least two places of business in the District and in the Waco Division, i.e., in Rockdale, Texas and in Temple, Texas," Defendants Rhodium Enterprises, Inc., Rhodium 30mw LLC, Rhodium Encore LLC, Rhodium 10mw LLC, Rhodium 2.0 LLC, and Rhodium Renewables LLC have places of business at these locations, not Defendant Rhodium Shared Services PR Inc.  *See id.* ¶¶ 6-7.  And as discussed above, the Complaint fails to allege facts sufficient to plead an alter ego relationship between the Rhodium Defendants.  Because Defendant Rhodium Shared Services PR Inc. is a separate, distinct corporate entity, the presence of any other Defendant in this District is irrelevant to venue.  *See supra* Section IV.A.  Thus, venue is improper as to Rhodium Shared Services PR Inc., and it should be dismissed from Complaint.

### D.     Direct Infringement As To The Individual Defendants Is Insufficiently Pled

Midas fails to plead facts sufficient to establish direct infringement as to the Individual Defendants.  For corporate officers "to be personally liable for [a corporation's] infringement under section 271(a), there must be evidence to justify piercing the [corporate] veil."  *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990).  As already noted above, "a court may exert its equitable powers and disregard the corporate entity if it decides that piercing the veil will prevent fraud, illegality, injustice, a contravention of public policy, or prevent the corporation from shielding someone from criminal liability."  *Id.*  "The court, however, must 'start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception.'"  *Id.*  "Moreover, unless there is at least 'specific

---

[10]     As discussed above, *supra* notes 7, 8, the Complaint relies on a single conclusory allegation that fails to adequately plead an agency relationship between any of the Defendants.

intent to escape liability for a specific tort . . . the cause of justice does not require disregarding the corporate entity.'" *Id.*  The Complaint is ***silent*** as to any allegation that the Individual Defendants are alter egos of any of the Rhodium Defendants, let alone allege any facts tending to show a "unity between the individual and corporation such that the separateness of the corporation has ceased, and an injustice if the corporate form is upheld." *See Magnum Oil Tools Int'l, L.L.C. v. McClinton*, 2014 WL 468839, at *2 (S.D. Tex. Feb. 5, 2014) (concluding that even evidence of not observing corporate formalities, using corporate funds for personal use, and using the different business entities "fairly indiscriminately in the overall business that [the defendant] conducted" was insufficient to pierce the corporate veil (citation omitted)).  Moreover, the Complaint fails to make any non-conclusory factual allegations that, even taken as true, would allow the Court to conclude that piercing the veil will "prevent fraud, illegality, injustice, a contravention of public policy, or prevent the corporation from shielding someone from criminal liability." *Id.*  Accordingly, the Complaint fails to establish that the Individual Defendants, as corporate officers, can be held personally liable for the alleged infringement of the Rhodium Defendants, so the direct infringement claims against the Individual Defendants should be dismissed.

> **E.      Midas's Induced Infringement Claims Should Be Dismissed**

"To state a claim for induced infringement, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement.'" *Inhale, Inc. v. Gravitron, LLC*, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018).  Midas's induced infringement claims should be dismissed because the Complaint fails to allege facts to support a plausible inference that any Defendant (1) knew that its acts would result in infringement by another party; or (2) specifically

intended to induce infringement by another party.

*First*, the Complaint fails to plead facts that plausibly establish that any Defendant knew or should have known that its conduct would result in infringement by another party because the Complaint fails to adequately plead that Defendants knew or should have known that the use of the accused immersion cooling system amounted to infringement of either Asserted Patent.  To establish knowledge of infringement of the '457 patent, the Complaint relies on a letter and a claim chart allegedly sent to the Individual Defendants.  Critically, that letter—addressed to a different company (Immersion Systems LLC)—alleges that a different immersion cooling system sold by that different company infringes the '457 patent.  *See* Compl. ¶ 31.  The Complaint then relies on the alleged "similarity" between the immersion cooling systems products of Immersion Systems LLC and the Rhodium Defendants to allege that "Defendants" knew the Rhodium Defendants' immersion cooling system infringed the '457 patent.  Compl. ¶ 32.  At most, the Complaint alleges that the two systems were *similar*, not identical.  But knowledge of "similarities," without explanation as to *why* any such similarities put Defendants on notice of infringement, is not the standard for pleading induced infringement.  Rather, Midas was obliged to plead that the Individual Defendants (and the Rhodium Defendants by virtue of the Individual Defendants) had *notice* of infringement or should have known the same.  *See* Compl. ¶ 34; *Altair Instruments, Inc. v. Walmart, Inc., et al.*, 2019 WL 7166060, *2–*3 (C.D. Cal. 2019) (finding the Complaint failed to establish knowledge of infringement by alleging that defendant's knowledge of infringement may be inferred by the plaintiff's prior litigation concerning "devices that Plaintiff deems similar to the allegedly infringing devices").  The allegations for the '446 patent are even more threadbare.  The Complaint relies solely on "the filing by [Midas] of its amended complaint" against Immersion Systems LLC without even alleging that the products are similar.  *See* Compl. ¶ 36.

