UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**,<br><br>Plaintiff,<br><br>- vs. -<br><br>**Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC**;<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Industries LLC**;<br>**Rhodium JV LLC**;<br>**Rhodium Renewables LLC**;<br>**Rhodium Shared Services LLC**;<br>**Rhodium Shared Services PR Inc.**;<br>**Chase Blackmon;**<br>**Cameron Blackmon;** and<br>**Nathan Nichols**,<br><br>Defendants. | Civil Action No. 6:22-cv-00050-ADA<br><br>**Jury Trial Demanded** |

## JOINT MOTION FOR ENTRY OF AGREED SCHEDULING ORDER

Pursuant to the Court's Standing Order Governing Proceedings (OGP) 4.1—Patent Cases (Dkt. 43), Plaintiff Midas Green Technologies, LLC and Defendants Rhodium Enterprises, Inc.; Rhodium Technologies LLC; Rhodium 10mw LLC; Rhodium 2.0 LLC; Rhodium 30mw LLC; Rhodium Encore LLC; Rhodium Industries LLC; Rhodium JV LLC; Rhodium Renewables LLC; Rhodium Shared Services LLC; Rhodium Shared Services PR Inc.; Chase Blackmon; Cameron Blackmon; and Nathan Nichols (*i.e.,* all Defendants) hereby provide their agreed proposed case schedule and respectfully request that the Court enter it:

1

| Deadline | Item |
|---|---|
| April 11, 2022 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. [2] |
| April 18, 2022 | CMC deemed to have occurred. |
| May 2, 2022 | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| May 9, 2022 | Deadline to file a motion for inter-district (or intra-district)[3] transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| June 17, 2022 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

[2] With respect to the identification of the earliest priority date (*i.e.*, the earliest date of invention) Plaintiff shall follow the Court's statements in *Sratosaudio Inc. v. Hyundai Motor Am.*, Case No. 6:20-CV-1125-ADA, Dkt. 38 at 33-34 (W.D. Tex. June 26, 2021) ("So right now you have the dates that are the preliminary dates. If the plaintiff wants to move back or front, however you want to say it, if they want to make an earlier priority date, they may be able to do so, but they'll have to get my permission, and if we do that, then it's going to -- we're going to modify other rights that you [the defendant] have."), such that if Plaintiff wishes to assert a priority date earlier than March 14, 2012, it must seek leave of Court.

[3] The Court's Exemplary Schedule (OGP 4.1) provides a deadline for the filing of inter-district transfer motions, but does not appear to address intra-district transfer motions. The Court's Scheduling Date Calculator Tool – v. 4.1, however, provides a deadline applicable to all transfer motions.

505740429.2

| Deadline | Item |
|---|---|
| June 24, 2022 | Parties exchange claim terms for construction. |
| July 7, 2022 | Parties exchange proposed claim constructions. |
| July 13, 2022 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[4] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| July 19, 2022 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| July 25, 2022 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| Aug. 15, 2022 | Plaintiff files Responsive claim construction brief. |
| Aug. 29, 2022 | Defendant files Reply claim construction brief. |
| Aug. 29, 2022 | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| Sept. 12, 2022 | Plaintiff files a Sur-Reply claim construction brief. |
| Sept. 15, 2022 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| Sept. 19, 2022 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| **Sept. 26, 2022 (Tentative)** | ***Markman*** **Hearing at 9:00 a.m.** This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |

---

[4] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Deadline | Item |
|---|---|
| Sept. 27, 2022 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| Nov. 7, 2022 | Deadline to add parties. |
| Nov. 21, 2022 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| Jan. 17, 2023 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| March 27, 2023 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| April 24, 2023 | Close of Fact Discovery. |
| May 1, 2023 | Opening Expert Reports. |
| May 30, 2023 | Rebuttal Expert Reports. |
| June 20, 2023 | Close of Expert Discovery. |
| June 26, 2023 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| July 3, 2023 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| July 17, 2023 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations).<br><br>Serve responses to dispositive motions and *Daubert* motions |

505740429.2

| Deadline | Item |
|---|---|
| July 24, 2023 | Serve replies to dispositive motions and *Daubert* motions |
| July 31, 2023 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| August 1, 2023 | Parties to jointly email the Court's law clerk (*See* OGP at 1) to confirm their pretrial conference and trial dates. |
| Aug. 7, 2023 | Serve objections to rebuttal disclosures; file Motions *in limine*. |
| Aug. 14, 2023 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| Aug. 21, 2023 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| Aug. 25, 2023 | Last court day for party asserting invalidity or non-infringement to give notice to adverse party of information set forth in 35 USC 282. |
| Sept. 1, 2023 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| Sept. 5, 2023 | **Final Pretrial Conference.** Held in person unless otherwise requested. |
| Sept. 25, 2023 (Tentative) | **Jury Selection/Trial.** |

## **CONCLUSION**

The Parties respectfully request that the Court enter the above agreed proposed schedule.

5

505740429.2

DATED: May 2, 2022                                                        Respectfully submitted,

<div style="display:flex">

<div>

/s/ Henry Pogorzelski
Henry M. Pogorzelski
Texas Bar No. 24007852
K&L GATES LLP
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Telephone: (512) 482-6800
Fax: (512) 482-6859
Henry.pogorzelski@klgates.com

Nicholas F. Lenning (*admitted p.h.v.*)
Ruby A. Nagamine (*admitted p.h.v.*)
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: (206) 370-6685
Fax: (206) 370-6006
nicholas.lenning@klgates.com

James A. Shimota  (*admitted p.h.v.*)
Gina A. Johnson  (*admitted p.h.v.*)
Benjamin E. Weed  (*admitted p.h.v.*)
K&L GATES LLP
70 WEST Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
gina.johnson@klgates.com
benjamin.weed@klgates.com

Counsel for Plaintiff
Midas Green Technologies, LLC

</div>

<div>

 /s/ Benjamin A. Herbert (by permission)
Benjamin A. Herbert (*Admitted Pro Hac Vice*)
California State Bar No. 277356
KIRKLAND & ELLIS LLP
555 S. Flower St.
Los Angeles, CA 90071
Telephone:  (213) 680-8400
Facsimile: (213) 680-8500
benjamin.herbert@kirkland.com

Gianni Cutri (*Admitted Pro Hac Vice*)
Illinois State Bar No. 6272109
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
gianni.cutri@kirkland.com

Kat Li
State Bar No. 24070142
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone:  (512) 678-9100
Facsimile:  (512) 678-9101
kat.li@kirkland.com

*Attorneys for Defendants*
*Rhodium Enterprises, Inc., Rhodium Technologies LLC, Rhodium 10mw LLC, Rhodium 2.0 LLC, Rhodium 30mw LLC, Rhodium Encore LLC, Rhodium Industries LLC, Rhodium JV LLC, Rhodium Renewables LLC, Rhodium Shared Services LLC, Rhodium Shared Services PR Inc., Chase Blackmon, Cameron Blackmon, and Nathan Nichols*

</div>

</div>

505740429.2

CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have appeared electronically in this case are deemed to have consented to electronic service and are being served on May 2, 2022 with a copy of this document via the Court's CM/ECF system.

/s/ *Henry Pogorzelski*
Henry M. Pogorzelski

505740429.2