**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **Midas Green Technologies, LLC,**<br><br>Plaintiff,<br><br>- vs. -<br><br>**Rhodium Enterprises, Inc.;<br>Rhodium Technologies LLC;<br>Rhodium 10mw LLC;<br>Rhodium 2.0 LLC;<br>Rhodium 30mw LLC;<br>Rhodium Encore LLC;<br>Rhodium Industries LLC;<br>Rhodium JV LLC;<br>Rhodium Renewables LLC;<br>Rhodium Shared Services LLC;<br>Rhodium Shared Services PR Inc.;<br>Chase Blackmon;<br>Cameron Blackmon;** and<br>**Nathan Nichols,**<br><br>Defendants. | Case No. 6:22-cv-00050-ADA<br><br>**Jury Trial Demanded**<br><br>**ORAL ARGUMENT<br>REQUESTED** |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**[1]

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| | A. The FAC Improperly Fails To Differentiate Between The Defendants | 1 |
| | B. The Court Lacks Personal Jurisdiction Over Rhodium Shared Services PR Inc. And Venue Is Improper | 5 |
| | C. Midas' Induced Infringement Claims Should Be Dismissed | 6 |
| | D. Midas' Direct Infringement Claims Against The Individual Defendants Should Be Dismissed | 9 |
| | E. Willful Infringement And Enhanced Damages Claims Should Be Dismissed | 10 |
| III. | CONCLUSION | 10 |

---

[1] All emphasis added unless otherwise noted.

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*,
  450 F. App'x 326 (5th Cir. 2011) ................................................................................................3

*Aeritas, LLC v. Darden Corp.*,
  2021 WL 4868430 (W.D. Tex. Oct. 18, 2021) ................................................................2, 4, 10

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
  2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) ..........................................................................8, 9

*BillJCo, LLC v. Apple Inc.*,
  2022 WL 299733 (W.D. Tex. Feb. 1, 2022) ...............................................................................8

*Callier v. Nat'l United Grp.*,
  2021 WL 5393829 (W.D. Tex. Nov. 17, 2021) ..........................................................................1

*Cicerchi v. Hilton Hotel Employer, LLC*,
  2021 WL 2669328 (W.D. Tex. June 22, 2021) ..........................................................................5

*Gines v. D.R. Horton Inc.*,
  867 F. Supp. 2d 824 (M.D. La. 2012) .....................................................................................5, 6

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93 (2016) ....................................................................................................................10

*HZNP Meds. LLC v. Actavis Labs. Ut, Inc.*,
  940 F.3d 680 (Fed. Cir. 2019) ....................................................................................................9

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
  2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ..............................................................2, 8, 9, 10

*Keane v. Fox Television Stations, Inc.*,
  297 F. Supp. 2d 921 (S.D. Tex. 2004), aff'd, 129 F. App'x 874 (5th Cir. 2005) ..................5, 7

*Lasslett v. Tetra Tech, Inc.*,
  2015 WL 13805125 (W.D. Tex. Feb. 20, 2015) ........................................................................1

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) ..................................................................................................9

*Monitronics Int'l, Inc. v. Skyline Security Management, Inc.*,
  2017 WL 2882624 (N.D. Tex. July 5, 2017) .............................................................................1

*Motiva Patents, LLC v. Sony Corp.*,
  408 F. Supp. 3d 819 (E.D. Tex. 2019) ..................................................................................9

*O'Malley v. Brown Brothers Harriman & Co.*,
  2020 WL 1033658 (W.D. Tex. Mar. 3, 2020) ...........................................................2, 3, 4, 10

*Synergy Drone LLC v. Parrot S.A.*,
  2018 WL 11361758 (W.D. Tex. Apr. 17, 2018) ....................................................................4

*Wapp Tech Ltd. v. Micro Focus Int'l, PLC*,
  406 F. Supp. 3d 585 (E.D. Tex. 2019) ..................................................................................3

*York v. Tropic Air Ltd.*,
  2012 WL 1077198, (S.D. Tex. Mar. 28, 2012) ......................................................................6

**I.     INTRODUCTION**

Midas' Opposition to Defendants' Motion to Dismiss the First Amended Complaint (Dkt. 48) ("the Opposition") asserts that Defendants' Motion to Dismiss the Original Complaint "was without merit." Dkt. 48 (hereinafter "Opp.") at 2. That assertion strains credibility given that Midas's First Amended Complaint ("FAC"), Dkt. 44, added more than forty paragraphs. Nevertheless, those amendments did not cure any inadequacies Defendants' previously identified because nearly all of the new allegations are based only on Midas's "information and belief" and/or are conclusory, without factual support. Such conclusory allegations devoid of necessary factual underpinnings are insufficient to plausibly support a reasonable inference that any of the Defendants are liable for any of the FAC's claims. Thus, the FAC should be dismissed, and Midas should not be given a third bite at the apple by allowing it to file another amended complaint.

