IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC,**<br><br>Plaintiff,<br><br>- vs. -<br><br>**Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC**;<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Industries LLC**;<br>**Rhodium JV LLC**;<br>**Rhodium Renewables LLC**;<br>**Rhodium Shared Services LLC**;<br>**Rhodium Shared Services PR Inc.**;<br>**Chase Blackmon;**<br>**Cameron Blackmon;**<br>**Nathan Nichols;**<br>**Rhodium 2.0 Sub LLC;**<br>**Rhodium Encore Sub LLC;**<br>**Rhodium Renewables Sub LLC;**<br>**Rhodium Steady Ventures LLC;**<br>**Rhodium 10MW Sub LLC;**<br>**Rhodium 30MW Sub LLC;**<br>**i Ventures Enterprises LLC (fka Energy Tech LLC);**<br>**Air HPC LLC;**<br>**Jordan HPC LLC;** and<br>**Jordan HPC Sub LLC.**<br><br>Defendants. | Civil Action No. 6:22-cv-00050-ADA<br><br>**Jury Trial Demanded** |

## DISCOVERY ORDER

Plaintiff Midas Green Technologies, LLC ("Plaintiff" or "Midas") and Defendants Rhodium Enterprises, Inc.; Rhodium Technologies LLC; Rhodium 10mw LLC; Rhodium 2.0 LLC; Rhodium 30mw LLC; Rhodium Encore LLC; Rhodium Industries LLC; Rhodium JV LLC;

1

Rhodium Renewables LLC; Rhodium Shared Services LLC; Rhodium Shared Services PR Inc.; Chase Blackmon; Cameron Blackmon; Nathan Nichols, Rhodium 2.0 Sub LLC; Rhodium Encore Sub LLC; Rhodium Renewables Sub LLC; Rhodium Steady Ventures LLC; Rhodium 10MW Sub LLC; Rhodium 30MW Sub LLC; i Ventures Enterprises LLC (fka Energy Tech LLC); Air HPC LLC; Jordan HPC LLC; and Jordan HPC Sub LLC (collectively, "Defendants") raised the following discovery dispute with the Court by email submission on November 3, 2022.

### **Defendants' Position**

Despite alleging that eleven products practice the Asserted Claims, Midas refuses to provide claim charts for nine products, insisting that Defendants can only have "representative charts" for two of these products. Midas' objections fail.

Midas concedes the relevance of this information by providing three charts for products it asserts practice the Asserted Claims. But, Midas must explain how each of its products practice each Asserted Claim on an element-by-element basis as it bears the burden on proving lost profits and secondary considerations, two key disputed issues. *See RTC Indus. v. Fasteners for Retail*, Inc., No. 17 CV 3595, Dkt. 188 at 3 (N.D. Ill. Aug. 19, 2020) (rejecting Plaintiff's attempt to provide only contention without disclosing any basis because it only provides "the 'what'" and not "the 'how' … that would allow [Defendant] to understand and test the contention.").

Midas asserts the charts it provided are "representative." Not so. They do not even chart each Asserted Claim, and Midas confirmed that it wants to produce additional charts for other products it has already concluded practice the Asserted Claims, including in the event that the charted products are found not to practice the Asserted Claims. And importantly, many of the limitations in the "representative" charts do not map to any functionality in the other allegedly practicing products, including "control facility," "tightly co-located module," "circulation

facilities," etc, making it impossible for Defendants to determine how the uncharted products practice the Asserted Claims. Midas cannot simply declare its charts "representative" to gloss over instances where its products do not practice the claims. Only by providing complete charts for all of its allegedly practicing products can Defendants understand and rebut Midas' contention. Midas' suggestion to provide Defendants with documents about its products' functionality and force Defendants to guess how more than 30 disputed limitations are met has repeatedly been rejected. *PersonalWeb Techs., LLC v. Google, Inc.*, 2014 WL 4088201, at *5 N.D. Cal.) (merely providing source code and deposition testimony on practicing products not an "adequate substitute" for limitation-by-limitation chart); *Volumetrics Med. Imaging, L.L.C. v. Toshiba Am. Med. Sys., Inc.*, 2011 WL 2600718, at *5 (M.D.N.C.) ("cryptic references to parts and to the titles and bates-stamps of documents produced in discovery" inadequate).

Midas also argues it should be entitled to defer answering this interrogatory until expert discovery. But *StratosAudio* is not applicable here, as the court *overruled* plaintiff's objections to the interrogatory, which pertained to prior art.

Nor is there undue burden. Midas has full access to its products, has already analyzed them, and has itself insisted that they are "duplicative," such that providing that analysis is simple. *See RTC* ("[Plaintiff] cannot stake out a broad contention, asserting that its products or those of its licensees embody more than 50 patent claims, and then complain about the burden of providing relevant information about the contention that it has staked out.").

