UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**; | |
| **Rhodium Technologies LLC**; | |
| **Rhodium 10mw LLC**; | |
| **Rhodium 2.0 LLC**; | |
| **Rhodium 30mw LLC**; | |
| **Rhodium Encore LLC**; | |
| **Rhodium Industries LLC**; | |
| **Rhodium JV LLC**; | |
| **Rhodium Renewables LLC**; | |
| **Rhodium Shared Services LLC**; | |
| **Rhodium Shared Services PR Inc.**; | |
| **Chase Blackmon**; | |
| **Cameron Blackmon**; | |
| **Nathan Nichols**; | |
| **Rhodium 2.0 Sub LLC**; | |
| **Rhodium Encore Sub LLC**; | |
| **Rhodium Renewables Sub LLC**; | |
| **Rhodium Ready Ventures LLC**; | |
| **Rhodium 10MW Sub LLC**; | |
| **Rhodium 30MW Sub LLC**; | |
| **i Ventures Enterprises LLC (fka Energy Tech LLC)**; | |
| **Air HPC LLC**; | |
| **Jordan HPC LLC**; and | |
| **Jordan HPC Sub LLC**. | |
| Defendants. | |

**PLAINTIFF'S OPPOSED MOTION TO MODIFY SCHEDULING ORDER**

## Introduction

Discovery opened in this case August 1st, 2022. Midas served its initial discovery requests more than three months ago on September 6th. And discovery closes in four months on April 24th, 2023. And yet, aside from **thirty** technical documents produced by the Rhodium Defendants pursuant to the Court-ordered deadline, Defendants have produced no documents in response to Midas' discovery requests. In contrast, Midas has produced thousands of documents in this case and in fact substantially completed its document productions some time ago. Defendants' refusal to timely provide discovery is prejudicing Midas' ability to prepare its case. Defendants also have ignored Midas' numerous requests to meet and confer.

Over the past month, Midas has repeatedly asked Defendants to provide information as to when they will produce documents. In response, Defendants asked that Midas propose a mutual date for substantial completion of document productions. Midas obliged and, on December 8, proposed January 6, 2023 as the mutual deadline. At that time, Midas asked that Defendants provide their availability to meet and confer if that was not acceptable. Defendants did not respond until December 15, refused Midas' proposal, did not make a counter-proposal, did not provide their availability to meet and confer, and instead raised numerous other discovery issues. Specifically, Defendants insisted that the mutual date include email discovery, the scope of which the parties have not even completed negotiations on, but did not propose a date. That same day, Midas responded again asking Defendants to provide their availability to meet and confer, stating that Midas intended to file a motion with the Court to add the January 6, 2023 deadline to the scheduling order. Defendants have not responded to the request to meet and confer.

Midas respectfully requests that the Court modify the Scheduling Order to add a January 6, 2023 deadline for the parties to substantially complete document productions and exchange privilege logs. Such a deadline is needed to avoid further prejudice to Midas given Defendants' refusal to produce documents, refusal to provide any information about their intended timing for such productions, and refusal to meet and confer pursuant to L.R. CV-7(g).

## Factual Background

The Court entered the Amended Scheduling Order in this case on July 27, 2022. Dkt. 54. Under the Amended Scheduling Order, fact discovery opened on August 1, 2022 and closes on April 24, 2023—in just over four months. To date, Rhodium[1] has produced a total of 162 documents via productions on June 17, 2022 and August 15, 2022.[2] Decl. of Nicholas F. Lenning ISO Pl.'s Opposed Mot. to Modify Scheduling Order ("Lenning Decl.") ¶ 3. Of these, *only 30* are not either prior art or captures of publicly available materials. *Id.* ¶ 4. *None* were produced in response to Midas' discovery requests, which were served on September 6, 2022—more than three months ago. The Individual Defendants[3] have produced *zero* documents to date. *Id.* ¶ 5.

On numerous prior meet and confers on other issues, counsel for Midas has asked when Defendants intend to produce documents and received no information. On November 19, 2022, Midas emailed Defendants regarding Defendants' failure to produce documents, and asked that they provide a date certain for when Defendants will substantially complete their document production. Lenning Decl. Ex. A at 5. On December 1, 2022, Defendants responded that the parties should come to a mutual agreement on a date certain for the substantial completion of production. *Id.* at 3–4. In response to this reasonable request, on December 8, 2022, Midas proposed January 6, 2023 as a mutual deadline for the substantial completion of non-email document productions and privilege logs, and asked for Defendants' availability to meet and confer. *Id.* at 3. On December 14, 2022, Midas again emailed Defendants given the lack of response and again

---

[1] "Rhodium" refers to Defendants Rhodium Enterprises, Inc.; Rhodium Technologies LLC; Rhodium 10mw LLC; Rhodium 2.0 LLC; Rhodium 30mw LLC; Rhodium Encore LLC; Rhodium Industries LLC; Rhodium JV LLC; Rhodium Renewables LLC; Rhodium Shared Services LLC; Rhodium Shared Services PR Inc.; Rhodium 2.0 Sub LLC; Rhodium Encore Sub LLC; Rhodium Renewables Sub LLC; Rhodium Ready Ventures LLC; Rhodium 10MW Sub LLC; Rhodium 30MW Sub LLC; i Ventures Enterprises LLC (fka Energy Tech LLC); Air HPC LLC; Jordan HPC LLC; and Jordan HPC Sub LLC.

[2] These productions were made alongside Defendants' invalidity contentions.

[3] "Individual Defendants" refers to Defendants Chase Blackmon, Cameron Blackmon, and Nathan Nichols.

2

requested a meet and confer. *Id*. On December 15, 2022, Defendants responded by raising a litany of other unrelated discovery issues. *Id.* at 1–2. They refused Midas' proposed date for the substantial completion of non-email document productions and privilege logs, did not provide a counter proposal, and did not provide a date to meet and confer as Midas requested. *Id.* Instead, Defendants proposed setting a date for both email and non-email discovery, even though the parties have not even completed negotiations regarding the scope of email discovery. On the same day, Midas responded by again explaining its position and asking for a meet and confer. *Id.* at 1. Defendants have not responded. Lenning Decl. ¶ 7.

**Legal standard**

Under the Federal Rules of Civil Procedure, a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This Court's Standing Order Governing Proceedings further states "[t]he Court will entertain reasonable requests to streamline the case schedule and discovery." OGP 4.1 at 9.

**Argument**

Good cause exists to modify the scheduling order to set January 6, 2022 as a new deadline for the substantial completion of non-email document productions and privilege logs. To date, Defendants have not produced any documents in response to Midas' discovery requests, which Midas served more than three months ago on September 6, 2022. Aside from prior art and captures of public websites, the Rhodium Defendants have produced only 30 technical documents, and the Individual Defendants have produced zero. Despite repeated requests, Defendants have refused to provide a date certain for when Defendants will substantially complete their production, refused to provide any information as to when document productions will be forthcoming, and refused to provide their availability to meet and confer on this issue. *See* Lenning Decl. Ex. A. Midas does not even know if Defendants have initiated collection of documents. Defendants' unreasonable delay is prejudicial to Midas and requires Court intervention. With the close of discovery just four months away, Midas wishes to move forward expeditiously with discov-

ery, prepare its case, and take depositions, but cannot do so because it has not received the necessary documents from Defendants. The proposed modification to the scheduling order is necessary to ensure Defendants satisfy their discovery obligations without further delay and prejudice to Midas. Defendants have provided no explanation for their failure to produce documents nor have they provided any information as to when they intend to produce documents, or to substantially complete their document production.

## Conclusion

For the foregoing reasons, Midas respectfully requests that the Court modify the parties' current Amended Scheduling Order [Dkt. 54] to set January 6, 2022 as a new deadline for the substantial completion of non-email document productions and privilege logs.

Dated: December 20, 2022

Respectfully submitted,

/s/ *Nicholas F. Lenning*
Henry M. Pogorzelski
Texas Bar No. 24007852
K&L Gates LLP
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Telephone: (512) 482-6800
Fax: (512) 482-6859
henry.pogorzelski@klgates.com

Nicholas F. Lenning
Ruby A. Nagamine
Courtney A. Neufeld
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: (206) 370-6685
Fax: (206) 370-6006
nicholas.lenning@klgates.com
ruby.nagamine@klgates.com
courtney.neufeld@klgates.com

James A. Shimota
Gina A. Johnson
Benjamin E. Weed.
K&L Gates LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
gina.johnson@klgates.com
benjamin.weed@klgates.com

Michael C. Smith
Scheef & Stone, LLP
115 E. Austin Street
Marshall, Texas 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

**Counsel for Plaintiff**
**Midas Green Technologies, LLC**

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that all counsel of record who have appeared electronically in this case are being served on December 20, 2022 via the Court's ECF system.

<u>/s/ *Henry Pogorzelski*</u>
Henry Pogorzelski