# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC,**<br><br>　　　　　Plaintiff,<br><br>　- vs. -<br><br>**Rhodium Enterprises, Inc.;**<br>**Rhodium Technologies LLC;**<br>**Rhodium 10mw LLC;**<br>**Rhodium 2.0 LLC;**<br>**Rhodium 30mw LLC;**<br>**Rhodium Encore LLC;**<br>**Rhodium Industries LLC;**<br>**Rhodium JV LLC;**<br>**Rhodium Renewables LLC;**<br>**Rhodium Shared Services LLC;**<br>**Rhodium Shared Services PR Inc.;**<br>**Chase Blackmon;**<br>**Cameron Blackmon;**<br>**Nathan Nichols;**<br>**Rhodium 2.0 Sub LLC;**<br>**Rhodium Encore Sub LLC;**<br>**Rhodium Renewables Sub LLC;**<br>**Rhodium Ready Ventures LLC;**<br>**Rhodium 10MW Sub LLC;**<br>**Rhodium 30MW Sub LLC;**<br>**I Ventures Enterprises LLC (fka Energy Tech LLC);**<br>**Air HPC LLC;**<br>**Jordan HPC LLC; and**<br>**Jordan HPC Sub LLC.**<br><br>　　　　　Defendants. | Case No. 6:22-cv-00050-ADA<br><br>**Jury Trial Demanded**<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OPPOSED MOTION TO MODIFY SCHEDULING ORDER**

Midas' motion to modify the scheduling order to add a deadline not contemplated by this Court's Order Governing Proceedings ("OGP") should be denied. Not only did Midas fail to meet and confer before filing, fail to include the required certification of a good faith meet and confer, grossly misrepresent Defendants' willingness and request to meet and confer and thereafter fail to withdraw its motion because the parties are still meeting and conferring (all of which are bases to deny the motion) but Midas' request does not actually seek to move discovery forward. Instead, it is a transparent attempt to *avoid* providing discovery, specifically the email discovery Midas already agreed to produce. Midas rushed to file this motion knowing that Defendants are perfectly willing to agree to a deadline for substantial completion of document discovery that is comprehensive and includes both non-email and email document discovery. If the Court is inclined to enter such a deadline, it should be for all of the discovery the parties have agreed to, not only the subset Midas prefers.

*First*, the Court should deny Midas' relief because the motion was filed without a proper meet and confer. The Western District of Texas's Local Rule CV-7(g) states that "[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made." Midas' motion did not include this certification for a simple reason: Midas did not comply. Defendants had been actively and diligently pursuing substantial completion of discovery and had regularly coordinated by email with Midas on this topic, as the correspondence attached to Midas' motion makes clear. Indeed, the parties had established that they agreed that there should be a date for substantial completion, but Midas has since refused to agree to include email as part of that production. *Compare* Ex. 1, December 23, 2022 Email from N. Lenning *with* Ex. 2, December

1

30, 2022 Email from N. Lenning. After the close of business on December 15, 2022, Midas asked for Defendants' availability for a meet and confer and three business days later, Defendants provided that availability, offering to meet and confer the next day or thereafter. Ex. 3, December 20, 2022 Email from A. Ross. But *after* receiving this email, Midas filed its motion and told the Court that it had asked for Defendants' availability on December 15 but that "Defendants have not responded." Dkt. 73 at 1. This was not true. Midas repeated this misstatement again on page 4 of its brief and then went even further, falsely claiming that Defendants "*refused* to provide their availability to meet and confer on this issue." Dkt. 73 (emphasis added). For this assertion, Midas relied on a declaration from its counsel, Mr. Lenning, who swore that "[a]s of the filing of Plaintiff's Opposed Motion to Modify Scheduling Order, Defendants have not responded to my email dated December 15, 2022." Dkt. 73-2, ¶ 7. This was also untrue. Defendants had responded and had offered to meet and confer *before* Midas filed its motion, in an email addressed to Mr. Lenning and copying all of the Midas attorneys who work on this case. Instead of meeting and conferring, Midas filed its motion approximately 15 minutes after receiving Defendants' email.

When the parties spoke two days later, Defendants asked Midas to withdraw its motion. Defendants explained that Midas' motion falsely disparaged Defendants as refusing to meet and confer and was also procedurally improper insofar as it did not comply with Local Rule CV-7(d). Midas refused to withdraw its motion, insisting that it "wanted to get to the merits" and that the parties could meet and confer after Midas had filed its motion. It was not until Defendants' counsel threated to file a motion to strike that Midas stated that it would address its non-compliance. Instead of acknowledging its error and withdrawing its motion, Midas filed a "supplement," retracting its false statement and acknowledging that Midas filed its motion without a meet and confer. Dkt. 75. Midas attempted to blame its paralegal for filing the motion containing the false

2

statements but never explained (1) why none of Midas' attorneys advised their paralegal not to file, or, more importantly (2) why Midas didn't simply withdraw the motion after realizing its error. Instead, Midas insisted that the motion should still be heard. But Midas' "supplement" confirms that Midas' motion should be denied outright. As Midas acknowledged, Defendants had responded with their availability to meet and confer after Midas' request and "[t]he parties are continuing to meet and confer on this issue." *Id.* That remains true: after Midas filed the present motion, the parties met and conferred twice regarding a substantial completion deadline and are still engaged in discussions. Ex. 4, January 4, 2023 Email from G. Cutri.[1] Thus, Local Rule CV-7(d) precludes Defendants from continuing to advance this motion, as Midas cannot "certif[y] the specific reason that no agreement could be made." As Midas failed to comply with the Local Rule and the parties are still meeting and conferring on this issue, the Court should deny Midas' motion.

***Second***, the Court should deny Midas' motion because the sought-after relief is impossible to grant. Midas filed its motion on December 20, 2022 asking the Court to impose a January 6, 2023 deadline for substantial completion of non-email document discovery. Dkt. 73. Midas' requested relief was impractical from the start: under an ordinary briefing schedule, Midas' motion would not have been fully briefed on January 3, 2023, *i.e.* just three days prior to its requested deadline. Even if the Court were to have ruled on Midas' motion immediately after briefing was complete, it would have been impractical to set a deadline with such little notice. To make matters worse, Midas filed its non-compliant motion immediately before the winter holidays and,

---

[1] Defendants have asked Midas for Midas' final position on the outstanding issues in dispute regarding searching/collection of emails, to which Midas has only today responded. Ex. 5, January 10, 2023 Email from H. Pogorzelski. While Defendants are hopeful the parties will be able to reach agreement on all issues, to the extent there are any outstanding issues, Defendants intend to raise them via motion for entry of an ESI Order on or before January 17, 2023.

3

unsurprisingly, Defendants and their counsel had prior family and travel obligations that interfered with their ability to respond to Midas' motion on the ordinary briefing schedule. And the parties were still meeting and conferring on the issues, as explained above. Rather than withdraw its motion, Midas insisted that Defendants oppose Midas' motion and extended Defendants' deadline to do so (but only after Defendants stated they would file an opposed motion for an extension if Midas did not agree). The result, however, is that Midas' already impractical relief of a January 6, 2023 deadline is now literally impossible because January 6, 2023 has come and gone. Thus, the Court should deny Midas' motion as moot and instead order the parties to continue to meet and confer.[2]

**Third**, Midas' request for a deadline solely for "substantial completion of non-email document productions and privilege logs" but not for email, is inefficient and illogical. Both parties agree that collecting/searching emails is appropriate in this cases. *See* Dkt. 54 at 2 ("the parties agree that certain email and ESI searching is necessary and appropriate under the circumstances of this case"). Midas acknowledges that the parties will be producing emails, but insists that email production should not have any deadline. This makes no sense. Having a single deadline for substantial production of all documents is the only logical course, so that the parties have a more fulsome universe of materials as they move into depositions. As Midas itself explains, it "wishes to move forward expeditiously with discovery, prepare its case, and take depositions, but cannot do so because it has not received the necessary documents." Dkt. 73 at 3–4. The same is true for Defendants. Depositions should move forward when the parties have substantially

---

[2] In light of the continuing meet and confers, yesterday Defendants asked Midas to withdraw its motion or extend the deadline for opposition until after the parties completed the meet/confer process. Ex. 5. Midas refused, thus requiring Defendants to file their opposition in the midst of the parties' ongoing negotiations. *Id.*

completed production of *both* email and non-email documents, to avoid demands to re-take witnesses after emails have been produced.

To be clear, Midas' allegations about Defendants' document production are without merit. Midas insists that Defendants have only produced 162 documents, but tellingly omit a critical fact: Midas has insisted upon, and received, over 37,000 pages of materials from the Immersion litigation. These are materials that Midas itself insisted were highly relevant to this litigation, explaining that the Immersion "case and the Rhodium Case involve the same patents, many of the same issues, and related defendants" and that "many discovery requests in the Rhodium Case will overlap with documents and information already produced" in the Immersion litigation. *Midas Green Tech., LLC v. Immersion Sys. LLC*, 20-cv-00555-O, D.I. 98 at 5 (May 3, 2022). And as Midas is well aware, Defendants have produced, and are continuing to produce,[3] non-email documents. Defendants are continuing to collect and produce additional documents responsive to Midas' outstanding document requests and are also seeking to understand from Midas precisely what documents it believes are outstanding. Given Midas' position that the Immersion documents "overlap" with its document requests in this case, it is unclear what precisely Midas is still seeking. Moreover, Midas has not even bothered to review the documents that Defendants have made available for production. Specifically, Defendants made source code regarding the accused products available to Midas more than seven months ago (pursuant to the interim protective order) and have repeatedly invited Midas to inspect such code. Midas has never done so.

Midas claims that the Court should not set a deadline for email production because "the parties have not even completed negotiations regarding the scope of email discovery." Dkt. 73 at 3. Yet Midas itself has dragged its feet on reaching agreement on the terms for email

---

[3] Defendants have made a further production today.

searching/production by failing to timely provide draft ESI protocols, failing to timely provide Midas's position on Defendants' ESI proposals, and refusing to provide Defendants with information in Midas' possession needed to resolve open disputes. *E.g.* Ex. 6, December 15, 2022 Email from A. Ross; Ex. 5, January 10, 2023 Email from H. Pogorzelski. All this despite the requirement in the Court's Amended Scheduling Order that "[b]y August 12 [2022], the parties shall meet and confer to formulate a proposal regarding the scope and method of email and ESI searching." Dkt. 54 at 2. Midas cannot unilaterally create a delay and then point to that delay as a reason not to set a firm deadline for email production. Instead, Defendants are amenable to an agreement on a deadline for substantial completion of *all* document discovery. Midas' assertions that Defendants have "refused Midas' proposed date for the substantial completion of non-email document productions and privilege logs [and] did not provide a counter proposal" (Dkt. 73 at 3) is untrue. Indeed, Defendants have been meeting and conferring with Midas in good faith to reach an agreement on a deadline for substantial production of all documents. Defendants have proposed February 10, 2023 for this date and will continue to meet and confer with Midas to either reach an agreement on this deadline, or, alternatively, identify all open issues pertaining to ESI collection/production and present them to the Court for resolution, by no later than January 17, 2023.

## Conclusion

WHEREFORE, Defendants respectfully request that the Court deny Midas' motion to modify the scheduling order and order Midas to continue to meet and confer on a deadline for substantial completion of email and non-email production.

DATED: January 10, 2023                     Respectfully submitted,

                                                  /s/ Ashley Ross

Gianni Cutri (*Admitted Pro Hac Vice*)
Illinois State Bar No. 6272109
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
gianni.cutri@kirkland.com

Ashley Ross (*Admitted Pro Hac Vice*)
New York State Bar No. 5303706
601 Lexington Avenue
New York, New York
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
ashley.ross@kirkland.com

Kat Li
State Bar No. 24070142
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Telephone:  (512) 678-9100
Facsimile:  (512) 678-9101
kat.li@kirkland.com

*Attorneys for Defendants*
*Rhodium Enterprises, Inc., Rhodium Technologies LLC, Rhodium 10mw LLC, Rhodium 2.0 LLC, Rhodium 30mw LLC, Rhodium Encore LLC, Rhodium Industries LLC, Rhodium JV LLC, Rhodium Renewables LLC, Rhodium Shared Services LLC, Rhodium Shared Services PR Inc., Chase Blackmon, Cameron Blackmon, Nathan Nichols, Rhodium 2.0 Sub LLC, Rhodium Encore Sub LLC, Rhodium Renewables Sub LLC, Rhodium Ready Ventures LLC, Rhodium 10MW Sub LLC, Rhodium 30MW Sub LLC, I Ventures Enterprises LLC (fka Energy Tech LLC), Air HPC LLC, Jordan HPC LLC, and Jordan HPC Sub LLC.*

8

## CERTIFICATION OF SERVICE

I, Ashley Ross, do hereby certify that on January 10, 2023, a true and correct copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S OPPOSED MOTION TO MODIFY SCHEDULING ORDER was filed with the Clerk of the Court using the Court's ECF System, which will automatically send notification to all counsel of record.

*/s/ Ashley Ross*
Ashley Ross (*Admitted Pro Hac Vice*)
New York State Bar No. 5303706
601 Lexington Avenue
New York, New York
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
ashley.ross@kirkland.com

9