# Exhibit 5

| From: | Pogorzelski, Henry M. |
|-------|----------------------|
| To: | Polins, Greg; Cutri, Gianni |
| Cc: | Lenning, Nicholas F.; Neufeld, Courtney A.; Pogorzelski, Henry M.; Michael Smith (Michael.Smith@Solidcounsel.com); Morrill, Drew; Li, Kat; Lucas, Aleighse M.; Shimota, Jim A.; Nagamine, Ruby A.; #Rhodium-Midas |
| Subject: | RE: Midas v. Rhodium - Forwarding Plaintiff"s redlines to joint email stipulation |
| Date: | Tuesday, January 10, 2023 9:54:40 AM |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Dear Greg,

Thank you for your email.  Midas disputes the "clarifications" in your email.  We understand that it is defendants' position that Midas' motion was premature because (1) Midas was not able to obtain a setting for a meet and confer discussion between counsel even though it asked for a meet and confer on three separate occasions and Midas' requests were ignored on three separate occasions; and (2) Midas will not acquiesce to defendants' discovery position -- namely that there can be no agreement on a deadline for substantial completion of non-email discovery (and defendants' need not produce a single document responsive to Midas' RFPs), unless and until Midas agrees to the email discovery terms that defendants want, even though defendants are aware that there are significant differences between the parties positions with regard to emails that will likely require the Court to resolve.

Regarding the numbered sections in your email below:

1. **Substantial Completion of Document Discovery Deadline:**  Thank you for offering to agree to a substantial completion deadline of February 10, 2023, for all discovery, including email discovery.  As you know, we have been agreeable to the February 10, 2023 date for non-emails.  There is no reason to delay on this date.  However, as you have seen, the parties have significant differences in their positions regarding email discovery.  Midas' proposal for email discovery includes a second set of search terms, to be completed after the parties have had opportunity to review the first set of email and non-email documents.  So obviously, Midas cannot agree to your proposal to conclude email discovery by February 10, 2023.

2. **De-duplication**:  As we stated previously, Midas' position is that de-duplication offers more risks than rewards.  As we previously stated, we understand from our e-discovery professional that the de-duplication term that your side as proposed is not standard, and that there is a risk that the information relating the connection between an email custodian and a particular email attachment, may be lost.  We have reached out to our e-discovery professional and will let you know when we have further information and/or if we wish to change our position.

3. **Telegram Messages and Messages from other Messaging Applications:**  Thank you for sharing your position for the first time that collecting and searching electronic chats from Telegram and similar messaging applications is burdensome and not proportional to the needs of this case.  You will recall that we asked what steps defendants may have performed

to investigate, collect and preserve relevant information in the form of electronic chats from defendants, and your side declined to answer.  We are glad that you have now investigated, apparently for the first time, your client Immersion Systems' production from the *Midas v. Immersion* litigation, and we see that you have correctly noted that IS 0037697-791 is the Telegram chat that Immersion previously collected and produced.  (FYI, Immersion produced another version of this chat session, without Bates numbers, in which the links and embedded pictures are included.)  We did not represent that this Telegram chat is the only relevant Telegram chat, as it is not our burden to investigate, preserve and collect relevant electronic chats from the defendants.  It is Midas' position that since defendants are on notice that highly relevant material is known to be present in defendants' electronic chats, at least with respect to the Telegram application and possibly other applications, defendants have a duty to investigate, for example by interviewing the individual defendants, to determine which electronic messaging applications defendants have been using for purposes of discussion of relevant topics.  It is Midas' position that defendants should collect relevant electronic chats from these messaging applications, run search terms, and produce responsive chats.

4. **Koen Hard Drive:**  Thank you for reiterating defendants' position.  Midas believes that your position -- essentially that Midas must take extraordinary steps to attempt to collect electronic email documents of dubious relevance while defendants may withhold documents that both sides agree to be highly relevant, on the grounds that it would be burdensome to cull out privileged emails -- lacks merit.

5. **End Date for Collection:**  Thank you for sharing the basis for defendants' position, and for asserting for the first time that defendants have been proceeding with the understanding that collection/searching of emails would end at the start date of the litigation.  You will recall that during the meet and confer, we asked if your side has already collected emails through September or similar date, and your side declined to answer.  We understood that during the August/September time period, your side has already collected emails from its custodians, up to or around that date.  It is correct to say that it is Midas's position that the parties should search emails through September 1, 2022.  But your email is misleading to the extent that is implies that it would be burdensome for defendants to collect email, as if the collection had not already take place.  To accommodate any alleged burden from an "additional" email collection, Midas is amendable to moving the end date to mid-August.  Again, please let us know what defendants previously did to collect emails from its custodians, and Midas may reconsider.

6. **Search Terms:** Your email's statements on this topic are not accurate.  In Midas' edits supplied to you last week, Midas added back a number of search terms that we had previously proposed, but that your proposal had omitted without explanation.  It is not accurate to say that the parties had already agreed to search terms, and there is no prior agreement about the full scope of search term.  Your email also fails to mention that we have proposed, and your side has omitted from your response, any mention of Midas' proposal to permit additional search terms, to be supplied once the initial production of emails in completed and the parties have had opportunity to review the parties' initial productions.  We will assume from your email's omission of this subject that defendants' oppose this aspect of

Midas's proposal.

7. **Privilege Log:**  As indicated, we are amendable to the parties providing a privilege log within two weeks after producing email documents, or after producing documents responsive to Midas RFP after the substantial completion date.

We hope that the above clarifies Midas' positions with respect to the email discovery stipulation, and we are happy to discuss/confer further.  We do not agree with defendants' insistence that the email discovery stipulation should be tied to the subject matter of Midas' motion on non-email discovery, and we decline your request for a further extension.


Regards,




**Henry Pogorzelski**
Partner
K&L Gates LLP
2801 Via Fortuna
Suite 650
Austin, TX 78746-7568
Phone: (512) 482-6826
Mobile: (713) 824-3103
Fax: (512) 482-6859
henry.pogorzelski@klgates.com
www.klgates.com

***Our office has moved! Effective December 15, our new address is 2801 Via Fortuna, Suite 650, Austin, Texas 78746. Please update your records.***


---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Monday, January 9, 2023 2:26 PM
**To:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>
**Cc:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Ross, Ashley <ashley.ross@kirkland.com>; Michael Smith <Michael.Smith@solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Lucas, Aleighse M. <Aleighse.Lucas@klgates.com>
**Subject:** RE: Midas v. Rhodium - Forwarding Plaintiff's redlines to joint email stipulation

Henry,

Thanks for agreeing to the extension.  However, I want to clarify a few points in your email.   Our position is that Midas's motion was premature because Midas failed to meet/confer prior to filing it and the parties were (and are) still meeting and conferring on the substantial completion of document discovery.  We have repeatedly sought to obtain Midas' position agreement on the terms of the substantial completion deadline, but Midas has continually attempted to delay agreement on the email discovery, both by refusing to respond to correspondence on the issue, by refusing to provide Defendants with information Midas said it would provide, and by attempting to re-negotiate already agreed-to terms.  Indeed, Midas promised to get back to us on a variety of issues on Wednesday's meet and confer, including making statements that it would send us information about the alleged Telegram chats immediately after the meet and confer, but we have received nothing to date.

So that we can bring some clarity to the outstanding issues, our understanding of the parties' positions are as follows.  Please provide responses to the issues below by tomorrow at noon CT.

1. **Substantial Completion of Document Discovery Deadline:**  Defendants are amenable to a substantial completion of *all* document discovery, including e-mail discovery, by February 10, 2023.  Midas is opposed to a date for substantial completion of email discovery but seeks a January 6, 2023 deadline for substantial completion of non-email discovery.  ==Please let us know if that is not Midas's position.==

2. **De-duplication**:  Our position is that de-duplication will result in substantial efficiencies without any loss of information.  Midas stated its e-discovery vendor believed some information could be lost in the de-duplication process, but during our meet and confer Midas was unable to identify what information would be allegedly lost.  Midas agreed to ask its e-discovery vendor for additional information.  ==Please identify the information Midas contends will be lost in the de-duplication process.==

3. **Telegram Messages and Messages from other Messaging Applications:**  Our position is that collecting transcripts from Telegram messaging applications, applying search terms, reviewing the results and producing the outputs is burdensome and not proportionate to the needs of the case.  Midas's position is that the Defendants, and the Defendants only, should collect communications sent via the Telegram application and that if any search term hit on any communication then the entire communication should be produced.  During our meet and confer, Midas claimed that it had Telegram communications from the *Immersion* litigation that were allegedly highly relevant, and that it would provide those communications to us immediately after the meet/confer.  To date, we have not received this information from Midas.  Midas claimed that this allegedly highly relevant message transcript was used as a deposition exhibit in the deposition of Cameron Blackmon in the Immersion litigation. We have reviewed that transcript and it appears to us that Midas was potentially referring to Exhibit 15 and that this is what Midas contends is the only highly relevant Telegram message that Midas is relying on to advance its argument that the Defendants in this case should search and produce Telegram messages.  ==If this is incorrect, please identify which==

communications Midas is relying on, as you stated you would do during our meet and confer. We also asked Midas whether it was proposing that the parties search other messaging applications, including text messages. Please let us know if it is Midas' position that the parties should search other messaging applications. If Midas does not confirm that this its position, we will advise the Court that the only open issue with whether Defendants should search their Telegram messages.

4. **Koen Hard Drive:** Our position is that Koen's hard drive likely has uniquely relevant communications and that the cost of searching the hard drive is not disproportionate to the needs of the case given the relevance and Midas' likely damage demand. Midas indicated it may be amenable to searching the Koen hard drive but only if Defendants would agree to search Telegram chats. We do not agree these issues are related nor that plaintiff's proposed exchange is commensurate in scope. Further, as explained above, we will not agree to collect/search Telegram chats.

5. **End Date for Collection:** Defendants' position is that collecting and searching emails after the lawsuit was filed imposes an undue burden including because emails after that date are likely to contain a significant number of privileged emails, particularly given the search terms Midas proposed. Additionally, we have been proceeding with the understanding that collection/searching of emails would end at the start date of the litigation, and altering that date to September 1, 2022 would potentially result in additional burdens in collecting emails and would likely result in the search terms we previously agreed to imposing an undue burden. We understand that Midas's position is that the parties should collect and search emails through September 1, 2022.

6. **Search Terms:** In the edits Midas proposed last week, it added four search terms to the search terms the parties had agreed to months ago. Midas claimed in its accompanying email that Defendants previously agreed to those terms, but during our meet and confer, you acknowledged that Midas had no correspondence where Defendants agreed to those terms. Defendants' position is that the parties already agreed to search terms and there is no need to revisit the prior agreement. Please let us know whether Midas will abide by the list of search terms the parties previously exchanged.

7. **Privilege Log:** We are fine producing a privilege log shortly after production but we will need at least two weeks after the substantial completion of production to provide a privilege log. Please let us know whether Midas agrees.

As you can see from the above, we are still waiting on Midas's position on a variety of issues, and a substantial amount of information that Midas promised but failed to provide. Given that the Midas has failed to provide Defendants with the information it promised, we are concerned that forcing Defendants to file their opposition and cross-motion tomorrow will result in the Court having to address disputes that the parties are still working on. We therefore ask that Midas agree to provide Defendants with the information it promised by tomorrow and agree to a further extension of Midas's opposition by a week. If Midas will not agree, we will file our opposition and let the Court know that Midas filed its motion prematurely and that Midas refused to provide the information it

promised while simultaneously refusing to provide Defendants an extension.

Regards,

**Greg Polins**
------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200
------------------------------------------------
greg.polins@kirkland.com

---

**From:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Sent:** Wednesday, January 4, 2023 3:51 PM
**To:** Cutri, Gianni <gcutri@kirkland.com>
**Cc:** Polins, Greg <greg.polins@kirkland.com>; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Ross, Ashley <ashley.ross@kirkland.com>; Michael Smith <Michael.Smith@solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Lucas, Aleighse M. <Aleighse.Lucas@klgates.com>; Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Subject:** RE: Midas v. Rhodium - Forwarding Plaintiff's redlines to joint email stipulation

Gianni,

Thank you for your email, and our discussion today.  In light your detailed explanation for why your side is asking for a further extension of time to respond to Midas' motion relating to non-email discovery, we will not oppose an extension until next Tuesday, January 10, for defendants to respond to Midas' pending motion.  As stated previously, we do not agree with your side's contention that  the parties need to resolve the outstanding issues relating to email discovery, for your side to respond to our motion.  As stated previously in my email to Greg Polis, the issues of email discovery and non-email discovery are separate, and it is improper for your side to continue to withhold non-email discovery, on the basis of on-going negotiations relating to email discovery.

Regards,

Henry Pogorzelski
K&L Gates LLP
(713) 824-3103
henry.pogorzelski@klgates.com

**From:** Cutri, Gianni <gcutri@kirkland.com>
**Sent:** Wednesday, January 4, 2023 3:40 PM
**To:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Cc:** Polins, Greg <greg.polins@kirkland.com>; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Ross, Ashley <ashley.ross@kirkland.com>; Michael Smith <Michael.Smith@solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Lucas, Aleighse M. <Aleighse.Lucas@klgates.com>
**Subject:** Re: Midas v. Rhodium - Forwarding Plaintiff's redlines to joint email stipulation

Mike -

Thanks for our call today.  During our discussion we identified a number of items that Midas still has to get back to us on, including an explanation from your e-discovery vendor about how de-duping emails could allegedly lose metadata, sending the allegedly relevant Telegram messages, whether Midas personnel used any messaging apps (including text messaging) for company business, and Midas' revisions to the email stipulation (including to its recently-proposed terms) that Midas planned to provide.   We don't currently have any of these items, impeding our ability to respond to your motion and agree on a date for completion of email and non-esi discovery.

Additionally, I explained to you that one of the main people working on the discovery matters is not available, including by email, this week.  I also pointed out that we had already asked for an extension to next Tuesday but Midas had rejected that in favor of an extension only to this Friday.  I again asked for the last two days of extension to this Tuesday, pointing out that several issues remained under discussion (including many items we are waiting on Midas on) and making the more basic point that the Court likely would expect the parties to cooperate reasonably and not oppose a 2-day extension under these circumstances.

You said you would get back to us within an hour or two but we have heard nothing.  We take that to mean you oppose and will file our opposed motion for a two-day extension to next Tuesday.   If you will agree to our request please let me know by 5 pm ct today.

Gianni

On Jan 3, 2023, at 8:05 PM, Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com> wrote:

Greg,

Thanks for your email.  As I stated in my email below, we are happy to discuss the issue of a third extension on Midas' pending motion with your side tomorrow at 11 pm CT.  If your side will agree to submit a responsive brief on Tuesday (Jan. 10) next week on the merits of Midas' motion, rather than an merits-avoiding cross motion on the separate disputed topic of the scope of email discovery, and if defendants will agree to extend the deadline for Midas to submit a further amended complaint (as may be necessary) to incorporate the discovery materials that defendants are currently withholding, our

concerns about defendants' delaying tactics would be lessened, and we would reconsider.  Otherwise, if defendants insist on opposing Midas' motion by avoiding the merits and raising a different matter by way of a cross motion, and are unwilling to allow Midas to submit further amended pleadings, our concerns about defendants' delaying tactics will be confirmed.  Lastly, if your side does file a motion for a third extension without a conversation between lead counsel tomorrow, please be sure to explain to the court why your side only asked for a one week extension, instead of a two week extension, before the Christmas holiday.

Regards,

Henry Pogorzelski
K&L Gates LLP
(713) 824-3103
henry.pogorzelski@klgates.com

---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Tuesday, January 3, 2023 7:03 PM
**To:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Ross, Ashley <ashley.ross@kirkland.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Lucas, Aleighse M. <Aleighse.Lucas@klgates.com>
**Subject:** RE: Midas v. Rhodium - Forwarding Plaintiff's redlines to joint email stipulation

Henry -- We understand Midas opposes Rhodium's request for a two day extension and will let the Court know.  Needless to say, we disagree there is any sort of tactical advantage sought here: as we informed you, we sought an extension due to the fact that many team members are still travelling due to the holidays and preexisting conflicts in other cases.  We're disappointed Midas did not provide times to meet and confer today, as Midas promised, but we are available at 11 AM CT tomorrow. Please provide a dial-in.

Regards,

**Greg Polins**
-------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200

----------------------------------------------------------

greg.polins@kirkland.com

---

**From:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Sent:** Tuesday, January 3, 2023 6:54 PM
**To:** Polins, Greg <greg.polins@kirkland.com>; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Ross, Ashley <ashley.ross@kirkland.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Lucas, Aleighse M. <Aleighse.Lucas@klgates.com>; Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Subject:** RE: Midas v. Rhodium - Forwarding Plaintiff's redlines to joint email stipulation

Dear Greg,

Thank you for your email.   We can be available to meet and confer regarding the parties' differences in the draft email stipulation tomorrow from 10-2 CT.  Please let us know which time slot works best for your side.

Defendants' request for a third extension of time to respond to Midas' pending motion (Dkt. 73) is not well taken, for a number of reasons.  First, the Midas motion was filed two weeks ago, and defendants have already had two extensions totally ten days.  Second, the Midas motion relates to a matter that Midas first raised in its request for a meet and confer about 45 days ago, on November 19, 2022.  (See Dkt. 73-3, 5).  Defendants have long known about the subject matter of the Midas motion.  Third, further extensions of time threaten to further prejudice Midas' ability to prepare its case.   Defendants represented in their responses to a least certain RFP that defendants would produce documents (subject to various disputed objections).  Defendants have not done what they said they would do.  Now Defendants want even more time to withhold documents that should have been produced over a month ago.

Moreover, it appears that Defendants are attempting to obtain further extensions of time in order to obtain an improper tactical advantage.  In particular, your side's stated plan to file a cross motion for entry of the contested email stipulation, rather than a simple opposition to the Midas motion, reveals that your side intends to attempt to further delay the Court's consideration of the Midas motion.   We are cognizant that this is not the first time that your side has attempted to obtain multiple extensions of time in order to obtain tactic advantage.  In the Midas v. Immersion Systems case, your side obtained multiple unopposed extensions of time for its response to Midas' motion to de-designate various improperly designated materials, waited for fact discovery to open in this case, and then argued to the Fort Worth court that because fact discovery had opened in this case, Midas' full-briefed motion should not be heard in Fort Worth.

We are happy to discuss this further with you tomorrow during our meet and confer on the email stipulation.

Your email asks various questions about the redlines that we sent to you on Saturday morning.  We are happy to discuss our rationales for our redlines during our meet and confer tomorrow.  We look forward to a productive discussion.

Regards,



**Henry Pogorzelski**
Partner
K&L Gates LLP
2801 Via Fortuna
Suite 650
Austin, TX 78746-7568
Phone: (512) 482-6826
Mobile: (713) 824-3103
Fax: (512) 482-6859
henry.pogorzelski@klgates.com
www.klgates.com

*Our office has moved! Effective December 15, our new address is 2801 Via Fortuna, Suite 650, Austin, Texas 78746. Please update your records.*

---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Monday, January 2, 2023 5:14 PM
**To:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Ross, Ashley <ashley.ross@kirkland.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Lucas, Aleighse M. <Aleighse.Lucas@klgates.com>
**Subject:** RE: Midas v. Rhodium - Forwarding Plaintiff's redlines to joint email stipulation

Henry --

Thanks again for the response.  As you can see, we filed the stipulation to extend the opposition deadline to Friday earlier today.  However, some of our key team members have preexisting conflicts with the Friday extension both due to holidays and due to deadlines in other cases.  We therefore renew our request that Midas agree to extend our opposition deadline from Friday to next Tuesday.  If Midas opposes this two day extension, please provide Midas's basis for its opposition by noon CT tomorrow.  If Midas will not stipulate to this two day extension, we plan to file an opposed motion for an extension and want to ensure we have Midas's full position for that motion.

We have not heard back from you on your availability for a meet/confer.  Given the timing, we assume it is not going forward today.  Please let us know some times you are available tomorrow, as previously requested.  Below are questions about Midas's redlines that we would like to have answered in advance of the meet and confer to ensure that meet/confer is productive:

1. **Paragraph 10**
   a) Why does Midas believe this provision is "unnecessary"?
   b) What "important custodial information" does Midas believe will be lost?
2. **Paragraph 14/16**
   a) What is the importance of September 1, 2022?
3. **Paragraph 15**
   a) Please identify by bates number the highly relevant Telegram chats from *Immersion Systems* referenced in your email.
4. **Paragraph 16**
   a) Please identify the correspondence in which the added search terms were provided to Rhodium and Rhodium indicated they were acceptable.
5. **Paragraph 17**
   a) Has Midas identified custodians having potentially relevant emails in accounts associated with Midas Networks?  If so, please identify those custodians.

We look forward to answers on the above questions and further discussing Midas's redlines on the meet and confer.

Regards,

**Greg Polins**
--------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200
--------------------------------------
greg.polins@kirkland.com
_____

**From:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>

**Sent:** Saturday, December 31, 2022 2:13 PM
**To:** Polins, Greg <greg.polins@kirkland.com>; Lenning, Nicholas F.
<Nicholas.Lenning@klgates.com>; Ross, Ashley <ashley.ross@kirkland.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A.
<Courtney.Neufeld@klgates.com>; Nagamine, Ruby A.
<Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert,
Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew
<drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas
<rhodium-midas@kirkland.com>; Pogorzelski, Henry M.
<Henry.Pogorzelski@klgates.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>;
Lucas, Aleighse M. <Aleighse.Lucas@klgates.com>
**Subject:** RE: Midas v. Rhodium - Forwarding Plaintiff's redlines to joint email stipulation

Dear Greg,

We are attaching a redlines to the proposed Joint Stipulation Regarding E-Mail
Discovery that you forwarded on Wednesday afternoon.  The redlines should be self-
explanatory and not surprising in light of the parties' past discussions.  We are happy to
meet and confer with you side regarding this redline version on Tuesday.  I am checking
with my colleagues to see if we may also be able to speak on Monday, which as you
know is a federal holiday.  A few comments regarding our redlines:

1. We added back the several proposed search terms for the Rhodium custodians
   that we had previously proposed, which were omitted in the draft that you sent.
   As understood, these added search terms were previously indicated to be
   acceptable, with respect to the number of hits, etc., except for the last added
   term, re "liquid cooling" and variations thereon.  For this last term, we would
   look forward to working with you under the provisions in Paragraph 8.

2. Telegram chats, other messaging applications.  As we explained when the parties
   first discussed this matter, at least the various Telegram chats involving the
   individual defendants contain highly relevant information, and defendants have
   a duty to collect and produce this highly relevant information.  In light of the fact
   that prior counsel for *Immersion Systems* previously collected and produced a
   number of highly relevant Telegram chats from *Immersion Systems* during the
   prior *Midas v. Immersion Systems* litigation, it would seem disingenuous for
   Rhodium--entities having significantly more resources--to argue that it would be
   an undue burden to collect and run search terms for their officers' Telegram
   chats.  The same would be true with respect to any other messaging applications
   that your clients have been using.  We will expect your side will have complied
   with its duty to investigate all of the various methods of communications that
   your clients have been using, and that your side will be willing to discuss the
   most efficient means of producing the relevant information contained within
   these chat communications when the parties next confer.

3. Damaged Koen HD.  We will have to agree to disagree with your side's view that a small company like Midas should be required bear the costs and burdens associated with attempting to resurrect emails from a ten plus year old, broken hard drive, in order to potentially obtain ten-plus year old emails that your side suspects might have relevant information, even though we have been able to collect literally tens of thousands of emails from another Midas email custodian, i.e., Chris Boyd from the same time period.  Your side's position is especially one-sided and inappropriate, considering that the Rhodium defendants (at least at this point from the first draft of your email stipulation) appear to have declined our side's request that your side collect and search the Telegram chats from four individuals, three of whom are individual defendants.

In order to avoid burdening the Court with a dispute regarding emails and electronic chats, we hope that we can reach a comprise.  As stated above, we are happy to meet and confer with you early next week.

That said, and as previously indicated, we disagree strongly with your view that "it makes little sense to agree on a deadline for substantial completion of document and ESI discovery without agreement on the scope of ESI discovery."  The agreement that we are discussing/negotiating relates to email (and electronic chats) discovery, not to ESI discovery in general.  It is disingenuous for your side to describe the email stipulation as an ESI discovery stipulation.  In fact, what your side is asking for is plaintiff to agree to allow Defendants to continue to withhold production of any and all non-email documents responsive to Midas' RFPs, for an additional time period, while the parties discuss the scope of email discovery. We suspect that Judge Gilliland will understand this distinction.  If you have any other basis of continuing to withhold non-mail documents, please let us know.

We look forward to discussing the attached redlines for the email/chats stipulation early next week.  In light of New Year holiday, and your side's implicit request for an extension of time on Midas's pending motion to modify the scheduling order, we can agree to an additional, a three day extension time to respond to Midas' motion, so that defendants' response will be due on Friday, January 6, 2023.

Regards,



**Henry Pogorzelski**
Partner
K&L Gates LLP
2801 Via Fortuna
Suite 650
Austin, TX 78746-7568

Phone: (512) 482-6826
Mobile: (713) 824-3103
Fax: (512) 482-6859
henry.pogorzelski@klgates.com
www.klgates.com

***Our office has moved! Effective December 15, our new address is 2801 Via Fortuna, Suite 650, Austin, Texas 78746. Please update your records.***

---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Saturday, December 31, 2022 11:26 AM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Ross, Ashley <ashley.ross@kirkland.com>; Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' Discovery Issues

Nick --

Thanks for the response.  To be clear, we are not "revoking" our offer; as contemplated in your email, it makes little sense to agree on a deadline for substantial completion of document and ESI discovery without agreement on the scope of ESI discovery.  Given that our current opposition to Midas's motion is due on Tuesday and Midas intends to provide redlines to the ESI stipulation by early next week and believes it would "beneficial for the parties to meet and confer" regarding that stipulation, please confirm Midas agrees to a week extension for our opposition so that Rhodium has an opportunity to review Midas's redlines and the parties may come to an agreement on ESI or, at minimum, crystallize any disputes.  If Midas does not agree, we will file our opposition and cross-motion and make it clear to the Court that we have been seeking a proposed stipulation on ESI since early November but Midas has refused to engage. While I understand it is Saturday, please provide Midas's position **today** so that we know whether we need to file an opposition the day after the holiday weekend.  We hope Midas agrees to an extension so that the parties can work together to resolve the ESI stipulation without court intervention, but if we need to move the Court to get final resolution on the ESI stipulation, we will.

Regards,

**Greg Polins**

------------------------------------------------

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511   **M** +1 703 618 5828
**F** +1 312 862 2200

------------------------------------------------

greg.polins@kirkland.com

---

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Friday, December 30, 2022 4:37 PM
**To:** Polins, Greg <greg.polins@kirkland.com>; Ross, Ashley
<ashley.ross@kirkland.com>; Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A.
<Courtney.Neufeld@klgates.com>; Nagamine, Ruby A.
<Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert,
Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew
<drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas
<rhodium-midas@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' Discovery Issues

Hi Greg,

Nice to meet you as well. We are working on getting
redlines back to you on the email discovery stipulation,
hopefully later today but it might be early next week. We
think it will be beneficial for the parties to meet and
confer on your proposed email discovery stipulation and
hope that we can come to agreement.

We're disappointed, however, the Defendants apparently
are revoking their offer and making it contingent on first
agreeing to email discovery, which was never stated
before (contrary to your email, what I stated was that the
email discovery deadline obviously would only apply if the
parties actually agree to email discovery, which hasn't
happened yet). We hope that Defendants will reconsider
and that the parties can file a joint motion to modify the
scheduling order with that deadline to moot the pending
motion.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

---

**From:** Polins, Greg <greg.polins@kirkland.com>
**Sent:** Wednesday, December 28, 2022 1:38 PM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Ross, Ashley
<ashley.ross@kirkland.com>; Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A.
<Courtney.Neufeld@klgates.com>; Nagamine, Ruby A.
<Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert,
Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew
<drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas
<rhodium-midas@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' Discovery Issues

Hi Nicholas --

I am joining the Kirkland team and wanted to introduce myself to you and all others at
KL Gates.  I am planning on filing a pro hac vice motion shortly.  I am sure we'll talk on
the phone, or meet in person, at some point but for now an introductory email will
have to suffice.  Looking forward to working with you to amicably resolve any disputes
we may have.

With regards to Midas's pending motion, as you correctly noted in your e-mail, our
agreement to a February 10, 2023 deadline for substantial completion of discovery,
including non-email and email discovery, is contingent upon the parties reaching
agreement on the scope of ESI discovery.  If there is no agreement on the scope of ESI
discovery, we intend to oppose Midas's motion and cross-move for entry of an ESI
order.  To that end, attached is a draft ESI stipulation.  As you can see in the proposed
stipulation, our position is that Midas should collect and search the emails on Jim
Koen's hard drive.  Mr. Koen's emails are highly and uniquely relevant to numerous
issues in this litigation as evidenced by Rhodium's invalidity contentions as only one
example.  Indeed emails already produced by Midas confirm Mr. Koen's unique role
and relevance, and collecting emails from Chris Boyd will not suffice.  While we
understand there are some costs associated with this, the costs are not high in

comparison to the damages that Midas seeks, particularly given the relevance of Mr. Koen.  As you are no doubt aware, certain costs are inevitable with litigation and Rhodium has borne costs associated with email collection too, even though it was Midas's choice -- not Rhodium's -- to file this lawsuit.

Please let us know your position on the ESI Stipulation.  If we cannot reach agreement on this stipulation, we intend to move the Court for entry of an ESI order reflecting the stipulation as-drafted.  Given the holidays, if you believe additional time would permit the parties to reach agreement on scope of the ESI discovery, please confirm you agree to a short further extension to our opposition.

Regards,

**Greg Polins**
---------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3511  **M** +1 703 618 5828
**F** +1 312 862 2200
---------------------------------------------
greg.polins@kirkland.com

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Friday, December 23, 2022 2:48 PM
**To:** Ross, Ashley <ashley.ross@kirkland.com>; Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' Discovery Issues

Hi Ashley and Gianni,

Midas accepts your proposal of February 10, 2023 as the mutual date for substantial completion of discovery, including non-email and email discovery (assuming the parties reach agreement on the scope of email discovery, which we're hoping happens soon). We will send over a proposed joint motion to modify the scheduling order to add that deadline.

I was not clear to me if your proposal included exchange of privilege logs on that date. We propose also using February 10th for that exchange as well and having it be part of the same deadline, but let us know if you have a counter-proposal.

Assuming we reach agreement on the above and submit the joint motion, we'll then withdraw the pending motion to modify the scheduling order as it will be moot. To everyone who celebrates, have a merry Christmas.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

---

**From:** Ross, Ashley <ashley.ross@kirkland.com>
**Sent:** Wednesday, December 21, 2022 6:42 AM
**To:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' Discovery Issues

Counsel,

We appreciate that Midas is willing to now meet and confer on all issues raised in my email below, and would like to speak this Thursday at 3 CT / 4 ET.  Please provide a dial-in for us to use.

We are also surprised at Midas' premature and procedurally improper motion to compel discovery to the Court, which appears to have been filed minutes after we again confirmed that we were willing to confer - and in fact provided two proposed dates for such conference.   That said, in view of the holidays, we request an extension to Tuesday, January 3 for Defendants' response to Midas' motion.  Please tell us no later than 12 pm CT whether you will agree.

Regards,

Ashley

**Ashley Ross**

-------------------------------------------------

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4954
**F** +1 212 446 4900

-------------------------------------------------

ashley.ross@kirkland.com

---

**From:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Sent:** Tuesday, December 20, 2022 9:51 PM
**To:** Ross, Ashley <ashley.ross@kirkland.com>; Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Cc:** Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>; Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>
**Subject:** RE: Midas v. Rhodium - Defendants' Discovery Issues

Dear Ashley,

Thank you for your email requesting a meet and confer on a number of discovery issues of concern to Defendants.  We will check with Michael Smith for his schedule to confirm, but tentatively, we think it likely that our side will be available to meet and confer on Thursday afternoon between 1 and 4 pm CT.

Regards,



**Henry Pogorzelski**
Partner
K&L Gates LLP
2801 Via Fortuna
Suite 650
Austin, TX 78746-7568
Phone: (512) 482-6826
Mobile: (713) 824-3103
Fax: (512) 482-6859
henry.pogorzelski@klgates.com
www.klgates.com

***Our office has moved! Effective December 15, our new address is 2801 Via Fortuna, Suite 650, Austin, Texas 78746. Please update your records.***

**From:** Ross, Ashley <ashley.ross@kirkland.com>
**Sent:** Tuesday, December 20, 2022 8:16 PM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Cc:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>; #Rhodium-Midas <rhodium-midas@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' document productions

Nick,

The fact that you have for weeks ignored our emails on other issues - as laid out in my email below - while simultaneously demanding a meet and confer on a one-sided, early "deadline" that is not required under the OGP is not well taken.  We can be available Wednesday or Thursday to discuss **all** of the issues raised in my email below.  Please confirm Midas will be prepared to discuss all issues raised in my email below.

In the meantime, please provide answers to my questions below. If Midas refuses, please provide your basis for doing so.

Regards,

Ashley

**Ashley Ross**

------------------------------------------------------

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4954
**F** +1 212 446 4900

------------------------------------------------------

ashley.ross@kirkland.com

---

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Thursday, December 15, 2022 6:16 PM
**To:** Ross, Ashley <ashley.ross@kirkland.com>
**Cc:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Michael Smith
<Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A.
<Courtney.Neufeld@klgates.com>; Nagamine, Ruby A.
<Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert,
Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew
<drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' document productions

Ashley,

We again request that Defendants' provide their
availability to meet and confer, as requested in my
previous email. We intend to file a motion with the Court
to modify the scheduling order to add the January 6, 2023
deadline for substantial completion of non-email
discovery, as well as production of associated privilege
logs. We do not agree to tying non-email discovery, for
which there is no reason the parties cannot comply with
their discovery obligations, to email discovery, the bounds
of which the parties are still negotiating.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

**From:** Ross, Ashley <ashley.ross@kirkland.com>
**Sent:** Thursday, December 15, 2022 2:17 PM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Cc:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' document productions

Nick,

It's disappointing that, despite Midas' representation a month ago that it would provide a proposed ESI stipulation, it has not done so.  Your email does not address any of the concerns I raised.  To set forth those questions again:

1. Will Midas provide the documents it has received through third party discovery to us now? If not, please provide the basis for Midas' refusal.
2. What is Midas' proposal for an ESI stipulation? We expect such stipulation would lay out:
   a. the custodians the parties have agreed to search
   b. the search terms the parties are going to use
   c. the metadata that shall be produced with email discovery
   d. the scope and content of any privilege log that the parties are going to complete - for instance, whether logs should contain documents and correspondence created after the filing of the complaint

It makes little sense to set the deadline that you have suggested below, which parses out ESI discovery from non-ESI discovery.  We therefore propose discussing a deadline -- set after the holidays -- for the parties to substantially complete all document production.

We furthermore request an update each of the following outstanding issues:

- Midas' analysis of Mr. Koen's hard drive.
- When Midas will provide Rhodium with the materials it has received pursuant to third party subpoena requests in this litigation.
- Whether Midas agrees with the draft Protective Order that Ben sent over a month ago on November 1
- Midas' response to the issues raised in Ben's October 19 email, from almost two

months ago (to which Midas responded that it would respond "shortly")

We look forward to receiving your responses.

Regards,

Ashley

**Ashley Ross**

------------------------------------------------

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4954
**F** +1 212 446 4900

------------------------------------------------

ashley.ross@kirkland.com

---

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Wednesday, December 14, 2022 6:58 PM
**To:** Ross, Ashley <ashley.ross@kirkland.com>
**Cc:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' document productions

Ashley,

We have not received a response to the below. Please either confirm, provide a counter-proposal, or provide Defendants' availability to meet and confer this week. Thank you.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

**From:** Lenning, Nicholas F.
**Sent:** Thursday, December 08, 2022 9:14 AM
**To:** 'Ross, Ashley' <ashley.ross@kirkland.com>
**Cc:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' document productions

Ashley,

Midas proposes January 6, 2023 as the mutual deadline for substantial completion of non-email document productions and privilege logs. Please confirm Defendants agree. If Defendants do not agree, please send your counter-proposal and provide a time to meet and confer.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

**From:** Ross, Ashley <ashley.ross@kirkland.com>
**Sent:** Thursday, December 01, 2022 11:31 AM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Cc:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>; Cutri, Gianni <gcutri@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>
**Subject:** RE: Midas v. Rhodium - Defendants' document productions

Nick

Thank you for your follow-up email. Defendants note that this is the second time that Midas has made demonstrably false accusations about Defendants' discovery responses and obligations without taking the time to verify whether Midas' accusations have merit. We once again request that Midas refrain from making such unfounded accusations. Defendants are diligently working to identify, gather, and produce, additional materials responsive to Midas's requests for production.

It is not lost on Defendants that Midas has similarly produced very little responsive material in this action, producing only a handful of materials outside of documents Midas previously produced in the Immersion litigation, and has provided no materials received from third-parties in response to subpoenas. To the extent Midas has received such third-party materials, please provide them to us immediately, or, if you have received such materials and intend to withhold them, please provide your basis for doing so.

In regard to your request that we "provide a date certain when Defendants, including the Individual Defendants, intend to substantially complete their document productions," as noted on the last two meet and confers, the parties should come to a mutual agreement on this and the privilege log.  The parties are still actively engaged in negotiations regarding search terms and custodians for ESI collection, as well as on an overarching ESI search protocol, and as such the scope of necessary remaining discovery remains unclear.  On our last call on ESI issues, we had asked that you provide a full ESI proposal, but have not received it. We therefore propose that Midas provide the ESI proposal that was discussed on our November 10 call by tomorrow so that we may consider it in advance of a call mid-next week to discuss. Please confirm your agreement and provide your availability.


Best,

Ashley

**Ashley Ross**

---------------------------------------------

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4954
**F** +1 212 446 4900

---------------------------------------------

ashley.ross@kirkland.com

---

**From:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>
**Sent:** Monday, November 21, 2022 7:01 PM
**To:** Cutri, Gianni <gcutri@kirkland.com>; Ross, Ashley <ashley.ross@kirkland.com>; Herbert, Benjamin Allen <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>
**Cc:** Pogorzelski, Henry M. <Henry.Pogorzelski@klgates.com>; Michael Smith <Michael.Smith@Solidcounsel.com>; Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>; Nagamine, Ruby A. <Ruby.Nagamine@klgates.com>
**Subject:** RE: Midas v. Rhodium - Defendants' document productions

Counsel,

I wanted to correct the number of documents as my prior email was inaccurate. The correct number is 30, not 13, excluding public custodian documents and the Christiaan Best declarations. Apologies for the error which I just discovered. The points in my email, however, stand. Please let us know when Defendants intend to produce documents in response to Midas' discovery requests and substantially complete their production. Thank you.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

---

**From:** Lenning, Nicholas F.
**Sent:** Saturday, November 19, 2022 6:57 AM
**To:** Cutri, Gianni <gcutri@kirkland.com>; Ross, Ashley <ashley.ross@kirkland.com>; 'Herbert, Benjamin Allen' <benjamin.herbert@kirkland.com>; Morrill, Drew <drew.morrill@kirkland.com>; Li, Kat <kat.li@kirkland.com>
**Subject:** Midas v. Rhodium - Defendants' document productions

Counsel,

We write concerning Defendants' document productions. To date, Defendants have produced only 13 documents that are not either prior art or captures of publicly available materials. Rhodium has produced no such documents since its initial technical document production and the Individual Defendants have produced no documents at all. Defendants have produced no documents in response to

Midas' RFPs served September 6 or the ROGs to which
Defendants gave a Rule 33(d) response on October 6.

Defendants' delay in producing documents responsive to
discovery requests is prejudicial to Midas. We ask that
Defendants please provide a date certain when
Defendants, including the Individual Defendants, intend to
substantially complete their document productions.

Best,

Nick Lenning



Nick Lenning
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 370-6685
Fax: (206) 623-6449
Pronouns: He/Him/His
nicholas.lenning@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be
privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an
intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is
prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

The information contained in this communication is confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland
& Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited and may be unlawful. If you have received this
communication in error, please notify us immediately by return email or by email to
postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Henry.Pogorzelski@klgates.com.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland

& Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Henry.Pogorzelski@klgates.com.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Henry.Pogorzelski@klgates.com.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Henry.Pogorzelski@klgates.com.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Henry.Pogorzelski@klgates.com.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Henry.Pogorzelski@klgates.com.