```
 1                 UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                       WACO DIVISION

 3   MIDAS GREEN TECHNOLOGIES,) Docket No. WA 22-CA-050 ADA
     LLC                      )
 4                            )
     vs.                      ) Waco, Texas
 5                            )
     RHODIUM ENTERPRISES,     )
 6   INC, ET AL               ) November 7, 2022

 7

                   TRANSCRIPT OF DISCOVERY HEARING
 8            BEFORE THE HONORABLE DEREK T. GILLILAND

 9

10   APPEARANCES:

11   For the Plaintiff:       Mr. Michael C. Smith
                              Scheef & Stone, LLP
12                            113 East Austin Street
                              Marshall, Texas 75670
13
                              Mr. Henry Pogorzelski
14                            K&L Gates, LLP
                              2801 Via Fortuna, Suite 650
15                            Austin, Texas 78746

16                            Ms. Courtney Neufeld
                              K&L Gates, LLP
17                            925 Fourth Avenue, Suite 2900
                              Seattle, Washington 98104
18

19   For the Defendant:       Mr. Benjamin A. Herbert
                              Kirkland & Ellis, LLP
20                            555 South Flower Street
                              Suite 3700
21                            Los Angeles, California 90071

22                            Mr. Gianni L. Cutri
                              Kirkland & Ellis, LLP
23                            300 North La Salle
                              Chicago, Illinois 60654

24

25
```

**(Appearances Continued:)**

For the Defendant:          Ms. Kathy H. Li
                            Kirkland & Ellis, LLP
                            401 Congress Avenue
                            Austin, Texas 78701


Transcriber:                Ms. Lily Iva Reznik, CRR, RMR
                            501 West 5th Street, Suite 4153
                            Austin, Texas 78701
                            (512)391-8792


Proceedings reported by digital sound recording,
transcript produced by computer-aided transcription.

```
 1              (Proceedings commence at 10:05 a.m.)
 2         THE COURT:  All right.  Good morning, everybody.
 3         We're here for a discovery dispute and I'm going
 4    to start by asking Ms. Copp to call the case.
 5         THE CLERK:  Yes, your Honor.
 6         Calling Case No. WA 22-CV-50, styled, Midas Green
 7    Technologies, LLC vs. Rhodium Enterprises, Incorporated,
 8    et al, called for a discovery hearing.
 9         THE COURT:  All right.  Could I have
10    announcements starting with the plaintiff.
11         MR. SMITH:  Yes.  For the plaintiff, your Honor,
12    Michael Smith, Henry Pogorzelski and Courtney Neufeld, and
13    we're ready to proceed.
14         THE COURT:  All right.  Very good.
15         And for the defendant.
16         MS. LI:  Good morning, your Honor.
17         Kat Li of Kirkland & Ellis on behalf of the
18    defendants.  With me is Gianni Cutri and Ben Herbert.  And
19    today, Mr. Cutri will be doing the primary speaking.
20    We're ready.
21         THE COURT:  All right.  Very good.  Well, I -- so
22    I looked over the parties' chart and -- you know, the
23    discovery dispute chart that they submitted, and just to
24    make sure I've got myself oriented properly, it looks like
25    it's an issue regarding whether plaintiff has properly
```

1  charted all of the products that plaintiff contends

2  practice the patent for purposes of a lost profit claim.

3  Am I understanding that right?

4        MR. CUTRI:  I think, your Honor, that it's for

5  multiple purposes, but in essence, your Honor is right.

6  Plaintiff has charted two products or three, depending on

7  the way they count, out of the 11 that they contend

8  practice the invention, and they contend that those

9  products -- they will rely on these products to show

10 secondary considerations, in particular, commercial

11 success.  That's an issue they bear the burden on.  And

12 that they plan to use those products for lost profits,

13 which is another issue that they bear the burden on.

14        We've asked them if that's the case and they've

15 confirmed that yes, they do plan to rely on those other

16 products, and do plan to tell the jury that they -- that

17 their asserted claims are practiced by those products.

18        THE COURT:  Okay.

19        MR. POGORZELSKI:  Your Honor --

20        THE COURT:  Yeah.  Go ahead, Mr. Pogorzelski.

21        MR. POGORZELSKI:  Your Honor, I think Mr. Cutri

22 is a little going overboard.  We are relatively early in

23 the case and the issue of whether we will -- whether we

24 will have a lost profits claim and the sorts of secondary

25 factors that we'll assert is premature right now.  We're

1  early in the case and what we have here is, you know, we

2  have provided certain charts, and the question before the

3  Court, I think, is whether the representative charts are

4  sufficient or whether we have to chart every single

5  product that we contend is made according to our patent.

6          THE COURT:  Okay.  Yeah.  And the thing that was

7  throwing me off is when I first looked at the chart, I had

8  assumed we were talking about infringement contentions;

9  but then, after reading through it, I realized we were

10 talking about charts created by the plaintiff on the

11 plaintiff's own products.  So that's what struck me as a

12 somewhat unusual situation.

13         MR. CUTRI:  It is, your Honor.  And, your Honor,

14 could I -- well, I'm happy to address the motion in

15 whichever fashion you'd like.  I could respond to what Mr.

16 Pogorzelski said and maybe make my affirmative case if

17 that works for your Honor.  But I'll proceed in whatever

18 fashion you prefer.

19         THE COURT:  Yeah, let's do that.  Let me -- I'll

20 start by telling you that in general, you know, the Court

21 allows -- at least go in the typical fashion where the

22 plaintiff is charting the infringing products and

23 infringement contentions.  That's what struck me as

24 unusual when I read the disputed or the interrogatory at

25 issue.  I was thinking, well, that's the reason for

1  preliminary infringement contentions.  And then, I

2  realized, well, we're not talking about infringement

3  contentions, so it's a little bit different.  But I will

4  say that for preliminary infringement contentions, we

5  typically allow parties to chart representative products

6  as opposed to having to chart every single product.

7          So with that kind of general practice in mind,

8  Mr. Cutri, if you want to go ahead and argue the

9  defendants' position or your position on this, please

10  proceed.

11          MR. CUTRI:  Absolutely, your Honor.  And thank

12  you for taking the time with this issue.  It's an issue of

13  significant importance for us as the defendant.

14          So in this case, the plaintiff contends that 11

15  of its products practice the asserted claims.  They

16  confirm that they want to tell the jury that all 11 of

17  these products practice the asserted claims and that

18  they're going to use those products to demonstrate lost

19  profits, which is an issue they bear the burden on.  And

20  for -- to try to establish that their patent, their

21  invention was commercially successful, another issue they

22  bear the burden on.

23          We want to challenge that contention, Judge, and

24  that's really why we need them to supply what they've

25  already supplied for some of the products, for all of the

1 products but, in more particularly, on an

2 element-by-element basis, a claim chart for all 11

3 products.  We've supplied cases and the case law is

4 unequivocal that when a plaintiff makes a broad

5 contention, they're required to supply an

6 element-by-element claim chart and that makes sense.  This

7 is not a scenario where the plaintiff can just assert

8 their claim chart is, quote, representative because we

9 dispute that the remaining products practice the claims.

10 And it's only the plaintiff who can make out that case.

11          If you were to allow a plaintiff to say, well,

12 this is representative, what we believe is happening here

13 is, the plaintiff cannot make out its case that the other

14 products practice these claims.  And they're trying to use

15 the representative concept as a way to avoid having to

16 make their proofs.  And so, what we are left with is a

17 situation where the plaintiff wants to just say, well,

18 we'll just tell you how two of the products work and you

19 have to take our word for it that we have evidence and we

20 could supply you with other claim charts, but we're not

21 going to do that.

22          To be clear, the plaintiff has told us they have

23 already figured out their positions on these other

24 products.  So this is not a situation where there's an

25 undue burden here.  They've already told us of all the

1  products we made, these are the 11 that practice the

2  asserted claims.  And this is not undue burden.  The

3  reason that, you know, the representative concept doesn't

4  work here is representative when a plaintiff makes a

5  representative assertion in the context of infringement,

6  the plaintiff says all of my entire case rises and falls

7  with these products.  So if you prove that these don't

8  infringe, then none of the products infringe.

9          Here, what the plaintiff has done is, they've

10  done for two or -- the two products they have charted,

11  they haven't even charted all of the asserted claims,

12  that's number one.  And then, number two, we've looked and

13  we don't believe that they could actually establish that

14  certain of the claim elements, many of the claim elements

15  are found in these other products.  And we've actually

16  asked them.  We've said, well, if you're saying

17  representative, are you willing to agree right now that

18  those two products that you've charted, one, for the

19  claims you haven't charted, you'll never try to say that

20  those other products practice them, and they said no, no.

21  We are going to later in the case show up with a different

22  contention.

23          So we straightaway said this is not

24  representative in the sense that the plaintiff typically

25  says representative.  And then, two, we said, well, were

1  the products in claims you have charted?  If we establish

2  that those products don't practice the claims, will you

3  agree that none of the products practice the claims?  And

4  this was in a meet-and-confer I had two weeks ago, they

5  said absolutely not.  We are going to reserve our right to

6  show up later with new contentions as to those other

7  products.

8         And so, the reason representative doesn't work

9  here is, it doesn't work in two different -- in both --

10  either direction.  First, it's not representative because

11  the plaintiff, we believe, can't make out their case as to

12  the other nine products.  And then, additionally, the

13  plaintiff is also saying, and for the ones we have made

14  out some claim charts for, we will not agree that our case

15  rises and falls.  But to be clear, even if they were to

16  make that agreement, that would be insufficient because we

17  need to see the gaps -- we need to see how they are

18  filling in the gaps in the claim charts that we know

19  exist.

20         Again, the plaintiff -- now for the plaintiff's

21  point -- from the plaintiff's perspective, this is

22  relatively simple.  They said they've done the work.  They

23  say that have charted the products internally.  They say

24  that they don't need any discovery from anyone else.  They

25  don't need, you know, us to tell them how their products

1    work.  They don't need us to tell them how they're reading

2    the claims on their own products.  This is a scenario

3    where there's zero burden, right?  And a representative

4    stipulation is usually a case where there's a lot of

5    effort involved.

6              But if you look at the plaintiff's submission,

7    they say straightaway, the charts that we're asking for,

8    quote, will duplicate the charts already provided.  And

9    we're talking about 11 products and two patents and a

10   number of claims.  This is not thousands of products or

11   hundreds of claims.  This is a small amount of work that

12   the plaintiff, again, has done for some of the products

13   and some of the claims and has shared with us those

14   positions, and they say they have done it for the others.

15             So what we believe is appropriate here, your

16   Honor, is to just say, look, for what you've done for some

17   of them, the defendant disputes that, disputes that

18   they're representative.  The defendant believes that there

19   are elements that aren't found.  That's their prerogative.

20   Since you bear the burden when it comes to a discovery

21   request, you have to turn over the information.  If you

22   say it's there and if you're saying it's duplicative and

23   we would just be able to -- we, the plaintiff, have

24   already done the work, then we just want them to turn over

25   to us the work that they say they've already done.

1    And so, you know, your Honor, I could address
2  they have a point about experts, but I don't think this is
3  a situation where they need an expert and they've conceded
4  as much.  This is a situation where they've already
5  created charts and they didn't need an expert to create
6  the charts.  They've already concluded that the other
7  products practice the claims.  They didn't need an expert
8  for that.

9    So at the end of the day, the plaintiff should
10  not be able to get up and say all of these products
11  practice the invention but then, refuse to give us in
12  discovery the evidence that backs that up.  And so, we
13  would ask the Court to tell the plaintiff, give them your
14  products, your claims, give them the contentions.  If
15  you're right and the contentions are correct, then you
16  haven't lost anything since you've already done the
17  analysis.

18    THE COURT:  Okay.  Let me hear from Mr.
19  Pogorzelski.

20    MR. POGORZELSKI:  Yes, your Honor.  Thank you.

21    First off, we haven't charted these products
22  already.  And so, it's not correct to say that there's no
23  undue burden.  Your Honor, what I would say first, in
24  summary, this is a proportionality case.  And if I may
25  share my screen.

```
1              THE COURT:  Certainly.

2              MR. POGORZELSKI:  Would that be acceptable?

3              THE COURT:  That'd be fine.  Yeah.

4              MR. POGORZELSKI:  Okay.  So I want to go to first

5   principles because that's important.  And I hope that you

6   can see a chart that has rule -- has Rule 26 in front of

7   you.

8              THE COURT:  I can.

9              MR. POGORZELSKI:  Okay.  Great.

10             So the standard is relevant and proportional to

11  the needs of the case.  And so, I would say, your Honor,

12  we submit you have to look at the proportionality

13  standards.  And so, the Court is correct to say, this is

14  an unusual case.  We're not arguing about infringement

15  contentions.  We're not arguing about invalidity

16  contentions.  We're arguing about whether the defendant

17  can make the plaintiff go through the trouble and the

18  expense of charting all of the products that it currently

19  says that it will -- that are practicing its claims.

20             Now, defendant is saying that okay, well, it's

21  relevant to the issue of lost profits and it's relevant to

22  the issue of secondary factors.  And what I would submit,

23  your Honor, is that those issues are not key issues at

24  this point in the case.  If charting -- if the plaintiffs

25  would always have to chart its products, then that should
```

1   be in the local rules.  That should be in the local patent

2   rules, but it's not.

3          So if I may, I want to share the case that we're

4   relying upon because it is highly relevant and that's the

5   Stratus case that we've referenced.  So Stratus is a

6   discovery dispute, but it is important because it explains

7   -- it explains that in certain instances when parties are

8   required or when parties are asked to do charting, you put

9   it in the expert report.  So now, in this case, we've got

10  secondary factors and then, we've got this issue of lost

11  profits, and we submit that those are the quintessential

12  issues that are put into expert reports.

13         So now, Stratus was this case where the court was

14  counting interrogatories.  People didn't want to copy

15  interrogatories.  But what I want to highlight is what the

16  facts of this case were.  In this case, the plaintiff was

17  asked to provide invalidity -- I'm sorry, validity charts

18  and plaintiffs normally don't provide validity charts.

19  And that's what this Interrogatory No. 12 is.  And the

20  Court said, oh, by the way, for interrogatories that are

21  typically answered in expert reports, the Court's usual

22  practice is to allow a party to defer answering the

23  interrogatory until the corresponding expert report is

24  due.  Interrogatory No. 12 is such an interrogatory.

25         We respectfully submit that defendants'

1   Interrogatory No. 4 in this case is also such an

2   interrogatory.  So going back to the factors, this is not

3   a case where these charts are of key importance.  They're

4   really -- this is something that's going to be addressed

5   long down the case.  Now, looking at the other factors,

6   amount in controversy, I think that's neutral.  The

7   parties' relative access to the information.

8           Now, we've provided or we'll shortly provide

9   discovery for all of these 11 products.  Defendants are

10  fully capable of looking at these products and determining

11  their position as to whether or not they are made

12  according to the patent.

13          Next issue is party's resources.  Just to be

14  clear, Plaintiff Midas is a small startup in Austin,

15  Texas.  We have about 10 employees in Austin.  We have

16  maybe another five to seven in a back office in Mexico.

17  Defendants in this case has -- according to their latest

18  SEC filing is valued at $650 million and has 96 employees

19  and three independent contractors.  So in terms of

20  resources, yeah, I'm sure defendants would love to

21  generate additional busywork for this firm for my client

22  to have to deal with.  Our position is, this factor also

23  favors denial.

24          Now, next issue, the importance of the discovery

25  in resolving the issues.  This isn't something where we're

1   withholding charts.  If I have the charts, I would hand

2   them over.  Now, in the case of the three charts we did,

3   these charts were generated towards the end of a prior

4   case, so we handed them over.  But that's not the same as

5   admitting their relevance.  It's not the same as admitting

6   that this discovery is proportional to the needs of the

7   case.

8          And then, finally, whether the burden and expense

9   of the proposed discovery outweighs its likely benefit.

10  So if Mr. Cutri, if defendants want to argue that, hey,

11  we're just wrong, none of our products are made according

12  to our patent, they don't need discovery from us.  They

13  have their own experts and this is simple mechanical

14  technology.  This is not like rocket science.

15         Defendants don't need us to generate 11 more

16  charts in order to prove up our theory that our products

17  are made according to our patent.  So in sum, this is a

18  proportionality case.  Defendants are trying to generate

19  extra work for us and there's no real benefit.

20         THE COURT:  Okay.  Mr. Pogorzelski, is plaintiff

21  -- setting the chart aside, is plaintiff providing

22  discovery only for the products that were charted, or will

23  they be providing discovery on all of plaintiff's

24  products?

25         MR. POGORZELSKI:  Your Honor, we will -- if we

1    haven't done it already, we will be producing discovery on

2    all of these products.  We're not withholding anything.

3    And as a backdrop, your Honor, there was a prior

4    litigation between Midas and a -- and an affiliated

5    company of the defendants' and during that litigation, we

6    produced essentially all the documents we had for our

7    products made according to the patent.

8            In accordance with an agreement we reached, all

9    of those documents from the prior case have already been

10   produced.  So, your Honor, I'm not representing that they

11   have every CAD file for every product made according to

12   the patent, but we're not withholding it and they will get

13   it if they don't have it already.

14           THE COURT:  Okay.  All right.  So here's what I'm

15   going to do and it's how we would -- how I would normally

16   address this if this was involving plaintiff's

17   infringement contentions.  But the Court typically permits

18   infringement contentions in the form of representative

19   products.  For example, if there are 100 products accused

20   and the plaintiff wants to just chart one product under

21   the allegation that the rest -- that that one is

22   representative of the others, that's something that we

23   typically permit.

24           So I'm going to permit plaintiffs to do that in

25   this case where they're talking about their own product.

1  Since they are providing discovery on it, Mr. Cutri,

2  defendant will be free to undercut and demonstrate and

3  analyze how some of the discovery might show that, in

4  fact, the second or third products are different from the

5  one that was charted and, therefore, the chart's not

6  representative.

7       Now, I will tell plaintiff that if you do intend

8  -- much like infringement contentions, if you do intend to

9  rely on the plaintiff's products practicing the patent,

10  different claim element -- or claims of the patents, then

11  you're going to -- for the representative products, I

12  think it's incumbent on you to provide charts for each of

13  the claims that you will want to later contend are

14  practiced by your patent.

15       So if your expert's going to provide a report at

16  some point and say that plaintiff's products practice

17  claim 1 and claim 1's the one you've already charted, then

18  I think you're fine.  But if your expert wants to say the

19  plaintiff's products practice claims 1, 3 and 7, then in

20  response to Interrogatory 4, I think it's -- then you're

21  going to need to provide not necessarily infringement

22  contentions but the plaintiff's equivalent to show that

23  this is how we contend our representative product

24  practices claims 1, 3 and 7, or whatever ones you're going

25  to contend it practices.

```
1              But I'm not going to order you to provide charts
2    on all 10 products, but will order that you provide charts
3    on every claim that your -- you contend your product
4    practices.  And then --
5              MR. POGORZELSKI:  So every asserted claim --
6              THE COURT:  Pardon?
7              MR. POGORZELSKI:  I'm sorry.  So, your Honor,
8    you're saying every asserted claim that we contend, we'll
9    have to provide a representative chart?
10             THE COURT:  Correct.  That you contend.  So if
11   you only want to contend that the products practice one of
12   the claims and you're happy with that contention because
13   it gets you where you need to be, then you'll only need to
14   provide a chart on that one claim.  But if you want to be
15   able to have your expert say not only does it practice
16   claim 1, but it practices these other claims, as well,
17   then you need to provide charts on those other claims.
18             You're essentially going to be cabined or limited
19   to what you've charted when your expert testifies as far
20   as the claims practiced by plaintiff's products.  Does
21   that make sense?
22             MR. POGORZELSKI:  Yes, your Honor.
23             THE COURT:  Okay.  And again, if it's going to be
24   plaintiff's contention that the products charted are
25   representative of all of plaintiff's products, as long as
```

1    that contention's clear from the interrogatory response,

2    then the chart's sufficient, especially in light of the

3    fact that plaintiff is still going to provide complete

4    discovery so that if defendant wants to come in later and

5    say, look -- going with the commercial success argument

6    says, look, the commercial success is product No. 2 and

7    it's not at all like product No. 1 and we could show you

8    why, then you'll have the discovery necessary to do that

9    in response.

10        MR. CUTRI:  Your Honor, thank you.  And I just

11   wanted to clarify on that -- in that scenario, if we say,

12   here's product 5 that was uncharted by the plaintiff and

13   we say product 5 is -- does not practice the invention and

14   our expert gets up and says it's missing, you know, the

15   control facility and we say that product was very

16   commercially successful and, therefore, there's no

17   commercial success.  Am I to understand your ruling that

18   the plaintiff cannot at that point say, oh, wait a second,

19   here's how product 5 practices.

20        In other words, consistent with what you said,

21   the plaintiff can -- the plaintiff's expert can only

22   testify about the products that they've charted.  Because

23   the reason I raise that, your Honor, is because I think a

24   great number of these, there's going to be sort of an

25   absence of proof-type argument, and I don't want to be

1   surprised at trial if -- with the plaintiff coming back

2   and saying, well, you're right.  Now that we realize

3   there's an absence of proof, we're going to show up with

4   our expert and expert's going to start talking about

5   product No. 5.

6           So that's -- and we're happy to tell the

7   plaintiff, hey, these are the problems, but we just want

8   to make sure that since the plaintiff wants a

9   representative case, the plaintiff's going to get a

10  representative case, which means they don't get the

11  ability later to come in and say, oh, wait a second, now

12  that we understand our proof problem, we're going to come

13  in with a new contention as to product 5, for example.

14          THE COURT:  Okay.  And I think I follow you.  The

15  difficulty is that it's -- at this early of the stage,

16  it's kind of hard to really define all of the boundaries.

17  So if plaintiff wants to say that products 1 and 2 have

18  been charted and their expert says, look, 1 and 2 have

19  been charted and they're representative and they practice

20  all the claim elements, and then, defendants' expert comes

21  in and says, well, no, really, the commercial success is

22  on this uncharted product and it does something completely

23  different and here's why.  Plaintiff's expert obviously is

24  free to go back and say no, no, I disagree.  I think it

25  does work the same way as the representative product as I

1    stated before and here's why.  And then, you've just got

2    essentially a fact question that the jury needs to sort

3    out.

4           However, if there's some unique aspect of a

5    product -- and this is all somewhat advisory at this stage

6    of the case, but I'm going to pick a claim element that

7    hopefully is not in this case as an example.  But say the

8    plaintiff's expert has charted a product as representative

9    and a claim element requires a rod, and one of the

10   subsidiary uncharted products, say, uses a tube and

11   defendants' expert says it's not -- that's not

12   representative because it's not a rod, it's a tube.  And

13   plaintiff wants to come back and somehow change its

14   allegations to say, well, rods and tubes are covered by

15   this claim element.  That's going to be not

16   representative, I would think, though, you know, with

17   patent lawyers, I could see that also becoming a claim

18   construction issue as to whether a tube can be a rod.

19          But anyway, that's about as good as I can do at

20   this stage without expert reports because the essence of

21   it is, whatever makes it into plaintiff's expert report

22   has to be supported by evidence and statements made during

23   discovery.  And so, if expert -- I mean, if plaintiff

24   wants their expert to say, you know, I think all the

25   products are representative and I think they practice

1   claims 1, 3 and 5, then we should be able to look back at

2   these -- this interrogatory response and plaintiff's

3   contention as to how that product practice 1, 3 and 5.

4   And then, if defendant expert wants to say that it doesn't

5   for some specific reason, it's likely that that will wind

6   up being a fact dispute but if -- you know, if plaintiff

7   wants to come in later and say, well, the chart's

8   representative of these nine products and No. 10 is --

9   practices the patent in this completely different way that

10  we didn't tell the defendant about during discovery, that

11  will be a problem.

12          MR. CUTRI:  Yeah.  Yeah, your Honor.  So that's

13  helpful.  We will work with the plaintiff obviously when

14  we get the charts.  And I assume it's okay with the Court

15  if one of these issues is ripe now, for example, like if

16  we could identify them now, we should just work with the

17  plaintiff and try to work that out and raise it with you

18  if that's something we can't quite figure out.

19          THE COURT:  Yeah.  That's fine.  And what I'll do

20  is enter an order -- and I'll ask the parties to just

21  jointly submit an order.  But what I'm going to order is

22  sort of a granting in part and denying in part.  I'm going

23  to grant defendants' request to the extent that plaintiff

24  needs to chart all claims that it believes its

25  representative products practice.  However, I'm going to

1    deny the request for plaintiff to provide charts for every

2    product if it's plaintiff's contention that the charted

3    products are representative of all the other products.

4    And of course, plaintiff will still provide discovery on

5    all the products.  Not just the ones charted.

6              MR. CUTRI:  Thank you, your Honor.

7              THE COURT:  Okay.  Is there anything else on

8    behalf of defendant today?

9              MR. CUTRI:  No, your Honor.  Thank you.

10             THE COURT:  Okay.  Mr. Pogorzelski, anything on

11   behalf of plaintiff?

12             MR. POGORZELSKI:  No, your Honor.

13             THE COURT:  All right.

14             MR. CUTRI:  Actually, your Honor, there is one

15   thing.  We are working with the plaintiff to get

16   conception and reduction to practice evidence, they've

17   agreed to, I think, provide it by today.  If we have -- we

18   have an agreement with them to get that material today.

19   But if that doesn't come to fruition, we'll work with

20   them; if not, you may be seeing us in the near term.  We

21   actually had a entire chart ready to be submitted on that

22   issue, but we were able to work it out with the

23   plaintiffs.  So we'll look forward to their production,

24   but if not, we'll be with you relatively soon.

25             THE COURT:  Okay.  And kind of along those lines,

1    I just want to make a note for everybody involved that

2    both sides have exceptional local counsel in Mr. Smith and

3    Ms. Li, and I'm sure they'll encourage y'all and help

4    y'all work together.  But if you can't work something out,

5    that's what I'm here for.

6              MR. CUTRI:  Thank you, your Honor.

7              MR. POGORZELSKI:  Thank you, your Honor.

8              THE COURT:  So with that, we'll be adjourned.

9              MR. CUTRI:  Thank you.

10             MR. SMITH:  Thank you, your Honor.

11             (Proceedings conclude at 10:34 a.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                    REPORTER'S CERTIFICATE

4

5      I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING

6  WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE

7  TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT

8  TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE

9  PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE

10 TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY

11 THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES,

12 ON THIS 9th DAY OF NOVEMBER, 2022.

13

14

15                      *Lily Iva Reznik*

16                 ~~~~~~~~~~~~~~~~~~~~~~~~~
                   LILY I. REZNIK, CRR, RMR
17                 Official Court Reporter
                   United States District Court
18                 Austin Division
                   501 West 5th Street, Suite 4153
19                 Austin, Texas 78701
                   (512)391-8792
20                 SOT Certification No. 4481
                   Expires: 1-31-23

21

22

23

24

25