UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**; **Rhodium Technologies LLC; Rhodium 10mw LLC**; **Rhodium 2.0 LLC; Rhodium 30mw LLC**; **Rhodium Encore LLC; Rhodium Industries LLC; Rhodium JV LLC; Rhodium Renewables LLC; Rhodium Shared Services LLC; Rhodium Shared Services PR Inc.; Chase Blackmon; Cameron Blackmon; Nathan Nichols; Rhodium 2.0 Sub LLC; Rhodium Encore Sub LLC; Rhodium Renewables Sub LLC; Rhodium Ready Ventures LLC; Rhodium 10MW Sub LLC; Rhodium 30MW Sub LLC; i Ventures Enterprises LLC (fka Energy Tech LLC); Air HPC LLC; Jordan HPC LLC**; and **Jordan HPC Sub LLC**. | |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF THEIR OPPOSED MOTION TO MODIFY SCHEDULING ORDER**

## Introduction

The question before the Court is: Can Defendants withhold responsive non-email documents because the parties are separately negotiating a protocol for email discovery? The answer is no. Midas served its first set of discovery requests on Defendants *more than four months ago*. In response, Defendants stated they would produce documents responsive to many of those requests. Yet to date, Defendants have produced only approximately 60 non-public documents, half of which Defendants produced on the same day they served their Opposition to this Motion. There is simply no reason for Defendants' delay. Separately, the parties are negotiating a protocol to collect email discovery that could take some time to resolve. This negotiation on email discovery has no bearing on Defendants' ability to collect and produce *non-email* documents. Defendants' insistence on setting a single deadline for the completion of email and non-email production is nothing more than a transparent attempt to further delay producing non-email documents readily available to them. The Court should not permit this gamesmanship. An amendment to the Scheduling Order to add a deadline for the parties to substantially complete non-email documents is necessary to prevent any further prejudice to Midas. Midas has long since complied with its discovery obligations (and is continuing to do so, and has provided updates to Defendants on status) and has produced thousands of documents in this case. Despite repeated requests since November, Defendants have refused to provide any information at all on the status of their collections and productions.

As the deadline Midas originally requested has passed due to extensions sought by Defendants, Midas respectfully modifies its requested relief to a deadline of February 10, 2023 for the substantial completion of non-email document production—a date proposed by Defendants themselves for both email and non-email discovery on a meet and confer and then later made contingent on Midas first conceding to Defendants' demands concerning email discovery— and February 24, 2023 to exchange privilege logs for the non-email production.

**Argument**

A. *The Court should resolve this Motion on the merits.*

As a preliminary matter, Defendants' argument that Midas' Motion is procedurally improper is meritless. First, Midas satisfied its meet and confer obligations. Midas raised the issue of a substantial completion date for Defendants' document production on November 19, 2022. *See* Dkt. 73-3 at 5. Midas subsequently asked Defendants to meet and confer on this issue *three times over twelve days*. *See id.* at 1–3. Defendants did not provide their availability in response to Midas' first two requests. *See id.* Then, Defendants waited three business days to respond to Midas' third request, and only responded well after close of business, 12 minutes before Plaintiff filed this Motion. *See* Dkt. 75 at 1–2; Dkt. 80-1 at 4. Midas was entitled to seek relief from the Court after Defendants rebuffed Midas' multiple attempts to resolve this issue.

Second, Defendants' argument is moot because the parties are at an *impasse*. Since filing this Motion, the parties have engaged in extensive discussion but fundamentally disagree about whether substantial completion of non-email discovery should be tied to substantial completion of email discovery. *See, e.g.,* Dkt. 80-5 at 2. The parties last met and conferred on January 4, 2023 and do not intend to meet and confer further on this issue because Defendants insist that a substantial completion deadline cannot be set until email discovery is resolved—and it is very likely that court intervention will be required on that issue because the parties remain far apart. Defendants also continue to not provide any information on the status of their collections and document productions, and have produced few responsive documents to date. Thus, Court adjudication on merits is appropriate. *See Johnson Controls, Inc. v. A.M. Goodson Co.*, 2006 WL 8434195, at *3 (W.D. Tex. Nov. 21, 2006) (excusing failure to confer because "it does not appear reasonably likely that a conference would have resolved the dispute or streamlined the issues required to be resolved by the Court."); *Tijerina-Salazar v. Venegas*, 2021 WL 6011137, at *7 (W.D. Tex. Dec. 20, 2021) (deciding motion on the merits without certificate of conferral because the parties "have managed to confer with each other since Plaintiff filed his motion, and . .

. the Court believes it clear that the two parties are unable to settle the dispute over the remaining discovery items . . . .").

> B. *There is no reason to tie substantial completion of non-email discovery to substantial completion of email discovery.*

Defendants' Opposition misstates Midas' position on email discovery and attempts to use it as an excuse to further delay their production of non-email documents. Defendants claim Midas "insists that email production should not have any deadline." Dkt. 80 at 5. This is false. Indeed, Midas agrees that email discovery is necessary in this case and has indicated it will agree to a deadline for the substantial completion of email discovery. *See* Dkt. 80-1 at 2. Midas even said it would agree to February 10, 2023 as the mutual deadline for both email and non-email discovery—which Defendants themselves proposed—but Defendants have refused.

Rather, Midas' position is that there is no need to delay Defendants' production of non-email documents while the parties negotiate the *separate* issue of email discovery. On the one hand, there is nothing preventing Defendants from completing their non-email production. In their discovery responses—served more than three months ago—Defendants agreed to produce certain documents responsive of Midas' discovery requests. These include basic documents in Defendants' possession such as documents showing how many Accused Products are currently in use, Agreements between Rhodium and the Individual Defendants, internal financial documents, and Rhodium's presentations and disclosure documents to investors. The Rhodium Defendants are sophisticated well-resourced companies capable of expeditiously collecting the documents at issue.

It appears, however, that Defendants intend to backload their document production until the last possible moment. When Midas filed its Motion, the Rhodium Defendants had produced only *30* technical documents pursuant to the Court-ordered deadline for disclosure of documents showing the accused instrumentalities, and none in response to Midas' discovery requests. After Midas filed its Motion, the Rhodium Defendants made another document production on January 10, 2023—the same day Defendants file their Opposition. *See* Dkt. 80 at 6 n.1. The timing of this

last production strongly suggests it was made in response to Midas' pending Motion, and that Defendants would have continued to delay their production if not for Midas' actions to move this case forward. Defendants' last production contained only 34 documents, some of which are publicly available. Thus, in total, Defendants have produced at most approximately 60 non-public documents in response to Midas' discovery requests. Despite repeated inquiries, Midas is unaware of what efforts Defendants have made to collect responsive documents, when Defendants will make their next production, or when Defendants will complete their production.

On the other hand, the parties are still negotiating the terms of its ESI stipulation, including the scope, custodians, and search terms for the collection of emails. There are some significant differences in the parties' position that require further negotiation and potential court intervention. This is entirely different than the situation with Defendants' non-email documents—where Defendants have already agreed to produce documents, have had months to collect them, and are more than capable of producing them in short order. There is simply no reason to further delay that production because the parties are negotiating a *separate* issue that does not impede Defendants' ability to produce non-email discovery.

Unfortunately, Court invention is necessary to ensure Defendants do not delay their non-email document production any further. With the close of discovery just over three months away, it is imperative that Midas receives Defendants' documents so it can prepare its case. Setting a single deadline for email and non-email production, which will be contingent upon the parties resolving several disputes on email collection protocol, will only give Defendants room to delay their non-email production indefinitely until that issue is fully briefed and resolved. Midas wants to move this case forward expeditiously and begin taking depositions, but cannot do so because Defendants appear to be tactically withholding their document productions. This is unreasonable because, as stated above, there is nothing preventing Defendants from producing those documents much earlier. And, critically, Defendants have offered no reason, either in its opposition here or during the meet and confer process, why it could not comply with a February 10, 2023 deadline for substantial completion of non-email documents.

### C. Midas' modified request for relief.

Recognizing that Midas' initial proposed deadline of January 6, 2023 has passed due to extensions to the briefing schedule, Midas asks that the Court set a deadline of February 10, 2023 for the substantial completion of non-email discovery. This is an achievable deadline that Defendants have expressly offered. *See* Dkt. 80-5 at 5 (email from Defendants' counsel stating "Defendants are amenable to a substantial completion of all document discovery, including e-mail discovery, by February 10, 2023."). Midas also asks that the Court set the deadline for the parties to exchange privilege logs on February 24, 2023, two weeks after the date for substantial completion of non-email production. The parties have agreed in principle that this is a reasonable timeframe for the production of privilege logs. *See* Dkt. 80-5 at 6 (email from Defendants' counsel stating, "[w]e are fine producing a privilege log shortly after production but we will need at least two weeks after the substantial completion of production to provide a privilege log"); Dkt. 80-5 at 4 (email from Midas' counsel stating, "we are amenable to the parties providing a privilege log within two weeks after producing email documents, or after producing documents responsive to Midas RFP after the substantial completion date."). Midas' modified request is reasonable in light of the parties' discussions and necessary to prevent further prejudice to its ability to prepare this case.

## Conclusion

For the foregoing reasons, Midas respectfully requests that the Court modify the parties' current Scheduling Order [Dkt. 54] to add (1) February 10, 2023 as a new deadline for the parties' substantial completion of non-email document production; and (2) February 24, 2023 as a new deadline for the production of privilege logs for the parties' non-email document production.

Dated: January 17, 2023

Respectfully submitted,

*/s/ Ruby Nagamine*_____
Ruby Nagmine
Nicholas F. Lenning
K&L Gates, LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: (206) 370-6685
Fax: (206) 370-6006
Ruby.nagamine@klgates.com
Nicholas.Lenning@klgates.com

Henry M. Pogorzelski
Texas Bar No. 24007852
K&L Gates LLP
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Telephone: (512) 482-6800
Fax: (512) 482-6859
henry.pogorzelski@klgates.com

James A. Shimota
Gina A. Johnson
Benjamin E. Weed.
K&L Gates LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
gina.johnson@klgates.com
benjamin.weed@klgates.com

Michael C. Smith
Scheef & Stone, LLP
115 E. Austin Street
Marshall, Texas 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Counsel for Plaintiff
Midas Green Technologies, LLC

6

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have appeared electronically in this case are being served on January 17, 2023 via the Court's ECF system.

*/s/ Henry Pogorzelski*
Henry Pogorzelski