IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC,** | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC;**<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Industries LLC**;<br>**Rhodium JV LLC**;<br>**Rhodium Renewables LLC**;<br>**Rhodium Shared Services LLC**;<br>**Rhodium Shared Services PR Inc.**;<br>**Chase Blackmon;**<br>**Cameron Blackmon;**<br>**Nathan Nichols;**<br>**Rhodium 2.0 Sub LLC;**<br>**Rhodium Encore Sub LLC;**<br>**Rhodium Renewables Sub LLC;**<br>**Rhodium Steady Ventures LLC;**<br>**Rhodium 10MW Sub LLC;**<br>**Rhodium 30MW Sub LLC;**<br>**i Ventures Enterprises LLC (fka Energy Tech LLC);**<br>**Air HPC LLC;**<br>**Jordan HPC LLC;** and<br>**Jordan HPC Sub LLC.,**<br>Defendants. | |

## DISCOVERY ORDER

Plaintiff Midas Green Technologies, LLC ("Plaintiff" or "Midas") and Defendants Rhodium Enterprises, Inc.; Rhodium Technologies LLC; Rhodium 10mw LLC; Rhodium 2.0 LLC; Rhodium 30mw LLC; Rhodium Encore LLC; Rhodium Industries LLC; Rhodium JV LLC;

1

Rhodium Renewables LLC; Rhodium Shared Services LLC; Rhodium Shared Services PR Inc.; Chase Blackmon; Cameron Blackmon; Nathan Nichols, Rhodium 2.0 Sub LLC; Rhodium Encore Sub LLC; Rhodium Renewables Sub LLC; Rhodium Steady Ventures LLC; Rhodium 10MW Sub LLC; Rhodium 30MW Sub LLC; i Ventures Enterprises LLC (fka Energy Tech LLC); Air HPC LLC; Jordan HPC LLC; and Jordan HPC Sub LLC (collectively, "Defendants") raised the following discovery disputes with the Court by email submission on February 17, 2023.

I. **INTERROGATORY NO. 8 ("DAMAGES BASIS INTERROGATORY"):**

### Defendants' Position

The primary issue between the parties is whether Midas must abide by the Court's directive that "whatever makes it into plaintiff's expert report has to be supported by evidence and statements made during discovery" (11/7/21 Tr. at 13), or, as Midas insists, it can avoid answering any discovery it contends is "typically included in expert reports."

Interrogatory 8 seeks the factual bases underlying Midas's damages theory. Midas objects to answering, wrongly asserting that it need not do so until expert reports. Defendants are entitled to know what theories and evidence Midas is relying on so that they can challenge that evidence and develop responsive evidence. For example, if Midas seeks lost profits, Defendants would seek revenue, cost, and demand information pertaining to those products for which Midas claims lost profits, as well as evidence pertaining to other *Panduit* factors. If Midas seeks reasonable royalties based on allegedly comparable licenses, Defendants would seek evidence pertaining to the *Georgia-Pacific* factors, including the identity of those licenses. Courts regularly order early disclosure of damages theories, including via their local rules such as in D.Del. and N.D.Cal. *E.g. Honeywell Int'l Inc. v. Furuno Elec. Co.*, 2013 WL 2385224, at *3–5 (D. Minn. May 30, 2013) (granting motion to compel damages-related interrogatory prior to expert reports); *J&M Indus.,*

*Inc. v. Raven Indus., Inc.*, 2018 WL 1427952, at *3 (D. Kan. Mar. 22, 2018) (overruling patentee's objection to damage contention interrogatory).

Midas has confirmed it can supply this information, but refuses to do so. In a prior litigation between Midas involving the same Asserted Patents and the same counsel, Midas identified in its 11/25/20 Rule 26 disclosures its damages theory, provided comparable licenses, applied its theory to the accused revenues, and supplied a calculation of expected damages, all *without* expert discovery and well before the close of fact discovery.

Here, Midas previously resisted providing discovery pertaining to "lost profits," claiming that it was a "quintessential issue[] that [is] put into expert reports" and that *StratosAudio* supported its position. 11/7/21 Tr. at 13. The Court overruled that objection, noting that "whatever makes it into plaintiff's expert report has to be supported by evidence and statements made during discovery." *Id*. at 21.

**Relief Requested:** Overrule Midas's objection to Interrogatory No. 8 and order Midas to respond to Interrogatory No. 8 by providing its damages theory together with the factual bases underlying its theory, by February 27, 2023.

## Plaintiff's Position

Midas does not object to providing an overview of the damages theories on which it intends to proceed. Indeed, Midas disclosed that information in its initial disclosures, stating "the damages claims will include at least actual damages (both past and future) and other damages such as special damages, exemplary damages, a reasonable royalty, and any amounts to which Midas is entitled under 35 U.S.C. § 284." Defendants therefore already know Midas intends to seek lost profits or a reasonable royalty.

Midas does object to providing its "complete factual and legal bases" underlying those theories. This is content typically included in expert reports and this Court's "usual practice is to allow a party to defer answering the interrogatory until the corresponding expert report is due." *StratosAudio, Inc. v. Volvo Cars USA, LLC*, 2022 WL 1261651, at *3 (Apr. 28, 2022). Defendants notably cite no case law from this District—or even the Fifth Circuit—in support of their arguments that Midas must provide its expert report on damages now and offer no justification to depart from the Court's usual practice.

Contrary to Defendants' allegation, Midas does not have its expert report on damages prepared. Midas also corrects that it had different counsel in that prior case, which is no longer involved, and Midas' current counsel only became involved towards the end of that case. Midas' prior counsel served those disclosures, involving a different defendant, a different set of facts, and an earlier time period in Midas' history. Midas' decision in a different, earlier case to voluntarily provide disclosures it did not need to provide has no bearing on whether Midas now should be compelled to provide its expert report on damages now.

**Relief Requested:** The Court should deny Plaintiff's request. If the Court grants any portion of the relief sought by Defendants, the deadline for compliance should be at least 21 days after the order to allow Midas sufficient time to prepare its response with the information that it presently has available.

## II.  INTERROGATORY NO. 10 ("INFRINGEMENT BASIS INTERROGATORY"):

### Defendants' Position

Defendants' Interrogatory No. 10 seeks the complete basis for Midas's infringement allegations. Midas refused to answer this interrogatory, and instead, directed Defendants to Midas's Final Infringement Contentions ("ICs").

Midas's ICs, however, do not provide all information sought by this interrogatory, including Midas's bases for its allegations of contributory, induced, or literal/direct infringement.

Moreover, Midas's ICs did not identify all the evidence supporting its infringement bases. For example, claim 6 requires a "control facility" that "control[s] the operation of the primary fluid circulation facility as a function of the temperature of the dielectric fluid in the tank," and claim 1 has a similar "control facility" limitation.  Midas asserts the accused instrumentalities have a "control facility [that] includes *an automated controller with software* that monitors and controls the pumps, dry coolers, and temperatures of the dielectric fluid in the tanks through the use of sensors."  ICs at 29.  However, as evidence of that "automated controller with software," Midas quotes Rhodium's SEC filings, which do not recite an "automated controller with software" that controls pumps and dry coolers, much less the actual source code Midas believes contains this functionality. Midas also cites to a 312-page third-party Application Manual, a 66-page third-party "vendor protocol mapping," and two third-party "Startup Guides" totaling 100 pages, without identifying a single section or page within those almost 500 pages that allegedly show the "automated controller" or the "software" Midas is relying on.  These documents fail to provide Defendants notice of what Midas believes the "automated controller" or "software" to be and how it meets the "control facility" limitation. Defendants provided Midas with its source code and detailed technical materials months ago, but Midas has never reviewed the source code nor supplemented its ICs to identify portions of the source code or other documents, if any, that provide Defendants notice of Midas's infringement bases.

Midas's assertion that this issue was not raised in a meet-and-confer is incorrect, as the parties extensively discussed Midas's inadequate infringement allegations on 2/3/23 including the "control facility" limitation.  Midas should be compelled to include any evidence, including source

Case 6:22-cv-00050-ADA   Document 103   Filed 03/07/23   Page 6 of 10

code or other design drawings, on which Midas relies for its infringement claims for all asserted limitations.

Midas insists a plaintiff can withhold the details of its infringement position until expert discovery. Midas is wrong, as this Court has never ruled a plaintiff can surprise a defendant with specific evidence of infringement at expert discovery. Indeed, Midas previously made this same "wait until expert discovery" argument in resisting Defendants' request that Midas chart how its products practiced the claims. The Court not only overruled Midas's objection but warned Midas that failure to include evidence and complete claim charts during discovery would result in preclusion later. 11/7/21 Tr. at 17-23. The same applies here.

**Relief Requested:** Overrule Midas's objection to Interrogatory No. 10 and order Midas to answer Interrogatory No. 10 by providing its complete basis for its allegations of contributory infringement, induced infringement, or literal/direct infringement.

Order that, by no later than February 27, 2023, Midas shall supplement its infringement contentions to fully answer Interrogatory No. 10, including by identifying the evidence upon which Midas intends to rely, including source code, and specifically identifying the evidence offered in support of each asserted limitation.

<u>**Plaintiff's Position**</u>

If Defendants believed that Midas has not complied with the Court's OGP requirements concerning infringement contentions, the proper remedy would have been to raise these issues with Midas and, if a dispute remained, to move to compel compliant infringement contentions. Defendants have never done so. Indeed, Midas is learning of these alleged deficiencies for the first time in reviewing Defendants' position chart here. Defendants never met and conferred regarding any of these alleged deficiencies, instead asking only for a "complete response."

6

code or other design drawings, on which Midas relies for its infringement claims for all asserted limitations.

Midas insists a plaintiff can withhold the details of its infringement position until expert discovery. Midas is wrong, as this Court has never ruled a plaintiff can surprise a defendant with specific evidence of infringement at expert discovery. Indeed, Midas previously made this same "wait until expert discovery" argument in resisting Defendants' request that Midas chart how its products practiced the claims. The Court not only overruled Midas's objection but warned Midas that failure to include evidence and complete claim charts during discovery would result in preclusion later. 11/7/21 Tr. at 17-23. The same applies here.

**Relief Requested:** Overrule Midas's objection to Interrogatory No. 10 and order Midas to answer Interrogatory No. 10 by providing its complete basis for its allegations of contributory infringement, induced infringement, or literal/direct infringement.

Order that, by no later than February 27, 2023, Midas shall supplement its infringement contentions to fully answer Interrogatory No. 10, including by identifying the evidence upon which Midas intends to rely, including source code, and specifically identifying the evidence offered in support of each asserted limitation.

<u>**Plaintiff's Position**</u>

If Defendants believed that Midas has not complied with the Court's OGP requirements concerning infringement contentions, the proper remedy would have been to raise these issues with Midas and, if a dispute remained, to move to compel compliant infringement contentions. Defendants have never done so. Indeed, Midas is learning of these alleged deficiencies for the first time in reviewing Defendants' position chart here. Defendants never met and conferred regarding any of these alleged deficiencies, instead asking only for a "complete response."

This interrogatory seeks "the complete basis for all of [Midas'] infringement contentions"—i.e. Midas' expert report on infringement. This is content typically included in expert reports and this Court's "usual practice is to allow a party to defer answering the interrogatory until the corresponding expert report is due." *StratosAudio, Inc. v. Volvo Cars USA, LLC*, 2022 WL 1261651, at *3 (Apr. 28, 2022). Defendants notably cite no case law in support of their arguments that Midas must provide its expert report on infringement now and offer no justification to depart from the Court's usual practice.

This situation also is not analogous to the parties' prior dispute concerning charting Midas' representative products. Defendants already have extensive infringement contentions and claim charts of the Accused Products.

**Relief Requested:** The Court should deny Plaintiff's request.  If the Court grants any portion of the relief sought by Defendants, the deadline for compliance should be at least 21 days after the order to allow Midas sufficient time to prepare its response with the information that it presently has available.

### III.     INTERROGATORY NO. 14 ("SECONDARY CONSIDERATIONS BASIS INTERROGATORY"):

#### Defendants' Position

Defendants' Interrogatory No. 14 seeks, in part, identification of what secondary indicia of non-obviousness Midas believes exist for the asserted claims.  Midas refused to answer, again arguing that it could withhold any material that it considered within the province of its expert.  Midas made nearly the identical argument in refusing to answer Defendants' Interrogatory 4 (concerning Midas' products), insisting that "secondary factors" was an "expert report" issue that could be "defer[red]." The Court compelled the response over Midas's objection.  11/7/21 Tr. at 13, 17-23.

This type of interrogatory is standard in a patent case because Midas bears the burden to prove secondary considerations and Defendants are entitled to know what Midas will rely on in order to pursue discovery on those matters. For example, if Midas points to a product's commercial success, Defendants are entitled to know the identity and sales of that product, and Midas's evidence of nexus; or if Midas points to copying or praise by others, Midas is entitled to know what entity allegedly copied or praised the alleged invention.

**Relief Requested:** Overrule Midas's objection to Interrogatory No. 14 and order Midas to answer Interrogatory No. 14 by identifying each secondary consideration or other objective evidence of non-obviousness that Midas alleges is relevant (e.g., commercial success, long-felt need, commercial acquiescence, expressions of skepticism, copying, teaching away failed attempts by others, or simultaneous development), and for each such alleged secondary consideration or other evidence of non-obviousness, the facts underlying the alleged secondary consideration or other objective evidence of non-obviousness, by no later than February 27, 2023

**Plaintiff's Position**

Midas has offered to respond to this interrogatory identifying the secondary considerations it presently believes to be relevant and provide a description of its factual bases for those. Midas is still willing to do so. Defendants rejected that offer, and instead are seeking to compel "all factual and legal bases" for Midas' contentions on secondary considerations. Again, this seeks Midas' expert report on this topic long before such reports are due. This is content typically included in expert reports and this Court's "usual practice is to allow a party to defer answering the interrogatory until the corresponding expert report is due." *StratosAudio, Inc. v. Volvo Cars USA*, LLC, 2022 WL 1261651, at *3 (Apr. 28, 2022). Defendants notably cite no case law in support of

their arguments that Midas must provide its expert report on damages now and offer no justification to depart from the Court's usual practice.

**Relief Requested:** The Court should deny Plaintiff's request. If the Court grants any portion of the relief sought by Defendants, the deadline for compliance should be at least 21 days after the order to allow Midas sufficient time to prepare its response with the information that it presently has available.

## ORDER

On February 27, 2023, the Court held a video conference to resolve the parties' discovery disputes. Having considered the parties' submissions and oral arguments, the Court GRANTS-IN-PART and DENIES-IN-PART Defendants' Requested Relief and ORDERS the following:

1. With respect to Defendants' Interrogatory No. 8 (the "Damage Basis Interrogatory"), Midas is hereby ordered to supplement its response to Interrogatory No. 8 to generally describe the damages theories sought, together with the factual bases for those theories. Midas at least needs to indicate whether it is seeking lost profits and why, and whether it is seeking a reasonable royalty, sufficient to put Defendants on notice of what Midas is seeking and the general basis for it. While Plaintiff is not required to supply a very high level of detail or its complete legal and factual basis for damages, Plaintiff must at least generally state what it is seeking and the support therefor. Midas must provide its supplement to Defendants' Interrogatory No. 8 by March 13, 2023.

2. With respect to Defendants' Interrogatory No. 14 (the "Secondary Considerations Basis Interrogatory"), Midas is hereby ordered to supplement its response to Interrogatory No. 14 to generally describe its position regarding secondary considerations and support for the secondary considerations it believes apply. To the extent the Interrogatory No. 14 requires in detail all factual and legal bases, Defendants' request is overruled. However, Plaintiff

must at least put Defendants on notice of each of the secondary considerations it is relying on and the general support for each of those considerations that Plaintiff will assert at the expert stage. Midas must provide its supplement to Defendants' Interrogatory No. 14 by March 13, 2023.

So ORDERED this 7th day of March, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE