UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**,<br><br>Plaintiff,<br><br>- vs. -<br><br>**Rhodium Enterprises, Inc.;**<br>**Rhodium Technologies LLC;**<br>**Rhodium 10mw LLC;**<br>**Rhodium 2.0 LLC;**<br>**Rhodium 30mw LLC;**<br>**Rhodium Encore LLC;**<br>**Rhodium Renewables LLC;**<br>**Rhodium Renewables Sub LLC;**<br>**Rhodium Ready Ventures LLC**<br><br>Defendants. | Civil Action No. 6:22-cv-00050-ADA<br><br>**Jury Trial Demanded** |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff and Counter-Defendant Midas Green Technologies, LLC, through its undersigned counsel, hereby answer Counter-claimants Rhodium Enterprises, Inc., Rhodium Technologies LLC, Rhodium 10mw LLC, Rhodium 2.0 LLC, Rhodium 30mw LLC, Rhodium Encore LLC, Rhodium Renewables LLC, Rhodium Renewables Sub LLC and Rhodium Ready Ventures LLC's (collectively, "Counter-claimants" or "Rhodium") Counterclaim demand as follows:

### RESPONSE TO FIRST COUNTERCLAIM

**(Declaration of Non-Infringement of U.S. Patent No. 10,405,457)**

**Response to Counterclaim Paragraph 1:**

Midas Green ADMITS this Court has personal jurisdiction.

**Response to Counterclaim Paragraph 2:**

1

Midas Green ADMITS this Court has subject matter jurisdiction.

**Response to Counterclaim Paragraph 3:**

Midas Green ADMITS that venue is proper in this Court.

**Response to Counterclaim Paragraph 4:**

ADMITTED.

**Response to Counterclaim Paragraph 5:**

DENIED.

**Response to Counterclaim Paragraph 6:**

Midas Green asserts that Rhodium has, and is, willfully infringing the valid Asserted Patents. To the extent this creates a "justiciable controversy", ADMITTED. Otherwise DENIED.

## RESPONSE TO SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 10,820,446)

**Response to Counterclaim Paragraph 7:**

Responses to Counterclaims 1-6 are incorporated by reference as though fully set forth herein.

**Response to Counterclaim Paragraph 8:**

DENIED.

**Response to Counterclaim Paragraph 9:**

Midas Green ADMITS that each of claims 1, 6 and 11 of the '457 patent has a limitation directed to a "control facility". Midas Green DENIES that each of claims 1, 6 and 11 are directed to an "appliance immersion cooling system". To the extent not expressly admitted, DENIED.

**Response to Counterclaim Paragraph 10:**

DENIED.

**Response to Counterclaim Paragraph 11:**

DENIED.

**Response to Counterclaim Paragraph 12:**

2

#415841v1

Midas Green admits it will continue to assert the '457 patent against Rhodium's infringement. Otherwise, DENIED.

**Response to Counterclaim Paragraph 13:**

To the extent any response is needed, DENIED.

**Response to Counterclaim Paragraph 14:**

Responses to Counterclaims 1-13 are incorporated by reference as though fully set forth herein.

**Response to Counterclaim Paragraph 15:**

DENIED.

**Response to Counterclaim Paragraph 16:**

Midas Green ADMITS that each of claims 1 and 6 of the '446 patent has a limitation directed to a "control facility". Midas Green DENIES that each of claims, 1 and 6 are directed to an "appliance immersion cooling system". To the extent not expressly admitted, DENIED.

**Response to Counterclaim Paragraph 17:**

DENIED.

**Response to Counterclaim Paragraph 18:**

DENIED.

**Response to Counterclaim Paragraph 19:**

Midas Green admits it will continue to assert the '446 patent against Rhodium's infringement. Otherwise, DENIED.

**Response to Counterclaim Paragraph 20:**

To the extent any response is needed, DENIED.

**RESPONSE TO THIRD COUNTERCLAIM**

**(Declaration of Invalidity of U.S. Patent No. 10,405,457)**

**Response to Counterclaim Paragraph 21:**

Responses to Counterclaims 1-20 are incorporated by reference as though fully set forth herein.

#415841v1

**Response to Counterclaim Paragraph 22:**

DENIED.

**Response to Counterclaim Paragraph 23:**

DENIED.

**Response to Counterclaim Paragraph 24:**

DENIED.

**Response to Counterclaim Paragraph 25:**

DENIED.

**Response to Counterclaim Paragraph 26:**

Midas Green admits it will continue to assert the '457 patent against Rhodium's infringement. Otherwise, DENIED.

**Response to Counterclaim Paragraph 27:**

To the extent any response is needed, DENIED.

## RESPONSE TO FOURTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 10,820,446)

**Response to Counterclaim Paragraph 28:**

Responses to Counterclaims 1-27 are incorporated by reference as though fully set forth herein.

**Response to Counterclaim Paragraph 29:**

DENIED.

**Response to Counterclaim Paragraph 30:**

DENIED.

**Response to Counterclaim Paragraph 31:**

DENIED.

**Response to Counterclaim Paragraph 32:**

DENIED.

**Response to Counterclaim Paragraph 33:**

Midas Green admits it will continue to assert the '446 patent against Rhodium's infringement. Otherwise, DENIED.

**Response to Counterclaim Paragraph 34:**

To the extent any response is needed, DENIED.

## RESPONSE TO FIFTH COUNTERCLAIM

### (Declaration of Unenforceability of U.S. Patent No. 10,405,457)

**Response to Counterclaim Paragraph 35:**

Responses to Counterclaims 1-34 are incorporated by reference as though fully set forth herein.

**Response to Counterclaim Paragraph 36:**

To the extent that Mr. Boyd and Mr. Koen owed a duty of candor to the USPTO, ADMITTED. Otherwise DENIED.

**Response to Counterclaim Paragraph 37:**

To the extent that Midas Green was in possession of a first generation GRN tank during prosecution of the '457 patent, ADMITTED. Otherwise DENIED.

**Response to Counterclaim Paragraph 38:**

Midas Green ADMITS these are two partial statements extracted from Plaintiff's Response to Defendants' RFAs. These two extracted statements must be read in the entirety of their context, and in light of other discovery responses. To the extent Rhodium attempts to use these partial statements to infer any inequitable conduct as to the '457 patent by Mr. Boyd or Mr. Koen, DENIED.

**Response to Counterclaim Paragraph 39:**

Mr. Best is not a coinventor of the '457 patent, so Midas Green ADMITS it never made such an assertion to the USPTO.

**Response to Counterclaim Paragraph 40:**

DENIED.

**Response to Counterclaim Paragraph 41:**

Midas Green admits it will continue to assert the '457 patent against Rhodium's infringement.  Otherwise, DENIED.

**Response to Counterclaim Paragraph 42:**

To the extent any response is needed, DENIED.

## RESPONSE TO SIXTH COUNTERCLAIM

### (Declaration of Unenforceability of U.S. Patent No. 10,405,446)

**Response to Counterclaim Paragraph 43:**

Responses to Counterclaims 1-42 are incorporated by reference as though fully set forth herein.

**Response to Counterclaim Paragraph 44:**

To the extent that Mr. Boyd and Mr. Koen owed a duty of candor to the USPTO, ADMITTED.  Otherwise DENIED.

**Response to Counterclaim Paragraph 45:**

To the extent that Midas Green was in possession of a first generation GRN tank during prosecution of the '446 patent, ADMITTED.  Otherwise DENIED.

**Response to Counterclaim Paragraph 46:**

Midas Green ADMITS these are two partial statements extracted from Plaintiff's Response to Defendants' RFAs.  These two extracted statements must be read in the entirety of their context, and in light of other discovery responses.  To the extent Rhodium attempts to use these partial statements to infer any inequitable conduct as to the '446 patent by Mr. Boyd or Mr. Koen, DENIED.

**Response to Counterclaim Paragraph 47:**

Mr. Best is not a co-inventor of the '446 patent, so Midas Green ADMITS it never made such an assertion to the USPTO.

**Response to Counterclaim Paragraph 48:**

DENIED.

**Response to Counterclaim Paragraph 49:**

6

#415841v1

Midas Green admits it will continue to assert the '446 patent against Rhodium's infringement. Otherwise, DENIED.

**Response to Counterclaim Paragraph 50:**

To the extent any response is needed, DENIED.

## PLAINTIFF AND CROSS DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Lack of Declaratory Judgment Jurisdiction)

1. The court lacks jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because there is currently no case or controversy between the parties.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Declaratory Judgment of Non-Infringement U.S. Patent No. 10,504,457)

2. The Cross-Complaint fails to state a claim for a declaratory judgment of non-infringement upon which relief may be granted. In particular, the Cross-Complaint fails to compare any claim of the patent-in-suit to any product of Plaintiff and fails to identify any claim limitations that are not present in the product with the exception of the allegation that the asserted claims do not have a "control facility".

3. The Cross-Complaint, therefore, fails to comply with the pleading requirements of Fed. R. Civ. P. 8, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Declaratory Judgment of Non-Infringement For U.S. Patent No. 10,820,446)

4. The Cross-Complaint fails to state a claim for a declaratory judgment of non-infringement upon which relief may be granted. In particular, the Cross-Complaint fails to

compare any claim of the patent-in-suit to any product of Plaintiff and fails to identify any claim limitations that are not present in the product, with the exception of the allegation that the asserted claims do not have a "control facility".

5. The Cross-Complaint, therefore, fails to comply with the pleading requirements of Fed. R. Civ. P. 8, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## FOURTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Declaratory Judgment of Invalidity under 35 U.S.C. § 102 or § 103 For U.S. Patent No. 10,504,457)**

6. The Cross-Complaint fails to state a claim for a declaratory judgment of invalidity under either 35 U.S.C. § 102, 35 U.S.C. § 103 or under 35 U.S.C. § 112 upon which relief may be granted. In particular, the Cross-Complaint fails to identify any prior art that allegedly renders any claim of the patent-in-suit anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. Furthermore, the Cross-Complaint fails to compare any claim of the patent-in-suit to any prior art and fails to state where or how the limitations of any claim of the patent-in-suit are found in the prior art.

7. The Cross-Complaint, therefore, fails to comply with the pleading requirements of Fed. R. Civ. P. 8, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## FIFTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Declaratory Judgment of Invalidity under 35 U.S.C. § 102 or § 103 For U.S. Patent No. 10,820,446)**

8. The Cross-Complaint fails to state a claim for a declaratory judgment of invalidity under either 35 U.S.C. § 102, 35 U.S.C. § 103 or under 35 U.S.C. § 112 upon which relief may be granted. In particular, the Cross-Complaint fails to identify any prior art that allegedly renders any claim of the patent-in-suit anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. Furthermore, the Cross-Complaint fails to compare any claim of the patent-in-suit to any

prior art and fails to state where or how the limitations of any claim of the patent-in-suit are found in the prior art.

9. The Cross-Complaint, therefore, fails to comply with the pleading requirements of Fed. R. Civ. P. 8, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

### SIXTH AFFIRMATIVE DEFENSE
**(Failure to State a Claim for Declaratory Judgment of Invalidity under 35 U.S.C. § 112 For U.S. Patent No. 10,405,457 & U.S. Patent No. 10,820,446)**

10. The Cross-Complaint fails to state a claim for a declaratory judgment of invalidity under 35 U.S.C. § 112 upon which relief may be granted. In particular, the Cross-Complaint fails to identify which requirement of Section 112 is being invoked and fails to state a basis for the asserted failure to comply with Section 112, with the exception of the allegation that the asserted claims do not have a "control facility".

11. The Cross-Complaint, therefore, fails to comply with the pleading requirements of Fed. R. Civ. P. 8, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

### SEVENTH AFFIRMATIVE DEFENSE
**(Estoppel under 35 U.S C. § 315)**

12. Plaintiff was the petitioner or real party in interest in an inter partes review before the Patent Trial and Appeal Board instituted on June 23, 2021 under No. IPR 2021-01176 that resulted in a final written decision dated January 6, 2022.

13. The grounds for invalidity of the patent-in-suit under 35 U.S.C. § 102, § 103 and § 112 asserted in the Cross-Complaint constitute grounds that were raised or reasonably could have raised during the inter partes review.

14. Defendant and Cross-Complainant should also be barred by estoppel from raising any claims for invalidity of the patent-in-suit under 35 U.S.C. § 102, § 103 and § 112 raised, or which could have been raised, during the prosecution history.

15. Defendant and Cross-Complainant is, therefore, estopped from asserting such grounds for invalidity in this action under 35 U.S C. § 315(e)(2).

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

16. By virtue of Defendant and Cross-Complainant's own careless, negligent, and other wrongful conduct, Defendant and Cross-Complainant should be barred from recovering against Defendant by the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

17.  Defendant and Cross-Complainant's waited an unreasonable period of time before asserting its claims, if any, against Plaintiff and Cross-Defendant, and therefore is barred from asserting such claims under the doctrine of laches.

#415841v1

**PRAYER FOR RELIEF**

Accordingly, Midas respectfully requests that this Court rule on Rhodium's Counterclaims as follows:

1. Declare that Rhodium's Counterclaims fail, and that Midas is not liable to Rhodium;
2. Order that Rhodium take nothing on its counterclaims;
3. Order that Rhodium pay Midas' reasonable attorneys' fees and costs; and
4. Order such other and further relief to Midas as this Court deems just and equitable.

DATED: June 8, 2023

Respectfully submitted,
 /s/ Joseph E. Thomas 

Joseph E. Thomas (*admitted p.h.v.*)
William J. Kolegraff (*admitted p.h.v.*)
Grant J. Thomas (*admitted p.h.v.*)
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Ave., Suite 230
Irvine, California 92612
Telephone: (949) 679-6400
Fax: (949) 679-6405
jthomas@twtlaw.com
bkolegraff@twtlaw.com
gthomas@twtlaw.com

Henry M. Pogorzelski
Texas Bar No. 24007852
K&L Gates LLP
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Telephone: (512) 482-6800
Fax (512) 482-6859
Henry.pogorzelski@klgates.com
Counsel for Plaintiff
Midas Green Technologies, LLC

#415841v1

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on June 8, 2023 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

*/s/ Joseph E. Thomas*
Joseph E. Thomas

#415841v1