UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MIDAS GREEN TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:22-cv-50-ADA |
| | § | |
| RHODIUM ENTERPRISES, INC., *et al.* | § | |
| | § | |
| Defendant. | § | |

# DISCOVERY ORDER

Plaintiff Midas Green Technologies, LLC ("Plaintiff" or "Midas") and Third Party Green Revolution Cooling ("GRC") raised the following discovery disputes with the Court by email submission on October 4, 2023.

## I. RFP No. 1 – ("GRC Gen 1 systems")

RFP No. 1 seeks documents, such as diagrams, reports, schematics, and drawings, sufficient to show all aspects of the operation of each version of the GRC Gen 1 systems.

### Plaintiff Midas' Position

Midas asserts that GRC is deficient in its production and its objections responsive to RFP No. 1 of Midas' subpoena dated July 28, 2023.

Midas purchased, installed, and used immersion cooling tanks made by GRC from 2010 to 2013. Midas refers to these early GRC immersion tanks as the "GEN1" tanks. GRC also sold GEN1 tanks to other customers, and it is believed that GRC made design modifications as updated versions of the GEN1 were sold. Due to the failures and severe limitations of the GEN1 tanks, Midas designed and built its own immersion cooling tanks, which it designed in 2012,

1

built in 2013 and deployed in early 2014. Midas applied to patent its novel cooling technology, which issued as the patents-in-suit.

Rhodium asserts in its invalidity contentions that the patents-in-suit are invalid as the patented Midas tank design would have been rendered obvious under 35 USC §103 in view of the GEN1 tanks. Rhodium also asserts that Christiaan Best, who worked for GRC at the relevant times, is also an inventor of the Midas patents and therefore the patents-in-suit are invalid for failure to name all inventors. Midas propounded RFP No. 1 to obtain the documents to defend itself against these allegations of invalidity.

To bolster its invalidity assertions against the patents, on November 11, 2022, Rhodium served GRC a subpoena with only one general Request for Production. In response, GRC produced fewer than 250 pages, and just a handful of CAD files, which may relate to GEN1 tanks, but certainly is not a sufficiently full set of drawings and files that Midas needs to defend itself.

In the meet and confer process, GRC took the position that its production responsive to the Rhodium subpoena is exhaustive and refuses to produce any further documents as to the GEN1 tanks.

In reality, the GRC production to Rhodium is deficient and incomplete in significant ways, and does not include the diagrams, reports, schematics, and drawings sufficient to show the GRC GEN1 systems, including all versions, and how it operates. The documents produced to Rhodium are wholly deficient.

GRC cannot show that this discovery is burdensome or irrelevant. Further, GRC is the only entity that possesses the required documents. It was GRC that designed, built, installed and monitored the GEN1 tanks for Midas. Midas does not have the detailed documents, as Midas

was merely a customer and purchaser of the tanks. In addition, GRC and Rhodium appear to have a friendly and cooperative relationship, Midas is a risk to be subjected to ambush with documents GRC first exposes at trial.

**Requested Relief:**

Overrule GRC's objections to RFP No. 1, and order GRC to provide a complete set of responsive documents.

### Third Party GRC's Position

All of Midas's requests are unduly burdensome and have the potential to cause extreme harm to GRC, a third party to Midas's lawsuit.

First, Midas already has access to an extensive amount of information responsive to this request and GRC should not have to separately reproduce it. For example, Midas purchased GRC's GEN1 system, and therefore has access to information about how it operates. Midas has the information GRC already produced to Rhodium. Midas has access to GRC's website, which includes product datasheets, specifications, brochures, guides, videos, photo galleries, diagrams, white papers, fact sheets, case studies, analyst reports, blog library materials, learning center materials, ebooks, and webinars. It is burdensome to request that GRC produce information that is already equally available to Midas. And, if Rhodium's document production is insufficient, Midas must first take up that issue with Rhodium. If Midas has done so, and the Court denied that request, then Midas's request of GRC should be denied for the same reasons. GRC expects the parties to the lawsuit to abide by the Court's pretrial procedures, and thus preclude the opportunity for any alleged "ambush" of documents presented for the first time at trial.

Second, the breadth of the request is unduly burdensome and onerous. Midas requests information about "all aspects" of "each version" of the GEN1 system over a 13-year timeframe from 2010 to present. There is no reason Midas needs documents from after 2014 when it allegedly deployed its competing system because Midas fails to show how these documents have any bearing on invalidity. Nor does Midas need documentation for all aspects of every GEN1 system for the same reason.

Third, to the extent Midas requests this information to allegedly bolster its inventorship claim, Midas should be in possession of all documents that allegedly support its contention. Midas should not burden GRC with producing large quantities of information to prove a negative.

Finally, GRC is a direct competitor to Midas. Revealing GRC's trade secrets and proprietary information to a direct competitor will likely be detrimental to GRC's business.

**Requested Relief:**

Sustain GRC's objections to RFP No. 1, and deny Midas's request for relief.


II. **RFP No. 2 – ("GRC Gen 2 systems")**

RFP No. 2 seeks documents, such as diagrams, reports, schematics, and drawings, sufficient to show all aspects of the operation of each version of the GRC Gen 2 systems, including but not limited to GRC's ICEraQ server cooling systems and GRC's HashRaQ MAX Immersion Cooling Systems.

**Plaintiff Midas' Position**

GRC provided only objections to this RFP No. 2, and has steadfastly refused to produce any documents.

Midas designs and sells immersion cooling systems that practice the patents-in-suit in this case. GRC is also a manufacturer and supplier of immersion cooling tanks.

GRC continued to offer its GRC GEN1 tanks for a period of time, but in or around 2018, did a redesign, and introduce a new line of immersion cooling tanks for sale. Midas refers to these later designed GRC immersion tanks as the "GEN2" tanks.

In this matter, Midas is seeking lost profit damages due to Rhodium's having made and used thousands of infringing immersion cooling systems. As part of its defense, Rhodium asserts that the GRC GEN2 tanks are an acceptable non-infringing substitute. In order to defend against this assertion, Midas needs the GRC documents to show (1) that the GRC GEN2 design is infringing, and/or (2) the GRC GEN2 tanks are not acceptable market substitutes. GRC needs to fully comply with this RFP No. 2 for Midas to fully and fairly present its damage positions. GRC is the only entity that possesses the required GEN2 documents. It is GRC that designed, built, sold, marketed and installed the GEN2 tanks. Midas does not have such documents and is forced to rely only on publicly available information. Unless the Court orders GRC to do a complete production responsive to RFP No. 2, Midas will be prejudiced against Rhodium's assertions. Further, as GRC and Rhodium appear to have a friendly and cooperative relationship, Midas would potentially be subject to ambush with documents GRC first exposes at trial with regard to the GEN2 tanks.

Additionally, Rhodium has asserted that the Midas patents-in-suit are invalid under 35 USC §103 as being obvious in view of prior art. Midas intends to show that others, including GRC, have copied Midas's patented technology. Copying by others is a powerful secondary consideration for rebutting an accusation of obviousness. Midas needs a complete set of

documents from GRC on the GEN2 design and deployment in order to prove GRC copied the Midas patented cooling system.

GRC objects that it is not obligated to produce the GEN2 documents as they are highly confidential and not relevant to the case at issue. This is not good cause, as a strong protective order has been entered by the Court. *United States ex rel. Univ. Loft Co. v. AGS Enters., Inc.*, 2016 WL 9462335 at *7 (W.D. Tex. 2016).

**Requested Relief:**

Overrule GRC's objections to RFP No. 2, and order GRC to provide a complete set of responsive documents.

### Third Party GRC's Position

As above, Midas already has access to an extensive amount of information responsive to this request and GRC should not have to separately produce it. Midas has access to GRC's website, which includes product datasheets, specifications, videos, photos, case studies, and other materials. It is burdensome to request that GRC produce information that is already equally available to Midas. Again, GRC expects the parties to the lawsuit to abide by the Court's pretrial procedures, and thus preclude the opportunity for any alleged "ambush" of documents presented for the first time at trial.

Second, the breadth of the request is unduly burdensome and onerous. Midas requests information about "all aspects" of "each version" of the GEN2 system over a 13-year timeframe. There is no reason Midas needs documents spanning this 13-year stretch, nor does Midas need documentation for all aspects of every GEN2 system.

Third, Midas should not be allowed to make unfounded allegations of copying and infringement by GRC as a means to go on a fishing expedition into GRC's trade secrets and

proprietary information. The wealth of publicly available information is more than sufficient to meet both parties' needs.

Finally, GRC is a direct competitor to Midas. Revealing GRC's trade secrets and proprietary information to a direct competitor will likely be detrimental to GRC's business.

**Requested Relief:**

Sustain GRC's objections to RFP No. 2, and deny Midas's request for relief.

### III.     RFP No. 8 – ("Documents Comparing GRC and Midas Systems")

RFP No. 8 seeks all documents concerning the immersion cooling systems of Midas, including any documents comparing and/or contrasting the immersion cooling systems of GRC with the immersion cooling systems of Midas.

**Plaintiff Midas' Position**

As discussed with reference to RFP No. 2, above, Rhodium has asserted that the Midas patents-in-suit are invalid under 35 USC §103 as being obvious in view of prior art. Midas intends to show that others, including GRC, have copied Midas's patented technology. Copying by others is a powerful secondary consideration for rebutting an accusation of obviousness. *Id.* Midas needs a complete set of documents from GRC where GRC compares its GEN1 or GEN2 immersion cooling systems to the patented Midas immersion system. Any such comparison is likely to show that GRC copied the Midas patented cooling system. As such, these documents are essential to proving the secondary consideration that others have copied the Midas patent design.

**Requested relief:**

Overrule GRC's objections to RFP No. 8, and order GRC to provide a complete set of responsive documents.

**Third Party GRC's Position**

First, this request is irrelevant to any issues presented in the Midas litigation. Midas's only argument is that this request is relevant to GRC's alleged copying of Midas's technology. GRC disagrees. A comparison of GRC and Midas's technology (if any exists) would only show how Midas's system—not Midas's patent—compares to GRC's system. For instance, comparisons may relate to any feature of an immersion cooling system, from temperature, to footprint, or any other feature that has nothing to do with the technology at issue. It is unduly burdensome to request GRC produce system comparisons that are divorced from the technical features allegedly patented by Midas.

Second, Midas already has access to all of GRC's public information, so Midas can do its own "comparisons." As explained above, Midas purchased GRC's GEN1 system, it has Rhodium's production, and it has access to GRC's website. And, if Rhodium's document production is insufficient, Midas must seek the requested documents from Rhodium.

Third, the breadth of the request is unduly burdensome and onerous. Midas requests "all documents concerning the immersion cooling systems of Midas" over a 13-year timeframe. There is no reason Midas needs documents spanning 13 years, nor does Midas need all documents relating to Midas's immersion systems.

Finally, GRC is a direct competitor to Midas. Revealing GRC's trade secrets and proprietary information to a direct competitor will likely be detrimental to GRC's business.

**Requested Relief:**

Sustain GRC's objections to RFP No. 8, and deny Midas's request for relief.

## IV.     RFP No. 12 – ("Communications between GRC and Rhodium relating to GRC Systems")

RFP No. 12 seeks all communications between GRC and Rhodium relating to any GRC Gen 1 system and/or any GRC Gen 2 system.

**Plaintiff Midas' Position**

Midas strongly suspects that GRC and Rhodium are working together to bolster Rhodium's invalidity assertions, as well as to attack Midas' lost profits case. As such, Midas is at risk that GRC is sandbagging it from obtaining documents and information and will spring these on Midas at trial. If GRC is sharing documents, information, or strategy with Rhodium, Midas has a right to those documents so that it is not ambushed at trial. *Id.*

**Requested Relief:**

Overrule GRC's objections to this RFP No. 12, and order GRC to provide a complete set of responsive documents, as well as any existing common interest/defense agreement.

**Third Party GRC's Position**

First, Midas should request this information from Rhodium—a party to this lawsuit—before seeking redress from GRC. If Rhodium's document production is insufficient, Midas should take up this issue with Rhodium. Again, GRC expects the parties to the lawsuit to abide by the Court's pretrial procedures, and thus preclude the opportunity for any alleged "ambush" or "sandbagging" at trial.

Second, the breadth of the request is unduly burdensome and onerous. Midas requests "all communications" to Rhodium relating the GEN1 or GEN2 over a 13-year timeframe. There

is no reason Midas needs communications spanning this 13-year stretch and Midas fails to show otherwise.

**Requested Relief:**

Sustain GRC's objections to RFP No. 12, and deny Midas's request for relief.

## ORDER

On October 6, 2023, the Court held a video conference to resolve the parties' discovery disputes. Having considered the parties submissions and oral arguments, the Court ORDERS the following:

1. With respect to Plaintiff's RFP No. 1 ("GRC Gen 1 Systems"), in response to the Court's specific inquiry "With respect to Gen 1, have you provided everything that is called for in the discovery requests or subpoena, any subpoena that is not privileged or work product that is not accessible in the public?" counsel for GRC responded "Yes. So we produced that information to Rhodium and then, my understanding is that by virtue of the discovery process, Rhodium has provided that information to plaintiff. I'm not sure what, if anything, has been held back as privileged within those materials, but we gave and turned over what we had to Rhodium." Hearing Transcript at p. 9, lines 1-15. The Court DENIES Plaintiff's request with respect to RFP No. 1.

2. With respect to Plaintiff's RFP No. 2 ("GRC Gen 2 Systems"), the Court GRANTS IN-PART and DENIES-IN-PART Plaintiff's Requested Relief. GRC shall "check whether there are design documents that have been maintained and were kept confidential relating to this Gen 2 tank [from 2018 through 2020]." *Id.* at p. 13, lines 8-14. Any "design

documents relating to the [] tank . . . [shall be] produce[d] [] under the protective order [as] attorneys-eyes-only." *Id.* at p. 13, lines 15-22.

3. The Court DENIES Defendant's request with respect to Plaintiff's RFP No. 8.

4. The Court DENIES Defendant's request with respect to Plaintiff's RFP. No. 12.

**SIGNED** this 13th day of October, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE