```
                    UNITED STATES DISTRICT COURT
 1                   WESTERN DISTRICT OF TEXAS
                            WACO DIVISION
 2

 3  MIDAS GREEN TECHNOLOGIES,) Docket No. WA 22-CA-050 ADA
    LLC                      )
 4                           )
    vs.                      ) Waco, Texas
 5                           )
    RHODIUM ENTERPRISES,     )
 6  INC, ET AL               ) October 6, 2023

 7
         TRANSCRIPT OF DISCOVERY HEARING VIA VIDEOCONFERENCE
 8              BEFORE THE HONORABLE ALAN D. ALBRIGHT

 9

10  APPEARANCES:

11  For the Plaintiff:       Mr. Michael C. Smith
                             Scheef & Stone, LLP
12                           113 East Austin Street
                             Marshall, Texas 75670
13
                             Mr. Joseph E. Thomas
14                           Thomas, Whitelaw & Kolegraff, LLP
                             18101 Von Karman Avenue,
15                           Suite 230
                             Irvine, California 92612
16
                             Mr. Henry Pogorzelski
17                           K&L Gates, LLP
                             2801 Via Fortuna, Suite 650
18                           Austin, Texas 78746

19  For the Defendant:       Ms. Elizabeth R. Brannen
                             Mr. Peter J. Brody
20                           Stris & Maher, LLP
                             777 South Figueroa Street,
21                           Suite 3850
                             Los Angeles, California 90017

22

23

24

25
```

**(Appearances Continued:)**

| | |
|---|---|
| For the Defendant: | Mr. J. Travis Underwood |
| | Gillam & Smith |
| | 102 North College Avenue, Suite 800 |
| | Tyler, Texas 75702 |
| For GRC: | Ms. Ashley N. Moore |
| | Mr. Aaron Plesset |
| | Michelman & Robinson, LLP |
| | 300 Crescent Court, Suite 1700 |
| | Dallas, Texas 75201 |
| Court Reporter: | Ms. Lily Iva Reznik, CRR, RMR |
| | 501 West 5th Street, Suite 4153 |
| | Austin, Texas 78701 |
| | (512)391-8792 |

Proceedings reported by digital sound recording, transcript produced by computer-aided transcription.

| | | |
|---|---|---|
| 10:32:27 | 1 | THE COURT: Good morning, everyone. |
| 10:32:28 | 2 | Jen, would you call the case, please. |
| 10:32:30 | 3 | THE CLERK: Civil action in Case 6:22-CV-50, |
| 10:32:34 | 4 | <u>Midas Green Technologies, LLC vs. Rhodium Enterprises,</u> |
| 10:32:38 | 5 | <u>Incorporated</u>. Case called for a discovery hearing. |
| 10:32:41 | 6 | THE COURT: Announcements from counsel, please. |
| 10:32:44 | 7 | MR. SMITH: Your Honor, for Plaintiff Midas |
| 10:32:46 | 8 | Green, Michael Smith, Joe Thomas and Henry Pogorzelski. |
| 10:32:48 | 9 | Mr. Thomas will be speaking for us and we're ready to |
| 10:32:52 | 10 | proceed. |
| 10:32:54 | 11 | MS. MOORE: And Ashley Moore with Aaron Plesset |
| 10:32:57 | 12 | from Michelman Robinson on behalf of third-party GRC. |
| 10:33:03 | 13 | MR. UNDERWOOD: Good morning, your Honor. |
| 10:33:04 | 14 | This is Travis Underwood, Elizabeth Brannen and |
| 10:33:07 | 15 | Peter Brody on behalf of the defendants and we're ready. |
| 10:33:10 | 16 | THE COURT: Okay. Give me just one second here. |
| 10:33:23 | 17 | Okay. I'll hear from the plaintiff, please. |
| 10:33:27 | 18 | MR. THOMAS: Your Honor, we've summarized our |
| 10:33:29 | 19 | positions, I think, accurately in the submission. What's |
| 10:33:35 | 20 | important to us is getting specific detail on the GRC Gen |
| 10:33:41 | 21 | 1 products. They're alleged to be prior art invalidating |
| 10:33:45 | 22 | our patent and they're also alleged to be an acceptable |
| 10:33:48 | 23 | non-infringing substitute by Rhodium. Same issues for Gen |
| 10:33:54 | 24 | 2; they're alleged to be an acceptable non-infringing |
| 10:33:57 | 25 | substitute. And we have the patent application that was |

| | | |
|---|---|---|
| 10:34:00 | 1 | filed by GRC and under the Gen 2 product, which was |
| 10:34:08 | 2 | published on May 12th, 2022, and specifically at pages 6 |
| 10:34:15 | 3 | and 7 are drawings that show strong evidence of copying of |
| 10:34:22 | 4 | key features of our patented claims, including the clear |
| 10:34:27 | 5 | -- the weir, the plenum, the reservoir, the cable |
| 10:34:32 | 6 | management system, among other things. |
| 10:34:34 | 7 | So we have strong evidence of copying or any in |
| 10:34:37 | 8 | existence by virtue of a patent application GRC filed with |
| 10:34:41 | 9 | respect to this Gen 2 product and as noted before, it is |
| 10:34:45 | 10 | alleged -- |
| 10:34:45 | 11 | THE COURT:  Tell me what you want. |
| 10:34:49 | 12 | MR. THOMAS:  We'd like just an order to compel |
| 10:34:51 | 13 | production of the Gen 1 drawings, designs and |
| 10:34:54 | 14 | specifications. |
| 10:34:56 | 15 | THE COURT:  Have they not done that? |
| 10:34:58 | 16 | MR. THOMAS:  No. |
| 10:35:00 | 17 | THE COURT:  Have they said there aren't any? |
| 10:35:01 | 18 | They've looked for them?  I mean, y'all are here on a -- |
| 10:35:06 | 19 | you've asked for something that is relevant and they've |
| 10:35:09 | 20 | just told you they're not giving them to you. |
| 10:35:12 | 21 | MR. THOMAS:  Yes. |
| 10:35:13 | 22 | THE COURT:  Okay.  Well, let's hear from them. |
| 10:35:15 | 23 | MS. MOORE:  Yes, your Honor.  Ashley Moore on |
| 10:35:17 | 24 | behalf of GRC. |
| 10:35:18 | 25 | I'll start with the Gen 1 documents, which is RFP |

| | | |
|---|---|---|
| 10:35:22 | 1 | No. 1 in dispute here.  Setting aside the fact that we |
| 10:35:26 | 2 | very strongly disagree with copying or anything of that |
| 10:35:29 | 3 | nature, the plaintiffs do have the documents.  Rhodium |
| 10:35:35 | 4 | requested them over a year ago.  We produced documents to |
| 10:35:39 | 5 | Rhodium in compliance with that subpoena and Rhodium has |
| 10:35:43 | 6 | provided those documents to Midas, the plaintiff in this |
| 10:35:47 | 7 | action.  In addition -- |
| 10:35:48 | 8 | THE COURT:  Have you provided all the documents |
| 10:35:50 | 9 | you think are in your custody or control? |
| 10:35:56 | 10 | MS. MOORE:  We've complied with what we believe |
| 10:35:57 | 11 | to be relevant that is not already publicly available.  We |
| 10:36:00 | 12 | do not think a third party, GRC, should -- |
| 10:36:02 | 13 | THE COURT:  I got it.  So let me hear from |
| 10:36:04 | 14 | plaintiff's counsel.  Counsel for defendant says they've |
| 10:36:08 | 15 | produced them. |
| 10:36:10 | 16 | MR. THOMAS:  No, they have not produced them. |
| 10:36:11 | 17 | They've produced -- |
| 10:36:13 | 18 | THE COURT:  Why do you say that? |
| 10:36:14 | 19 | MR. THOMAS:  Well, because they have not produced |
| 10:36:16 | 20 | any schematics, drawings or diagrams. |
| 10:36:20 | 21 | THE COURT:  But you're -- what you're saying is |
| 10:36:22 | 22 | that there has to be stuff and they haven't produced it. |
| 10:36:27 | 23 | MR. THOMAS:  Yes. |
| 10:36:28 | 24 | THE COURT:  And she's saying we've produced |
| 10:36:30 | 25 | everything we're supposed to.  What exactly would you like |

| | | |
|---|---|---|
| 10:36:33 | 1 | me to do?  She says I've complied -- as an officer of the |
| 10:36:40 | 2 | Court, they sent me a request, I've complied with it. |
| 10:36:45 | 3 | I've given them everything that we have that isn't |
| 10:36:47 | 4 | available publicly. |
| 10:36:49 | 5 | What do you want me to tell them to do when they |
| 10:36:52 | 6 | say they've given you everything they've been asked for? |
| 10:36:55 | 7 | MR. THOMAS:  Well, we know they have drawings, |
| 10:36:58 | 8 | diagrams -- |
| 10:36:58 | 9 | THE COURT:  No, no, no.  No.  I've heard -- this |
| 10:37:01 | 10 | is -- I hate this.  I get a lawyer comes in, says they |
| 10:37:05 | 11 | have to have stuff they're not giving us.  An officer of |
| 10:37:10 | 12 | the Court has just said she's given you everything that |
| 10:37:12 | 13 | they have that's relevant.  What do you want me to do? |
| 10:37:16 | 14 | Are you calling her a liar? |
| 10:37:20 | 15 | MR. THOMAS:  Your Honor, I -- |
| 10:37:21 | 16 | THE COURT:  That's the only choice.  Either she's |
| 10:37:25 | 17 | lying when she represents that to me or she's given you -- |
| 10:37:32 | 18 | you know, now, is there a difference in Gen 1 and Gen 2 |
| 10:37:37 | 19 | that I'm not picking up? |
| 10:37:38 | 20 | MR. THOMAS:  Yes, there is.  There's two |
| 10:37:40 | 21 | separates RFPs:  One for Gen 1 one for Gen 2.  We are |
| 10:37:43 | 22 | specifically talking about Gen 1 right now.  We haven't |
| 10:37:46 | 23 | addressed Gen 2 yet. |
| 10:37:48 | 24 | THE COURT:  Okay.  On Gen 1, she said she's given |
| 10:37:51 | 25 | you everything you're entitled to. |

| | | |
|---|---|---|
| 10:37:53 | 1 | MR. THOMAS: Let me rephrase that, your Honor. |
| 10:37:56 | 2 | What she's saying she did -- Rhodium served a subpoena a |
| 10:38:01 | 3 | while ago on GRC and she's saying she produced some what |
| 10:38:06 | 4 | she believes are relevant documents that were responsive. |
| 10:38:13 | 5 | They're 237 pages. We issued a new subpoena because we |
| 10:38:15 | 6 | did not believe the production addressed the specific |
| 10:38:18 | 7 | documents that we required in order to defend ourselves |
| 10:38:23 | 8 | against the allegation of invalidity and obviousness as |
| 10:38:29 | 9 | well as non-infringing substitute. So we asked for -- |
| 10:38:32 | 10 | we're asking for a different subpoena than the one that |
| 10:38:34 | 11 | she said she complied with. |
| 10:38:36 | 12 | THE COURT: Okay. Well, let me hear her on -- |
| 10:38:38 | 13 | let me hear defense counsel on that. |
| 10:38:40 | 14 | MS. MOORE: Yes, your Honor. |
| 10:38:41 | 15 | I think they are one in the same both the |
| 10:38:44 | 16 | requests from Rhodium, which was to support, to my |
| 10:38:47 | 17 | knowledge, their invalidity defense. Having not seen |
| 10:38:49 | 18 | their invalidity contentions, I don't know that to be true |
| 10:38:52 | 19 | for a certainty, but I do believe that is what the purpose |
| 10:38:55 | 20 | of the request was and, therefore, that same information |
| 10:38:58 | 21 | is relevant here. |
| 10:39:01 | 22 | It seems to me that essentially what plaintiff is |
| 10:39:04 | 23 | asking for is something that they have access to already. |
| 10:39:08 | 24 | It's available on the internet. That's the whole point of |
| 10:39:11 | 25 | invalidity is, it has to be based on publicly available |

10:39:14  1  information that is out for public consumption.  They can
10:39:18  2  simply go to GRC's website, get additional materials if
10:39:21  3  they feel like it's insufficient.  And to my knowledge,
10:39:24  4  I'm not sure what it is that is insufficient other than
10:39:28  5  thinking there must be other stuff out there, which I'm
10:39:31  6  not aware of what that is.
10:39:32  7         And Midas purchased the very system they're
10:39:35  8  talking about from GRC back in 2009, 2010.  So if they
10:39:40  9  want to see how it operates, they have access to the
10:39:42  10 system itself, as well.
10:39:45  11        MR. THOMAS:  Well, the system was modified.  They
10:39:48  12 continued to sell it and make improvements and
10:39:50  13 modifications well after they sold us their products.  And
10:39:54  14 this issue for discovery's not just about invalidity, it's
10:39:59  15 also about a non-infringing substitute.  We need to get
10:40:03  16 the specific drawings to ascertain whether or not these
10:40:06  17 are non-infringing substitutes as alleged by Rhodium.  So
10:40:10  18 there are two aspects to this discovery dispute and
10:40:13  19 arguing that we have access to stuff on the website does
10:40:17  20 not answer this question at all.
10:40:18  21        THE COURT:  She has said she's given you
10:40:22  22 everything they have.
10:40:24  23        MR. THOMAS:  No.  She gave Rhodium what she had.
10:40:26  24 She hasn't given us -- she gave us objections.
10:40:32  25        THE COURT:  One more time from defense counsel.

| | | |
|---|---|---|
| 10:40:34 | 1 | With respect to Gen 1, have you provided everything that |
| 10:40:39 | 2 | is called for in the discovery requests or subpoena, any |
| 10:40:44 | 3 | subpoena that is not privileged or work product that is |
| 10:40:47 | 4 | not accessible in the public? |
| 10:40:50 | 5 |     MS. MOORE:  And, your Honor, you were asking |
| 10:40:59 | 6 | defense counsel.  Not third-party GRC counsel, correct? |
| 10:41:02 | 7 |     THE COURT:  No.  I was talking to you.  I'm |
| 10:41:04 | 8 | sorry. |
| 10:41:04 | 9 |     MS. MOORE:  Oh, I'm sorry.  Yes.  So we produced |
| 10:41:05 | 10 | that information to Rhodium and then, my understanding is |
| 10:41:07 | 11 | that by virtue of the discovery process, Rhodium has |
| 10:41:11 | 12 | provided that information to plaintiff.  I'm not sure |
| 10:41:15 | 13 | what, if anything, has been held back as privileged within |
| 10:41:17 | 14 | those materials, but we gave and turned over what we had |
| 10:41:22 | 15 | to Rhodium. |
| 10:41:22 | 16 |     THE COURT:  So the plaintiff's fight is with |
| 10:41:25 | 17 | Rhodium if there is one.  That was a question for the |
| 10:41:32 | 18 | plaintiff. |
| 10:41:32 | 19 |     MR. THOMAS:  Oh, I'm sorry, your Honor.  Could |
| 10:41:35 | 20 | you state that again? |
| 10:41:36 | 21 |     THE COURT:  So your fight is not with the third |
| 10:41:38 | 22 | party, it's with Rhodium. |
| 10:41:40 | 23 |     MR. THOMAS:  Well, I don't see it that way.  We |
| 10:41:42 | 24 | issued our own subpoena and she -- |
| 10:41:44 | 25 |     THE COURT:  Well, just -- okay.  Counsel for the |

| | | |
|---|---|---|
| 10:41:50 | 1 | third party has said they've given everything that's |
| 10:41:52 | 2 | nonpublic to Rhodium.  Deal with Rhodium.  If Rhodium |
| 10:41:56 | 3 | won't give it to you, I'll get involved then and if -- she |
| 10:42:01 | 4 | said she has complied with your subpoena and that's -- I'm |
| 10:42:04 | 5 | going to leave it there.  I'm denying your request for |
| 10:42:06 | 6 | relief. |
| 10:42:07 | 7 | With regard to the second issue, the Gen 2 |
| 10:42:12 | 8 | systems, tell me what it is you want there. |
| 10:42:16 | 9 | MR. THOMAS:  Well, we want documents, diagrams, |
| 10:42:19 | 10 | reports and drawings sufficient to show the operation of |
| 10:42:23 | 11 | each version of the Gen 2 system because they are alleged |
| 10:42:27 | 12 | to be non-infringing substitutes and we have -- the stuff |
| 10:42:32 | 13 | that's available on their website does not have that |
| 10:42:35 | 14 | detail for us to ascertain that. |
| 10:42:37 | 15 | THE COURT:  Now, it's my understanding with |
| 10:42:38 | 16 | regard to this -- the Gen 2 systems, nothing has been |
| 10:42:43 | 17 | produced; is that correct? |
| 10:42:47 | 18 | MS. MOORE:  Yes, your Honor.  From GRC, nothing |
| 10:42:50 | 19 | has been produced because it's all available on their |
| 10:42:52 | 20 | website.  There's hundreds and hundreds of pages of |
| 10:42:58 | 21 | schematics, of pictures of the product.  There's a |
| 10:43:01 | 22 | 20-minute video showing how the product works, showing it |
| 10:43:05 | 23 | in setup and walking through how it works, pulling the |
| 10:43:09 | 24 | components out of the submersed liquid in the tank. |
| 10:43:13 | 25 | THE COURT:  Do you have any internal documents |

|   |   |   |
|---|---|---|
| 10:43:14 | 1 | that are more detailed than what's available publicly? |
| 10:43:18 | 2 | MS. MOORE: I would have to go back and check. I |
| 10:43:21 | 3 | don't believe so. The publicly available information is |
| 10:43:24 | 4 | extremely detailed and I'm not aware of any reason why any |
| 10:43:29 | 5 | of that is inadequate to the needs here. As you can see, |
| 10:43:34 | 6 | Midas is very antagonistic towards GRC, who is not a |
| 10:43:38 | 7 | member of this lawsuit and not in this fight, and they are |
| 10:43:42 | 8 | a direct competitor of my client and they are loathe to |
| 10:43:45 | 9 | turn over trade secrets and proprietary information to a |
| 10:43:48 | 10 | direct competitor on this basis, especially when |
| 10:43:52 | 11 | everything that Midas plaintiff should need is available |
| 10:43:55 | 12 | on GRC's website. |
| 10:43:57 | 13 | THE COURT: Well, and here's one other problem I |
| 10:44:00 | 14 | have with your position everything's public is I would |
| 10:44:04 | 15 | think but I don't know. I was never an engineer. But I |
| 10:44:07 | 16 | would think that when you all were designing these |
| 10:44:10 | 17 | products, there had to be design documents that were |
| 10:44:13 | 18 | involved that were not made public that would go to an |
| 10:44:17 | 19 | argument made by the plaintiff, right or wrong, of issues |
| 10:44:22 | 20 | of copying or some other argument they might have. |
| 10:44:25 | 21 | Are there no confidential design documents that |
| 10:44:28 | 22 | are not public that might be relevant to what the |
| 10:44:31 | 23 | plaintiff is asking for? |
| 10:44:32 | 24 | MS. MOORE: I can go back and check, your Honor, |
| 10:44:34 | 25 | to see what, if anything, related to the Gen 2 systems is |

| | | |
|---|---|---|
| 10:44:38 | 1 | not available online.  But as it relates to the particular |
| 10:44:42 | 2 | patent, it's simply the tank and how it's shaped and what |
| 10:44:47 | 3 | is contained within it.  And again, all of that is |
| 10:44:50 | 4 | available on GRC's website.  As I said, there's at least |
| 10:44:54 | 5 | one 20-minute video, there's webinars, there's product |
| 10:44:58 | 6 | data sheets, there's specification data sheets, white |
| 10:45:02 | 7 | papers, case studies, webinars. |
| 10:45:04 | 8 | I could go on and on and on.  There's hundreds |
| 10:45:06 | 9 | and hundreds of documents on these systems available on |
| 10:45:08 | 10 | GRC's website.  And so, I'm not clear what it is that |
| 10:45:10 | 11 | they're looking for that isn't already in the public |
| 10:45:13 | 12 | domain because the way that the product works is |
| 10:45:16 | 13 | specifically shown in, for example, these videos and spec |
| 10:45:20 | 14 | sheets, and it seems completely onerous and unduly |
| 10:45:25 | 15 | burdensome for my client, again, who is a third party, to |
| 10:45:29 | 16 | have to go and search and then, compare and see what's |
| 10:45:31 | 17 | online, what do I need to still go find and then, turn it |
| 10:45:35 | 18 | over to a direct competitor.  Because these are the |
| 10:45:37 | 19 | systems in place now that GRC is selling that are at issue |
| 10:45:42 | 20 | with the Gen 2 system. |
| 10:45:44 | 21 | THE COURT:  Let me hear from plaintiff's counsel. |
| 10:45:46 | 22 | Is there a time window, a bracket of time window when -- |
| 10:45:54 | 23 | tell me the name of the third party again.  Tell me the |
| 10:45:58 | 24 | name of your client. |
| 10:45:59 | 25 | MS. MOORE:  GRC. |

| | | |
|---|---|---|
| 10:46:00 | 1 | THE COURT: Okay. GRC. Would the plaintiff tell |
| 10:46:03 | 2 | me the time window when GRC would have -- they believe |
| 10:46:06 | 3 | might have had design documents that would have been -- |
| 10:46:11 | 4 | that you want that are confidential that -- I've heard |
| 10:46:14 | 5 | what is public. Is there a time window you think that |
| 10:46:17 | 6 | would be relevant to what you're doing? |
| 10:46:20 | 7 | MR. THOMAS: Yeah, 2018 to 2020, your Honor. |
| 10:46:23 | 8 | THE COURT: Okay. So if I were to ask counsel |
| 10:46:26 | 9 | for GRC to go back and check whether there are design |
| 10:46:31 | 10 | documents that have been maintained and were kept |
| 10:46:35 | 11 | confidential relating to this tank, I think it is, would |
| 10:46:39 | 12 | that be something counsel for GRC could do? |
| 10:46:43 | 13 | MS. MOORE: Yes, your Honor. We'll go back and |
| 10:46:45 | 14 | take a look. |
| 10:46:45 | 15 | THE COURT: Okay. And then, we have in place in |
| 10:46:48 | 16 | my -- it's either Western District or my court, or both, |
| 10:46:53 | 17 | we have a standing protective order that, you know, you |
| 10:46:55 | 18 | all could enter and protect these things under. So I |
| 10:47:01 | 19 | heard 2018 to 2020. If there are design documents |
| 10:47:05 | 20 | relating to the accused tank of the defendant, then I'd |
| 10:47:10 | 21 | like you to produce those under the protective order |
| 10:47:14 | 22 | attorneys'-eyes-only, okay? |
| 10:47:16 | 23 | MR. THOMAS: Your Honor, could I make one more |
| 10:47:17 | 24 | slight request on this? |
| 10:47:19 | 25 | THE COURT: Sure. |

```
10:47:19   1              MR. THOMAS:  That's really the same issue for me
10:47:22   2   on Gen 1.  We just want to see, get access to the design
10:47:25   3   drawings.  I know they're worried about confidentiality.
10:47:29   4   We have an AEO provision in our protective order, which
10:47:31   5   has already been entered.  They can join in on that.  I'm
10:47:34   6   happy to mark anything they need to protect it from public
10:47:38   7   dissemination.  But the same issue for that, they have not
10:47:43   8   produced those same design drawings if they have them for
10:47:47   9   the Gen 1.  So we'd ask that you would make that order
10:47:50  10   applicable to both Gen 1 and Gen 2.
10:47:53  11              MS. MOORE:  Your Honor, we have.  We've produced
10:47:57  12   the CAD drawings, rack assemblies, tack pump modules
10:48:02  13   drawing files, a case study, let's see --
10:48:06  14              THE COURT:  I'm good.  I'm not going to amend my
10:48:10  15   order on Gen 1.  That's for Gen 2.
10:48:14  16              And then, I have a third issue.  Documents that
10:48:26  17   GRC has concerning Midas' systems.  Do you know whether or
10:48:33  18   not GRC has any of these documents?
10:48:36  19              MS. MOORE:  I'm not aware of them having any of
10:48:39  20   these documents.  To the extent they do exist, which,
10:48:42  21   again, I don't believe they do, the typical kinds of
10:48:44  22   comparisons you would see are kind of the cost of the
10:48:47  23   system and kind of the footprint and how much electricity
10:48:51  24   it can save or provide in terms of power output.  It's
10:48:56  25   nothing that is a actual comparison of the features of the
```

```
10:48:59   1  tank from, for example, my client to anyone else in the
10:49:03   2  industry.  I'm not aware of anything like that.
10:49:06   3             THE COURT:  I'll hear from the plaintiff what you
10:49:10   4  want with respect to these documents.
10:49:13   5             MR. THOMAS:  Yeah.  You know, the documents that
10:49:20   6  would -- these documents would be very relevant to whether
10:49:26   7  or not it's a non-infringing market-acceptable substitute.
10:49:28   8  So the comparisons between our product and theirs or
10:49:34   9  analysis of our product and theirs would be very relevant
10:49:36  10  to that.
10:49:39  11             THE COURT:  A response to that.
10:49:40  12             MS. MOORE:  Your Honor, we disagree.  The size of
10:49:44  13  one person's tank versus another has nothing to do with
10:49:47  14  the patents-in-suit.  Similarly the power output has
10:49:51  15  nothing to do with the patents-in-suit.  And therefore,
10:49:55  16  again, to the extent any comparisons exist, which I'm not
10:49:58  17  aware of any, those kinds of comparisons have absolutely
10:50:02  18  nothing to do with the patented technology.  And the RFP
10:50:06  19  as it is written asks for everything that goes back to
10:50:10  20  2009.  So 13, 14 years worth of documents that are
10:50:15  21  completely untethered to the technologies of the
10:50:20  22  patents-in-suit, it's extremely onerous for us to go
10:50:23  23  through this vast amount of information as a third party
10:50:25  24  and there's no --
10:50:25  25             THE COURT:  I'm good.  I'm going to deny the
```

| | | |
|---|---|---|
| 10:50:29 | 1 | relief. |
| 10:50:30 | 2 | Issue No. 4, Midas moves to compel GRC to produce |
| 10:50:35 | 3 | communications between GRC and Rhodium.  Let me ask the |
| 10:50:49 | 4 | plaintiff, why are you asking for these -- from GRC and |
| 10:50:53 | 5 | not from the defendant, who is in the case? |
| 10:51:00 | 6 | MR. THOMAS:  Your Honor, we have asked for the |
| 10:51:03 | 7 | same information.  We're not sure we got it all.  We |
| 10:51:06 | 8 | thought that it may be -- it's important stuff and I |
| 10:51:10 | 9 | think -- |
| 10:51:10 | 10 | THE COURT:  Again, you think you may not have |
| 10:51:13 | 11 | gotten it all.  Have you asked -- have you asked Rhodium |
| 10:51:19 | 12 | if you have all of it? |
| 10:51:21 | 13 | MR. THOMAS:  Well, yes, we have.  They said |
| 10:51:23 | 14 | they've produced everything they have.  Now, it's possible |
| 10:51:26 | 15 | that GRC has things in their possession that Rhodium |
| 10:51:29 | 16 | doesn't have. |
| 10:51:32 | 17 | THE COURT:  I'm going to deny that request, as |
| 10:51:35 | 18 | well. |
| 10:51:35 | 19 | That's all that I have here, I think.  Is there |
| 10:51:38 | 20 | anything else that I missed that you all asked me to work |
| 10:51:41 | 21 | on? |
| 10:51:43 | 22 | MR. THOMAS:  No, your Honor. |
| 10:51:44 | 23 | THE COURT:  Anything else for GRC? |
| 10:51:47 | 24 | MS. MOORE:  No, your Honor. |
| 10:51:49 | 25 | THE COURT:  Okay.  Have a good weekend.  Thank |

```
10:51:51   1   you.
10:51:51   2              MS. MOORE:   Thank you.
10:51:54   3              MR. SMITH:   Thank you, your Honor.
           4              (Proceedings concluded.)
           5
           6
           7
           8
           9
          10
          11
          12
          13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

```
1                        * * * * * *

2

3   UNITED STATES DISTRICT COURT   )

4   WESTERN DISTRICT OF TEXAS      )

5

6       I, LILY I. REZNIK, Certified Realtime Reporter,

7   Registered Merit Reporter, in my capacity as Official

8   Court Reporter of the United States District Court,

9   Western District of Texas, do certify that the foregoing

10  is a correct transcript from the record of proceedings in

11  the above-entitled matter.

12      I certify that the transcript fees and format comply

13  with those prescribed by the Court and Judicial Conference

14  of the United States.

15      WITNESS MY OFFICIAL HAND this the 6th day of October,

16  2023.

17                                    /s/ Lily Iva Reznik

18                                    ~~~~~~~~~~~~~~~~~~~~~~~~
                                      LILY I. REZNIK, CRR, RMR
19                                    Official Court Reporter
                                      United States District Court
20                                    Austin Division
                                      501 West 5th Street,
21                                    Suite 4153
                                      Austin, Texas 78701
22                                    (512)391-8792
                                      SOT Certification No. 4481
23                                    Expires:  1-31-25

24

25
```