# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC**;<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Renewables LLC**; | |
| Defendants. | |

**PLAINTIFF'S MOTION TO CORRECT INVENTORSHIP UNDER 35 U.S.C. § 256**

1

I.  **INTRODUCTION**

During this litigation Midas became aware that the U.S. Patent No. 10,405,457 (the "'457 Patent") incorrectly listed inventorship and filed a Request for Correction with the United States Patent and Trademark Office ("USPTO") on March 21, 2023. As of the date of filing this Motion, the USPTO has not acted on the Request for Correction so it remains pending. As a consequence, Midas moves this Court pursuant to 35 U.S.C. § 256 to Order the Director of the USPTO to issue an Order to correct the inventorship of the '457 Patent as requested. If the USPTO acts on the Request for Correction prior to this Motion being heard, Midas will immediately inform the Court to avoid wasting judicial resources and withdraw the motion.

II. **FACTUAL BACKGROUND**

The '457 Patent was issued listing seven inventors as follows: (1) Chris Boyd; (2) Kenneth D. Swinden; (3) Mario Conti Garcia; (4) John Charles Tribou; (5) Thomas R. Turner; (6) James P. Koen; and (7) David Christopher Laguna.

During this litigation Midas became aware that the '457 Patent identified incorrect inventorship. After a thorough investigation, it was determined that Chris Boyd is the sole inventor of the claims of the '457 Patent.

On March 21, 2023, Midas filed a Request for Correction of Inventorship in Patent Pursuant to 37 C.F.R § 1.324(a), attached as **Exhibit A**. The following documents were submitted to the USPTO along with the Request:

- A statement from each person currently named as an inventor agreeing to the change of inventorship and stating that he/she has no disagreement in regard to the requested change, attached as **Exhibit B**.
- A statement from the assignee of the parties, MIDAS GREEN TECHNOLOGIES, LLC, under paragraph 37 C.F.R. § 1.324(b)(1) agreeing to the change of

2

inventorship in the patent, which complies with the requirements of § 3.73(c), attached as **Exhibit C**.

- An updated Application Data Sheet removing Inventors 2-7 and updating the Assignee name, attached as **Exhibit D:**
  - "MIDAS GREEN TECHNOLOGY, LLC" to "MIDAS GREEN TECHNOLOGIES, LLC"
- A Statement under 37 C.F.R. § 3.73(c) executed by MIDAS GREEN TECHNOLOGIES, LLC attaching corrective Assignment, attached as **Exhibit E**.
- Power of Attorney executed by MIDAS GREEN TECHNOLOGIES, LLC. , attached as **Exhibit F**.

Midas also made full payment to the USPTO for making the correction, the receipt is attached as **Exhibit G**. As of the filing date of this Motion, the Request for Correction remains pending at the USPTO. See a screenshot of the current status for the '457 Patent, taken February 29, 2024, attached as **Exhibit H**.

### III.   ANALYSIS

The Patent Act allows a listing of inventors to be corrected either upon petition to the Director, see 35 U.S.C. § 256(a), or upon court order, see § 256(b). Our precedent recognizes that a patent cannot be invalidated if inventorship can be corrected instead. *Egenera, Inc. v. Cisco Sys.*, 972 F.3d 1367, 1376 (Fed. Cir. 2020); citing *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349-50 (Fed. Cir. 1998).

**35 USC §256**
    **(a)CORRECTION.—**
*Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.*
    **(b)PATENT VALID IF ERROR CORRECTED.—**
*The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in*

3

*this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.*

The **Request for Correction** and its attachments fully comply with all the requirements for correcting inventorship. All originally named inventors have been notified and agree to the changes, the assignee agrees to the changes, and the necessary documents for the USPTO to implement the correction to inventorship have been submitted.

Ultimately, inventorship is a legal conclusion premised on underlying factual findings. *In re VerHoef*, 888 F.3d 1362, 1365 (Fed. Cir. 2018); *Trovan, Ltd. v. Sokymat SA*, 299 F.3d 1292, 1302 (Fed. Cir. 2002). For a court to have subject matter jurisdiction over an action for correction of the named inventor of a patent, 35 U.S.C. § 256 requires notice and an opportunity for all parties to be heard. *VP Sales & Manufacturing, L.P. v. Guerra*, 2023 U.S. Dist. LEXIS 207418. The "parties concerned" in § 256 are the "named inventors, omitted inventors, and assignees" *Cricut, Inc. v. Enough for Everyone, Inc.*, 2023 U.S. Dist. LEXIS 80562. Here, all parties named as inventors' consent to the change of the patent. See Exhibit H, as filed with the USPTO.

## IV. CONCLUSION

Midas Requests that this Court order the Director of the USPTO to correct the inventorship of the '457 Patent as set out in the Request for Correction and issue a certificate of correction. Accordingly, Midas submits a proposed order to the Director of the USPTO to issue a certificate of correction.

///

///

///

///

|  |  |
|---|---|
| DATED: March 1, 2024 | Respectfully submitted,<br> /s/ Joseph E. Thomas<br>Joseph E. Thomas *(admitted p.h.v.)*<br>jthomas@twtlaw.com<br>William J. Kolegraff *(admitted p.h.v.)*<br>bkolegraff@twtlaw.com<br>Grant J. Thomas *(admitted p.h.v.)*<br>gthomas@twtlaw.com<br>THOMAS WHITELAW & KOLEGRAFF LLP<br>18101 Von Karman Ave., Suite 230,<br>Irvine, CA 92612<br>Telephone: (949) 679-6400<br>Attorneys for Plaintiff Midas Green Technologies |

## CERTIFICATE OF CONFERENCE

As this is a non-dispositive motion, the parties held a meet and confer on February 28, 2024. Defendant's counsel did not state whether they oppose the motion or not.

By  /s/ Joseph E. Thomas
    Joseph E. Thomas

5

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 1, 2024 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

/s/ Tierra Mendiola