In an attempt to bolster its inadequate allegations of knowledge of infringement, the Compliant relies on Defendant Rhodium Enterprises, Inc.'s Amended SEC Form S-1, which discloses the existence of the Immersion Systems Litigation. Compl. ¶ 40. The Complaint alleges that the SEC filing "does *not* state that the Rhodium systems or tanks are different in any material respect from the accused Immersion Systems systems or tanks, amounting to a tacit admission that they are the same or similar in all material respects." Compl. ¶ 40 (emphasis in original). Not so. Even if the filing's silence amounted to a "tacit admission," which it does not, Midas ignores this sentence in the same paragraph: Rhodium Enterprises, Inc. "believe[s] that the patents in suit in the Midas/Immersion Lawsuit are invalid, and in any case that ***none of our liquid cooling technology would infringe upon the claims of such patents***." Nichols Decl., Ex. A at 29 (emphasis added). Given this statement, the Complaint cannot plausibly plead that any Defendants knew or should have known of infringement of the Asserted Patents.[11] For these reasons alone, the Complaint fails to adequately plead induced infringement.

***Second***, even assuming the Complaint adequately pleads knowledge of infringement of the Asserted Patents—it does not—the Complaint fails to sufficiently plead that any of the Defendants specifically intended to induce infringement by another party. "Specific intent" is a "demanding" standard that requires more than unsubstantiated and generalized allegations of induced infringement. *E.g.*, *Affinity Labs of Texas, LLC v. Toyota Motor N.A., Inc.*, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014). A plaintiff must allege facts sufficient to show "culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen)*

---

[11]  For this same reason, the Complaint's allegation that every Defendant is "well aware of their infringement" of the Asserted Patents based on the filing of the instant suit, (Compl. ¶ 41), fails to plausibly plead knowledge of infringement.

*Tech., Ltd.*, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021).   The Complaint makes the following allegations supporting its induced infringement claim: (1) "Defendants have induced infringement by providing designs and instructions to third party manufacturers and contractors to have made infringing immersion cooling systems and tank modules"; (2) "Defendant Rhodium Enterprises, Inc. [and] Defendant Rhodium Technologies LLC . . . have induced infringement by willfully providing infringing directions, instructions and designs for immersion cooling systems and tank modules to among other parties, the Rhodium Operating Subsidiaries, for knowing use in infringing activity to mine bitcoin and generate revenue"; and (3) "Defendant Rhodium Enterprises, Inc. [and] Defendant Rhodium Technologies LLC . . . have also induced infringement by willfully directing and controlling the infringing activities of the Rhodium Operating Subsidiaries."  Compl. ¶¶ 50–52 ('457 Patent), 61–63 ('446 Patent).

These allegations all fail to plausibly plead intent to induce infringement.  They amount to nothing more than threadbare allegations, which mirror the allegations found deficient in *Affinity Labs*.  There, the court found insufficient plaintiff's allegation that "Toyota encouraged and is encouraging its customers to infringe . . . by marketing and selling its automobiles with sound systems that are able to pair with portable electronic device[s]."  2014 WL 2892285, at *7.  The Complaint's allegations are similarly deficient because they fail to specify ***how*** the "activities of [the Defendants] actually induced third-parties to infringe the Asserted Patents."  *Id.*; *see also U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.,* 2013 WL 8482270, at *5 (E.D. Tex. Mar. 6, 2013) (dismissing induced infringement claim because the complaint's allegations—that the defendant supplies "infringing systems and components to [its] customers;" and that defendant's "customers who purchase systems and components thereof and operate such systems and components thereof in accordance with [defendant's] instructions directly infringe one or more claims"—amounted to

"naked assertions devoid of further factual enhancement" that were insufficient to create a reasonable inference of intent to induce infringement); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015) (dismissing induced infringement claims because the complaint failed "to allege any facts identifying, even at a basic level . . . how the instructions direct customers to use those products in an infringing manner, [and] falls short of satisfying Rule 8's notice requirement."). As such, these allegations are insufficient to plausibly plead intent to induce infringement.

Beyond these minimal allegations, the Complaint makes conclusory assertions that merely parrot the claim elements against all of the Defendants lumped together. Compl. ¶¶ 49 ("On information and belief, Defendants have been and are inducing infringement of the '457 patent by actively and knowingly inducing others (including each other) to make, have made, use, sell, offer for sale, or import the infringing immersion cooling systems and tank modules that embody or use the invention claimed in the '457 patent in violation of 35 U.S.C. § 271(b)"), 60 ("On information and belief, Defendants have been and are inducing infringement of the '446 patent by actively and knowingly inducing others to make, have made, use, sell, offer for sale, or import the infringing immersion cooling systems and tank modules that embody or use the invention claimed in the '446 patent in violation of 35 U.S.C. § 271(b)"). These allegations are legally insufficient. *See, e.g.*, *Iron Oak Techs., LLC v. Acer Am. Corp.*, 2017 WL 9477677, at *1 (W.D. Tex. Nov. 28, 2017) ("A pleading that offers 'labels and conclusions, 'naked assertion[s] devoid of 'further factual enhancement,' or 'a formulaic recitation of the elements of a cause of action' will not suffice.").

In sum, the Complaint fails to adequately plead knowledge of infringement by any of the Defendants because it fails to explain ***how*** the Rhodium Defendants' immersion cooling systems are similar to the immersion cooling system at issue in the Immersion Systems Litigation.

Moreover, the Complaint's "generalized allegations" that the Defendants intended to induce others to infringe the Asserted Patents because Defendants provided "directions, instruction and designs" to others for use of or to manufacture the Rhodium Defendants' immersion cooling systems are insufficient. *See Affinity Labs*, 2014 WL 2892285, at *7; *see also Affinity Labs of Texas, LLC v. Blackberry Ltd.*, 2014 WL 12551207, at *5 (W.D. Tex. Apr. 30, 2014) (Unsubstantiated assertions "that [defendant] 'encouraged and is encouraging' its customers to infringe . . . 'by marketing and selling' its devices . . . do not adequately support the more demanding specific intent requirement" for induced infringement because the complaint "does not specify how the marketing and selling activities of [the defendant] actually induced third-parties to infringe the [asserted patent]."); *U.S. Ethernet Innovations, LLC*, 2013 WL 8482270, at *5; *Iron Oak Techs., LLC*, 2017 WL 9477677, at *1; *Core Wireless Licensing*, 2015 WL 4910427, at *4.  Accordingly, the Complaint's induced infringement claims should be dismissed.

### F.      The Complaint Fails to Adequately Plead Either Willful Infringement or Enhanced Damages

As with the Complaint's induced infringement claims, Plaintiff's claims for willful infringement and enhanced damages are grounded in facially insufficient allegations.  ***First***, the Complaint does not adequately plead willful infringement.   While the Complaint alleges knowledge of the Asserted Patents—as discussed above, *supra* Section IV.E—the Complaint fails to sufficiently allege that Defendants knew or should have known their conduct amounted to infringement—an essential element of willful infringement.  *See Monolithic Power,* 2021 WL 3931910, at *5.  Rather than pleading such factual allegations, the Complaint merely jumps to the (incorrect) conclusion that the Defendants had actual notice of infringement of the Asserted Patents because of allegations of infringement Midas made against a third party's product in the Immersion Systems Litigation.  *See supra* Section IV.E; Compl. ¶¶ 30, 34, 39, and 41.  Such conclusory

statements are not sufficient to plead willful infringement, especially when the very document the Complaint relies on states that Rhodium Enterprises, Inc. "believe[s] that the patents in suit in the Midas/Immersion Lawsuit are invalid, and in any case that ***none of our liquid cooling technology would infringe upon the claims of such patents***."[12]  *See* Compl. ¶ 40; Nichols Decl., Ex. A at 29; *U.S. Ethernet Innovations, LLC*, 2013 WL 8482270, at *5 (dismissing willful infringement claim because allegations that "Defendants have had actual or constructive knowledge of the [Patent], yet continue to infringe said patent" and that "[t]he infringement of the [Patent] by Defendants is willful and deliberate" were "conclusory assertion[s]" that, without more, are insufficient to plead willful infringement); *see also Meetrix IP, LLC v. Cisco Sys., Inc.*, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (granting motion to dismiss because the complaint's threadbare recital of the elements of willfulness supported by mere conclusory statements did not suffice).  Therefore, the Complaint's conclusory allegations of both knowledge of infringement and willful infringement are inadequate and Midas's willful infringement claims should be dismissed.[13]

***Second***, the Complaint does not sufficiently plead Midas's entitlement to enhanced damages.  Enhanced damages under 35 U.S.C. § 284 "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior," namely, conduct that is "willful, wanton, malicious, bad-faith, deliberate,

---

[12]   For this same reason, the Complaint's allegation that each of the Defendants are "well aware of their infringement" of the Asserted Patents based on the filing of the instant suit, (Compl. ¶ 41), fails to plausibly plead knowledge of infringement necessary for willful infringement.

[13]   The Complaint's claims for willful infringement should also be dismissed because, as discussed above, *supra* Sections IV.A and IV.E, the Complaint fails to state a claim for direct or induced infringement of any of the asserted patents against any Defendant.  Absent a properly pleaded claim for infringement, a claim for willful infringement cannot stand.  *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1143 (N.D. Cal. 2019) ("[T]his willful infringement claim must be dismissed because a finding of direct infringement is a prerequisite for willful infringement.").

consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016).  But, the Complaint makes no allegations that plausibly show Defendants have engaged in egregious conduct.  Giving Midas the benefit of the doubt, the Complaint at most alleges that the Defendants continued their business in the same manner they had done before they became aware that another company's products allegedly infringed the Asserted Patents.  This falls far short of the sort of egregious conduct required for enhanced damages.  Indeed, it amounts to nothing more than a generic—and deficient—description of a "garden-variety" patent case where claims for enhanced damages based on willful infringement are routinely dismissed.  *See, e.g., M & C Innovations, LLC v. Igloo Prods. Corp*., 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (dismissing claims and refusing to conclude that the defendant continuing to manufacture the allegedly infringing product was sufficient because "this post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint.").

Because the Complaint fails to adequately allege elements necessary to state a claim for willful infringement and enhanced damages, both claims should be dismissed.

## V.    CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant this motion to dismiss.

DATED: March 28, 2022                    Respectfully submitted,


/s/ Benjamin A. Herbert

Benjamin A. Herbert (*Admitted Pro Hac Vice*)
California State Bar No. 277356
KIRKLAND & ELLIS LLP
555 S. Flower St.
Los Angeles, CA 90071
Telephone:  (213) 680-8400
Facsimile: (213) 680-8500

benjamin.herbert@kirkland.com

Gianni Cutri (*Pro Hac Vice Pending*)
Illinois State Bar No. 6272109
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
gianni.cutri@kirkland.com

Kat Li
State Bar No. 24070142
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone:  (512) 678-9100
Facsimile:  (512) 678-9101
kat.li@kirkland.com

*Attorneys for Defendants*
*Rhodium Enterprises, Inc., Rhodium*
*Technologies LLC, Rhodium 10mw LLC,*
*Rhodium 2.0 LLC, Rhodium 30mw LLC,*
*Rhodium Encore LLC, Rhodium Industries*
*LLC, Rhodium JV LLC, Rhodium Renewables*
*LLC, Rhodium Shared Services LLC,*
*Rhodium Shared Services PR Inc., Chase*
*Blackmon, Cameron Blackmon, and Nathan*
*Nichols*

CERTIFICATION OF COMPLIANCE

Pursuant to Standing Order Governing Proceedings (OGP) 4.0 - Patent Cases, I hereby certify that the foregoing DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT has been prepared and filed in compliance with OGP issued on March 7, 2022.  Specifically, pursuant to Section VI, the parties met and conferred to discuss dismissing the allegations of induced infringement and willful infringement without prejudice, but counsel for Plaintiff declined to dismiss those allegations.  This document was served via the Court's ECF system upon all counsel of record.

Kirkland & Ellis LLP

*/s/ Benjamin A. Herbert*
Benjamin A. Herbert (*Admitted Pro Hac Vice*)
California State Bar No. 277356
KIRKLAND & ELLIS LLP
555 S. Flower St.
Los Angeles, CA 90071
Telephone:  (213) 680-8400
Facsimile: (213) 680-8500
benjamin.herbert@kirkland.com