**II.    ARGUMENT**

**A.     The FAC Improperly Fails To Differentiate Between The Defendants**

The law is clear, grouping defendants together and making allegations against them as a group is improper unless the complaint makes clear that "identical claims are asserted against each defendant." *Lasslett v. Tetra Tech, Inc.*, 2015 WL 13805125, at *3 (W.D. Tex. Feb. 20, 2015); *see also Monitronics Int'l, Inc. v. Skyline Security Management, Inc.*, 2017 WL 2882624, at *4 (N.D. Tex. July 5, 2017) ("Multiple defendants' conduct may be 'lumped together' if the plaintiff's allegations elsewhere designate the nature of the defendants' relationship to a particular scheme and identify the defendants' role." (citation omitted)).[2] The FAC, however, never plausibly alleges that each Defendant individually engaged in the conduct giving rise to Midas' claims.

---

[2]  Midas' attempt to distinguish *Callier v. Nat'l United Grp.*, 2021 WL 5393829, (W.D. Tex. Nov. 17, 2021), fails. Opp. at 6. The case actually involves related defendants. *Id.* at *1, *4 (complaint alleges third-party telemarketers were "subject to some control by Defendant National United" and that "[it] was working in concert with the telemarketers . . . .").

In support of its argument that the FAC does not improperly group the Defendants together, Midas relies upon just a handful of allegations. With respect to "Rhodium Enterprises and Rhodium Technologies," the Opposition relies on paragraphs 74 & 90 and 81 & 97, which make mirror image allegations concerning the Asserted Patents. Opp. at 5. With respect to the "Rhodium Operating Subsidiaries," Midas relies on paragraphs 29, which has no allegations about these entities' conduct, and paragraphs 73 and 89, which make mirror image allegations concerning the Asserted Patents. Opp. at 5.[3] For the Individual Defendants, the Opposition relies on paragraphs 14-16, which make conclusory mirror image allegations about Chase Blackmon, Cameron Blackmon, and Nathan Nichols, and on paragraph 44. None of these paragraphs put Defendants on notice that each is individually accused of the alleged conduct.

As an initial matter, with the exception of paragraph 44, these paragraphs—which make allegations about Defendants alleged conduct—are plead either on information and belief without any factual support and/or are conclusory allegations without any factual support. *See* FAC ¶¶ 14-16, 73, 74, 81, 89, 90, 97. Such allegations are not entitled to be accepted as true. *See Aeritas, LLC v. Darden Corp.*, 2021 WL 4868430, at *2 (W.D. Tex. Oct. 18, 2021) (need not consider "allegations made on information and belief" where there is no factual support as such allegations "are legal conclusions disguised as factual allegations"); *O'Malley v. Brown Brothers Harriman & Co.*, 2020 WL 1033658, at *8 (W.D. Tex. Mar. 3, 2020) (pleading based on information and belief is permissible, but that does not permit reliance on speculation and conclusory allegations); *Iron Oak Techs., LLC v. Acer Am. Corp.*, 2017 WL 9477677, at *1 (W.D. Tex. Nov. 28, 2017)

---

[3] Significantly, Midas' argument that it did not improperly group the Rhodium Operating Subsidiaries together does not cite any paragraphs from the FAC concerning its induce infringement allegations against these Defendants. As such, Midas has conceded that its induced infringement claims against the Rhodium Operating Subsidiaries are deficient.

(labels and conclusions, and naked assertions devoid of further factual enhancement are insufficient).[4]  Paragraph 44, moreover, actually calls into question the FAC's allegations against the Individual Defendants as it states that, as founders of Rhodium, they "spent the previous four years developing, testing, and collecting ***field operational data to optimize*** the application of our liquid-cooling technology to mining bitcoin."  FAC ¶ 44.  This quote does not indicate that "the Individual Defendants' participat[ed] in the infringing design."  *See* Opp. at 14.  Rather, the quote indicates that they tested and collected ***field operational data*** and that such data ***was to be used to optimize*** "the application of our liquid-cooling technology to mining bitcoin."  FAC ¶ 44.

The allegations against "Rhodium Enterprises and Rhodium Technologies" and the "Rhodium Operating Subsidiaries," moreover, do not allege that each of these Defendants individually engaged in the alleged conduct.  *See* FAC ¶¶ 73, 74, 81, 89, 90, 97.  For good reason, the FAC is premised on the allegation that Defendants "collectively operate the same bitcoin mining operation . . . ."  Opp. at 9 (citing FAC ¶ 26.); *see also* FAC ¶ 29 (alleging Defendants act as a "common enterprise").  As such, it is not plausible that each Defendant, individually, engaged in the exact same redundant conduct as part of an allegedly collective, common enterprise.

Nor is the FAC's treatment of the Rhodium Defendants as a single entity based on an alter ego theory permissible.  "[T]he corporate form should not be lightly disregarded."  *Wapp Tech Ltd. v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 595 (E.D. Tex. 2019); *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 331 (5th Cir. 2011) ("[T]he plaintiff has a heavy burden to establish a degree of control sufficient to impute the subsidiary's jurisdictional contacts

---

[4]  For this same reason, Midas' suggestion that it can permissibly plead allegations on information and belief without any factual support because the facts are within Defendants' possession, Opp. at 4-5, 9-10, is incorrect.  That circumstance does not permit Midas to rely on speculation and conclusory allegations.  *See O'Malley*, 2020 WL 1033658, at *8.

to the parent."). The FAC's allegedly "detailed factual allegations" do not meet this burden.

As an initial matter, Midas' never acknowledges, much less addresses, that in circumstances like here, where "a 'subsidiary is wholly-owned by the parent,' courts must exercise caution in inferring an alter ego relationship based on a normal parent-subsidiary relationship as in the case of a wholly-owned subsidiary, 'operating the subsidiary independently of the parent company has little practical meaning.'" *Synergy Drone LLC v. Parrot S.A.*, 2018 WL 11361758, at *4 (W.D. Tex. Apr. 17, 2018). Notwithstanding this deficiency, the allegations Midas argues support 10 of the 12 relevant factors are plead exclusively on "information and belief" devoid of actual factual support and are merely a rephrasing of the factors themselves, constituting legal conclusions masquerading as facts. *See* Opp at 7-8 (citing ¶¶ 19 (factor 2), 26 (factor 3), 23 (factor 5), 21 (factor 6), 22 (factor 7), 24 (factor 8), 27 (factor 9), 25 (factor 10), 26 (factor 11), 28 (factor 12)). Such allegations should not be considered. *Aeritas, LLC*, 2021 WL 4868430, at *2; *O'Malley*, 2020 WL 1033658, at *8. Therefore, Midas has alleged that only 2 of the relevant 12 factors are present. And, significantly, for the critical factor, under capitalization, Midas' allegation is made on information and belief without factual support. *See* Opp. at 8-9 (citing ¶ 22).

Moreover, the 2 factors based on allegations not plead entirely on information and belief, common stock ownership and consolidated financial statements, are insufficient to adequately plead that the Rhodium Defendants are alter egos. *See Synergy Drone LLC*, 2018 WL 11361758, at *4. Indeed, the actual evidence the FAC relies on to support its allegation that the Rhodium Defendants have consolidated financial statements, Opp. at 7 (citing ¶ 19), contradicts that allegation because the SEC filing indicates that the filing represents a departure from the actual organization of the entities' financial statements. *See* Dkt. 45-1 at 240, 269. Thus, Midas' allegation based on its interpretation of the filing is not "plausible" and should not be accepted as

true.  *See Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 925 (S.D. Tex. 2004), aff'd, 129 F. App'x 874 (5th Cir. 2005) (not required to accept as true conclusory allegations which are contradicted by documents referenced in the complaint).  Because the FAC impermissibly groups all of the Defendants together, it does not adequately plead any claims and should be dismissed.

> **B.** **The Court Lacks Personal Jurisdiction Over Rhodium Shared Services PR Inc. And Venue Is Improper**

Midas argues that the Court has personal jurisdiction over Rhodium Shared Services PR Inc. ("Rhodium PR") and that venue is proper in this district based on an alter ego theory.  As discussed above, Midas has not adequately alleged that the Rhodium Defendants are alter egos, so venue is not proper and this Court lacks personal jurisdiction over Rhodium PR based on that theory.  With respect to ***only*** personal jurisdiction, alternatively, Midas argues that this Court has jurisdiction over Rhodium PR based on its contacts with Texas.  Not so.

First, the FAC does not allege Midas' patent infringement claims arise out of or relate to Rhodium PR's alleged contacts with Texas.  For this reason alone, the FAC does not plead a *prima facia* case of specific personal jurisdiction.  *Cicerchi v. Hilton Hotel Employer, LLC*, 2021 WL 2669328, at *2 (W.D. Tex. June 22, 2021) (granting motion to dismiss because the complaint's "conclusory allegations fail[ed] to connect Defendants with this forum and [its] claims.").  Second, Midas completely ignores the declaration of Nathan Nichols, which establishes that, contrary to Midas' allegations made on "information and belief," FAC ¶ 33, Rhodium PR does not conduct business anywhere in Texas, has no contacts with Texas, does not have—and never had—any employees, agents, or consultants, and it was created for use only after Rhodium Enterprises Inc.'s IPO, which has been postponed.  *See* Dkt. 45-1 ¶¶ 3-5.  Given this declaration, Midas has failed to establish a *prima facia* case that this Court has general jurisdiction as there are no constant and pervasive contacts with Texas to justify such jurisdiction.  *Gines v. D.R. Horton Inc.*, 867 F. Supp.

5

2d 824, 830-31 (M.D. La. 2012) ("In deciding motions to dismiss for lack of jurisdiction, plaintiff's jurisdictional allegations (in either the complaint or an affidavit) must be taken as true unless plaintiff fails to make affidavit assertions that controvert defendant's affidavit assertions.").

In light this declaration, moreover, the only remaining alleged contacts between Rhodium PR and Texas are two unexecuted "Texas agreements," Opp. at 13 (citing FAC ¶ 33), which, ***only if executed***, would provide "for mandatory arbitration of disputes in Texas, venue for legal proceedings to be held in Texas, and interpretation of its provisions under Texas law," and under which Rhodium PR would act "for the benefit of its corporate parents and affiliates—who are Texas-based entities." *Id.*; *see also id.* ("Rhodium PR negotiated these Texas contracts, attached [them] to Rhodium's public SEC filings, and [it] and the other Defendants intend to operate under them."). Midas cites to no case law supporting either specific personal jurisdiction or general jurisdiction based on such "contacts." Indeed, in *York v. Tropic Air Ltd.*, 2012 WL 1077198, (S.D. Tex. Mar. 28, 2012), which Midas relies upon, personal jurisdiction existed where the defendant had extensive contacts with Texas—24 categories of contacts—including actually "enter[ing] into approximately 25–30 contracts with Texas businesses and individuals." *Id.* at *3-*5. No such contacts are present here, so jurisdiction is not proper. *See Gines*, 867 F. Supp. 2d at 830-31 (no personal jurisdiction where the defendant "renders no services, conducts no business, has no employees, owns no real property and maintains no bank accounts" in the forum state). Thus, Rhodium PR is not subject to personal jurisdiction in this Court and Venue is not proper as Rhodium PR is incorporated in Puerto Rico and exists only on paper.

### C. Midas' Induced Infringement Claims Should Be Dismissed

Midas' induced infringement claims should be dismissed because the FAC fails to plausibly plead that any Defendant (1) knew or should have known that its acts would result in infringement by another party; or (2) specifically intended to induce infringement.

6

***No knowledge of infringement.*** Midas' theory that Defendants possessed knowledge of infringement is premised upon the Rhodium Defendants' product being "materially identical" to the products at issue in the Immersion Systems Litigation. Opp. at 15-16. Critically, however, the FAC never alleges that the Rhodium Defendants' product is "materially identical" to the products at issue there. Rather, the FAC alleges that the products either "appear to be materially identical" or photos "appear to suggest" the products are materially identical. FAC ¶¶ 57, 58. By alleging only that the Rhodium Defendants' product "appears to" be materially identical, the FAC fails to even allege, much less plausibly, that the products are materially identical such that Defendants knew or should have known that the Rhodium Defendants' product infringes.

The products, moreover, do not appear to be materially identical. *Compare* FAC ¶ 49 (tank with a long bar) *with id.* ¶ 57 (tank without the long bar). Contrary to Midas' assertion, to plausibly plead knowledge of infringement, the ***FAC***, not Defendants, needed to explain how this visible "difference is [not] material to infringement of the patents . . . ." *See Keane*, 297 F. Supp. 2d at 925. Nor does "Midas' allegation that the two products are materially identical" need to "be accepted as true." Opp. at 17. First, there is no such allegation in the FAC. Second, because the actual allegation that the products "appear to be" materially the same is contradicted by a comparison of the actual images in the FAC, the allegation should be disregarded. *See id*.

Nor is Defendants' argument based on the SEC filing "absurd." *See* Opp. at 17.[5] Midas concedes that a defendant's reasonable belief that it does not infringe is a defense to inducement. *Id.* Nevertheless, Midas relies upon a document to allege knowledge of infringement that actually indicates that Defendants did not believe their product infringes. The FAC never alleges that this

---

[5] Defendants did not argue their belief that the Asserted Patents are invalid is a defense to inducement. *See* Opp. at 18.

belief is unreasonable. As such, the FAC does not plausibly plead knowledge of infringement.[6]

***No intent to induce.*** Midas asserts that two categories of activities support the "inference" that Defendants specifically intended to induce infringement. Opp. at 17-18 (citing FAC ¶¶ 80-82, 96-98). Not so. With respect to the first—Midas' allegation based on Defendants allegedly providing designs and instructions to third parties and each other, (FAC ¶¶ 80, 81, 96, 97)—these allegations are deficient because they fail to specify ***how*** the designs and instructions induced others to infringe as the FAC fails to include references to any specific designs or instructions. *See Affinity Labs of Texas, LLC v. Blackberry Ltd.*, 2014 WL 12551207, at *5 (W.D. Tex. Apr. 30, 2014); *see also BillJCo, LLC v. Apple Inc.*, 2022 WL 299733, at *7-*8 (W.D. Tex. Feb. 1, 2022) (intent to induce infringement adequately plead where the complaint referenced exemplary guides from Apple's developer website, infringement charts appended to the complaint "map[ped] limitations to, in most instances, instructions from Apple-authored documentation," and the complaint "specifically referenced disclosures Apple personnel made at Apple's 2013 developers' conference."). These allegations, moreover, are nothing more than threadbare, conclusory assertions without factual support that are insufficient to plead specific intent to induce infringement. *See Iron Oak*, 2017 WL 9477677, at *1, *5-*6. The same is true of the second category—Midas' allegation that Rhodium Enterprises, Inc., Rhodium Technologies LLC and the Individual Defendants allegedly directed and controlled "the infringing activities of the Rhodium Operating Subsidiaries," (FAC ¶¶ 82, 89)—Midas asserts supports the "inference" that they specifically intended to induce infringement. Opp. at 17-18. These allegations are insufficient as

---

[6] Nor would this outcome "eviscerate the induced infringement doctrine" because Midas chose to rely on the SEC filing to plead knowledge of infringement. It could have not done so. Or, it could have alleged that Defendants' stated belief was not reasonable. As such, this outcome is narrowly dictated by Midas' reliance on this specific document.

they are conclusory without factual support. *See Iron Oak*, 2017 WL 9477677, at *1, *5-*6.

Midas' reliance on *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. 2019), moreover, does not compel a different result. Opp. at 18-19. There, the plaintiff plead that "[d]efendant is aware that the normal and customary use of the accused products by [d]efendant's customers would infringe the [Asserted Patent]." *Id.* at 825-26. Given this allegation, which the defendant did not not challenge as insufficient, specific references to instruction manuals or instructions to customers, or specific content of advertisements were not necessary to adequately plead specific intent to induce infringement. *Id.* The FAC does not make a similar allegation, so it is not plausible that providing *any* designs or instructions, or directing or controlling *any* activity would give rise to the plausible inference of intent to induce infringement because not all such activities would result in third-party infringement. *See HZNP Meds. LLC v. Actavis Labs. Ut, Inc.*, 940 F.3d 680, 701-702 (Fed. Cir. 2019) (no specific intent to induce infringement where not all third parties who follow the instructions will infringe); *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017) (adequately plead specific intent to induce infringement where the complaint alleged that defendant assisted in or directed the installation of exactly the same type of seal as described in the patent and "the seals have no noninfringing use.") Rather, to adequately plead specific intent to induce infringement, Midas must reference specific designs or instructions; the FAC's bare assertion that the designs and instructions give rise to infringement is insufficient. *See Affinity Labs of Texas, LLC*, 2014 WL 12551207, at *5; *Iron Oak*, 2017 WL 9477677, at *1. Midas failed to do so, therefore, its induced infringement claims should be dismissed.

> **D.    Midas' Direct Infringement Claims Against The Individual Defendants Should Be Dismissed**

The Opposition makes clear that Midas' allegations that the Individual Defendants directly infringed are based only on their alleged personal acts. Opp. at 13-14 (citing FAC ¶¶ 14-16, 44).

For the reasons explained above, *supra* Section II.A, the FAC does not adequately plead that the Individual Defendants are liable for direct infringement. First, the FAC's allegations that the Individual Defendants "helped design and develop" Rhodium's product, FAC ¶¶ 14-16, are plead on information and belief without any factual support, and, therefore, are not entitled to be accepted as true. *See Aeritas, LLC*, 2021 WL 4868430, at *2; *O'Malley*, 2020 WL 1033658, at *8. Second, paragraph 44, calls into question the FAC's allegations in paragraphs 14-16, and it does not establish that the Individual Defendants "helped design and develop" Rhodium's product. Thus, the direct infringement claims against the Individual Defendants should be dismissed.

### E. Willful Infringement And Enhanced Damages Claims Should Be Dismissed

Midas' claims for willful infringement and enhanced damages should be dismissed. With respect to willful infringement, as discussed above, *supra* Section II.C, the FAC fails to sufficiently allege that Defendants knew or should have known their conduct amounted to infringement—required for willful infringement. *See* Dkt. 45 at 23-24. With respect to enhanced damages, absent the FAC's allegations premised upon knowledge of infringement, FAC ¶¶ 100, 103, the remaining allegations Midas argues establish that Defendants engaged in egregious conduct are baseless, conclusory allegations without any factual support, which should not be accepted as true. *See* Opp. at 21 (citing FAC ¶ 101); *Iron Oak*, 2017 WL 9477677, at *1. Because egregious conduct is required for enhanced damages, Midas' failure to adequately plead it warrants dismissal.[7] *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016).

### III. CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant this motion to dismiss.

---

[7] Defendants never argued for dismissal of Midas' claim for willful infringement because it failed to plead egregious conduct, only for the claim for enhanced damages. Dkt. 45 at 24-25.

10

DATED: May 23, 2022												Respectfully submitted,

							 /s/ Benjamin A. Herbert		

							Benjamin A. Herbert (*Admitted Pro Hac Vice*)
							California State Bar No. 277356
							KIRKLAND & ELLIS LLP
							555 S. Flower St.
							Los Angeles, CA 90071
							Telephone: (213) 680-8400
							Facsimile: (213) 680-8500
							benjamin.herbert@kirkland.com

							Gianni Cutri (*Admitted Pro Hac Vice*)
							Illinois State Bar No. 6272109
							KIRKLAND & ELLIS LLP
							300 N. LaSalle
							Chicago, IL 60654
							Telephone:  (312) 862-2000
							Facsimile:  (312) 862-2200
							gianni.cutri@kirkland.com

							Kat Li
							State Bar No. 24070142
							KIRKLAND & ELLIS LLP
							401 Congress Avenue
							Austin, TX 78701
							Telephone:  (512) 678-9100
							Facsimile:  (512) 678-9101
							kat.li@kirkland.com

							*Attorneys for Defendants Rhodium Enterprises, Inc., Rhodium Technologies LLC, Rhodium 10mw LLC, Rhodium 2.0 LLC, Rhodium 30mw LLC, Rhodium Encore LLC, Rhodium Industries LLC, Rhodium JV LLC, Rhodium Renewables LLC, Rhodium Shared Services LLC, Rhodium Shared Services PR Inc., Chase Blackmon, Cameron Blackmon, and Nathan Nichols*

## CERTIFICATION OF SERVICE

I, Benjamin A. Herbert, do hereby certify that on May 23, 2022, a true and correct copy of the foregoing DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT was filed with the Clerk of the Court using the Court's ECF System, which will automatically send notification to all counsel of record.

/s/ Benjamin A. Herbert
Benjamin A. Herbert (*Admitted Pro Hac Vice*)
California State Bar No. 277356
KIRKLAND & ELLIS LLP
555 S. Flower St.
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
benjamin.herbert@kirkland.com