**Requested Relief:** The Court should overrule Midas' objections and order Midas to describe each contention that any Midas product practices any Asserted Claims of the Patents-in-Suit on a claim-by-claim and element-by-element basis for each product.

## Plaintiff's Position

<u>Issue for Decision</u>: May a patent owner, making multiple products under its patent, respond to a contention interrogatory with representative claim charts?

Midas provided three representative charts for its products that practice the Asserted Claims. Midas agreed to produce documents describing these products. This gives Defendants more than enough information to assess Midas' contention. Creating separate claim charts for each Midas product is overly burdensome and disproportionate to the needs of this case, particularly where Defendants fail to identify any differences between Midas' products, and the issue at stake is of low importance.

*First*, Plaintiff's contentions, regarding how its products practice its patents, is not an issue of particular importance at this time. Such contentions are typically addressed in expert reports. Accordingly, Midas understands the Court's usual practice is to allow a party to defer answering such interrogatories until the corresponding expert report is due. *See StratosAudio, Inc. v. Volvo Cars USA, LLC*, No. 6:22-cv-1129-ADA, 2022 WL 1261651, at *3 (W.D. Tex. Apr. 28, 2022).

Midas did not "concede" relevance, nor waive its burdensomeness and proportionality objections, by providing representative charts. The charts had been prepared for a prior litigation.

Defendants' request for at least eleven separate, duplicative claim charts is the epitome of disproportionate. Midas makes two categories of products—systems for servers and systems for crypto miners. Midas provided charts for two of its server products, and one chart for its crypto products. Separately, Midas agreed to produce documents responsive to RFP 15, which seeks documents relating to Midas products that it contends embody the Asserted Patents. Together, this is more than sufficient for Defendants to assess Midas' contention that its products practice the Asserted Claims. Midas should not be forced to waste time creating numerous claim charts, which

will duplicate the representative charts already provided. This Court permits representative charts for the highly relevant issue of infringement contentions. *See, e.g., ITG v. Zynga, Inc.,* 2022 WL 606719 at *2 (W.D. Tex. Mar. 1, 2022)). It should permit representative charts for issues of lower importance.

Defendants' cases are inapposite. None speak to the issue of whether it is unduly burdensome and disproportionate to produce *additional* claim charts for *each* product, beyond representative charts already produced. Instead, the cases involve plaintiffs who failed to produce *any* adequate claim charts representative of their contentions. *See RTC Indus. v. Fasteners for Retail, Inc.*, No. 17 CV 3595, Dkt. 188 at 2 (N.D. Ill. Aug. 19, 2020) (plaintiff refused to provide any claim chart); *PersonalWeb Techs., LLC v. Google, Inc.*, 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19, 2014) (same) *Volumterics Med. Imaging, L.L.C. v. Toshiba Am. Med. Sys., Inc.*, 2011 WL 2600718, at *6 (M.D.N.C. June 29, 2011) (claim chart not sufficiently detailed). Here, Midas' exemplary claim charts provide Defendants with the necessary information.

Defendants' complaint that the exemplary claim charts do not chart all Asserted Claims is disingenuous. Two of the three exemplary charts do address all independent Asserted Claims. Moreover, the technology here is not particularly complex.

**Relief**: The Court should deny Defendants' request in its entirety. The Court should rule that Midas need not supplement its response to ROG 4, including that Midas need not provide claim charts for each and every Midas product it contends practices the Asserted Claims.

# **ORDER**

On November 7, 2022, the Court held a video conference to resolve the parties' discovery dispute. Having considered the parties' submissions and oral arguments, the Court GRANTS-IN-PART and DENIES-IN-PART Plaintiffs' Requested Relief and ORDERS the following:

1. The Court will permit Midas to rely upon representative charts, in the way that plaintiffs in this District may rely upon representative charts for infringement contentions. To the extent Midas alleges a product is representative of its other products, Midas shall provide a chart for each such representative product it contends practices the Asserted Claims, and Midas need not provide an additional chart(s) for the other products for which Midas contends that the representative product is representative. Additionally, to the extent Midas wants to rely on representative products practicing multiple Asserted Claims, it must chart each Asserted Claim that Midas contends the representative product practices and must identify each uncharted product that the representative product chart is representative of, and state, for each uncharted product, which claim(s) each uncharted product is alleged to practice. Midas must provide its representative product chart by December 2, 2022.

2. Regardless of whether a product is charted, Midas shall provide relevant discovery concerning all products it contends practice the Asserted Patents.

So ORDERED this 29th day of November, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE