**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **Midas Green Technologies, LLC**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:22-CV-00050-ADA |
| ) | |
| **Rhodium Enterprises, Inc.;** ) | |
| **Rhodium Technologies LLC;** ) | |
| **Rhodium 10MW LLC;** ) | **JURY TRIAL DEMANDED** |
| **Rhodium 2.0 LLC;** ) | |
| **Rhodium 30MW LLC;** ) | |
| **Rhodium Encore LLC;** ) | |
| **Rhodium Renewables LLC;** ) | PUBLIC VERSION |
| **Rhodium Renewables Sub LLC; and** ) | |
| **Rhodium Ready Ventures LLC.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION TO STRIKE OPINIONS OF AND TO EXCLUDE TESTIMONY OF DR. HIMANSHU POKHARNA

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................1

II.    LEGAL STANDARD ................................................................................................1

III.   ARGUMENT .............................................................................................................3

   A.   Certain of Dr. Pokharna's opinions should be stricken because Midas did
        not disclose them in its infringement contentions........................................3

      1.   Midas failed to timely disclose its new infringement theories or seek
           leave to amend its contentions. ..................................................................3

      2.   Midas should have disclosed these theories in its final infringement
           contentions. ................................................................................................4

      3.   Allowing the late addition of the new infringement theories would
           prejudice Rhodium...................................................................................6

   B.   Dr. Pokharna's infringement opinions that rely ████████████████
        ██████████████████████, are too unreliable to reach the jury.
        ........................................................................................................7

IV.    CONCLUSION...........................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
   672 F.3d 1335 (Fed. Cir. 2012)...................................................................................8

*Daedalus Blue LLC v. SZ DJI Technology Company, Ltd.*,
   No. W-20-CV-00073, 2022 WL 831619 (W.D. Tex. Feb. 24, 2022).......................................2

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)...................................................................................................3

*Pisony v. Commando Constructions, Inc.*,
   No. 6:17-CV-00055-ADA, 2020 WL 4934463 (W.D. Tex. Aug. 24, 2020)....................1, 2, 6

*Summit 6, LLC v. Samsung Elecs. Co.*,
   802 F.3d 1283 (Fed. Cir. 2015)...................................................................................3

*Tomax AS v. Turbo Drill Indus.*, Inc.,
   No. 6:21-cv-00260-ADA, 2023 WL 3171744 (W.D. Tex. Apr. 6, 2023) ...............................2

*Weisgram v. Marly Co.*,
   528 U.S. 440 (2000)...................................................................................................2

Pursuant to Federal Rules of Civil Procedure 26 and 37 and Federal Rule of Evidence 702, Defendants (together, "Rhodium") move to (1) strike and exclude the opinions of Dr. Himanshu Pokharna that advance infringement theories that Midas Green Technologies, LLC ("Midas") did not previously disclose in its infringement contentions, and (2) to exclude as unreliable his opinions about a third party control system that he admits cannot perform a necessary part of the pertinent claim limitation (*i.e.* measuring temperature).

## I.    INTRODUCTION

Rhodium moves to strike and exclude portions of Dr. Himanshu Pokharna's expert witness report on infringement (Ex. 1, the "Pokharna Report"). Specifically, Rhodium seeks to preclude infringement theories that Midas did not disclose in its Final Infringement Contentions (Ex. 2, the "FICs") or at any point prior to service of the Pokharna Report.

Rhodium also moves to exclude portions of Dr. Pokharna's opinions and testimony, specifically testimony about a system provided by ███████████████, as unreliable. The asserted claims require "***a control facility adapted to*** coordinate the operation of the primary and secondary fluid circulation facilities ***as a function of the temperature of the dielectric fluid in the tank***." Ex. 3 (U.S. Patent No. 10,405,457, the "'457 Patent") at cl. 1 (emphasis added). ██

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████. This opinion is unreliable and should be excluded.

## II.    LEGAL STANDARD

"In patent litigation, 'expert infringement reports may not introduce theories not previously set forth in infringement contentions.'" *Pisony v. Commando Constructions, Inc.*, No. 6:17-CV-

00055-ADA, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020) (*quoting ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014)). "[T]he Fifth Circuit directs courts to 'consider four factors when determining whether to exclude expert evidence as a sanction for the violation of a scheduling order'…'(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Tomax AS v. Turbo Drill Indus., Inc.,* No. 6:21-cv-00260-ADA, 2023 WL 3171744, at *2 (W.D. Tex. Apr. 6, 2023) (*quoting In re C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016)). "Ultimately, the critical question in deciding whether to strike portions of an expert report ... is whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether." *Id.*, at *2 (*citing Mobile Telecomms. Tech., LLC v. Blackberry Corp.*, No. 3:12- cv-1652, 2016 WL 2907735, at *1 (N.D. Tex. May 17, 2016)). As this Court has explained, "prejudice occurs" when a party "is forced to respond to [] theories that it sees for the first time in the expert's [] report." *Id.* at *4; *see also Pisony*, 2020 WL 4934463 at *2.

In addition, "[s]ince *Daubert* . . . parties relying on expert evidence have had notice of the exacting standards of reliability such evidence must meet." *Weisgram v. Marly Co.*, 528 U.S. 440, 455–56 (2000). The proponent must establish[1] that: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods

---

[1] *Daedalus Blue LLC v. SZ DJI Technology Company, Ltd.*, No. W-20-CV-00073, 2022 WL 831619, at 3 (W.D. Tex. Feb. 24, 2022) ("The burden of establishing the admissibility and relevance of the expert testimony is on the party offering the testimony." (citing *Pax v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).

to the facts of the case." Fed. R. Evid. 702(a)–(d); *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1298 (Fed. Cir. 2015) (district courts must ensure that all expert evidence is "based on reliable principles and . . . sufficiently tied to the facts of the case."). As gatekeeper, this Court "ensure[s] that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

## III.    ARGUMENT

### A.    Certain of Dr. Pokharna's opinions should be stricken because Midas did not disclose them in its infringement contentions.

The Pokharna Report introduces multiple new infringement theories relying on third-party products that Midas has known about for years. This belated introduction of new infringement theories, disclosed for the first time *over a year* after the deadline for final infringement contentions (*see* ECF No. 54), violates the Court's scheduling order and, if allowed, would prejudice Rhodium.

#### 1.    Midas failed to timely disclose its new infringement theories or seek leave to amend its contentions.

The Pokharna Report advances new, previously undisclosed theories for the "control facility" limitation of claim 1 of the asserted patent and the "communication facility" limitation of claim 5. In particular, the Pokharna Report seeks to introduce the following theories:

- ███████████████████████████████████████████
  ███████████████████████████████████████████
  ███████████████████████████████████████████
  ████████
  ■ ████████████████████████████████████████████
  █████████████████████████████
  ■ ███████████████████████████████████████████
  ██████████████████████████████████████████
  ███████████████
  ■ ███████████████████████████████████████████
  ████████████████████████████████████████████
  ███████████████████

- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████

These theories appear nowhere in Midas's FICs or in the documents cited therein. *See* Ex. 2

at 3–6, 13–16. ████████████████████████████████████████

████████████████████████████████████[2] *See id.* Midas never sought

to amend its FICs to include these new theories.

       **2.**       **Midas should have disclosed these theories in its final infringement contentions.**

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[2] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████

██████████████████████ This illustrates that Midas had ample opportunity to develop and include its infringement theories relying on Rhodium's use of these products in its FICs, served in November 2022. But it failed to do so.

Midas also had all the necessary information to articulate its theory of what constitutes a slot in Rhodium's products. Midas had access to diagrams and CAD files of Rhodium's tanks from at least the very beginning of fact discovery, and included portions of those diagrams in its FICs for *the very same limitation*—but failed to identify what in those diagrams it considers to be the slots. *See* Ex. 2 at 3–4. ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

There is no indication that Midas only learned about these products or diagrams at a late hour. And even if that was the case, Midas never sought to amend its FICs to include these new theories during the 12 months between service of its FICs and the close of discovery. In sum,

Midas failed to put Rhodium on notice of its infringement theories with regard to these products and has provided no justification or excuse for that failure.

### 3.    Allowing the late addition of the new infringement theories would prejudice Rhodium.

This Court has made clear that there may be sufficient prejudice to warrant striking an expert's opinion when a party failed to disclose its theories in its contentions and thereby forces the other party to respond to such theories that are disclosed for the first time in an expert's report. *Pisony*, 2020 WL 4934463 at *1; *Tomax AS*, 2023 WL 3171744 at *4. In *Tomax AS*, the Court struck those portions of an expert's infringement report that presented theories not in the infringement contentions as impermissibly prejudicing the defendant through the report's late notice. 2023 WL 3171744 at *5 (opinion that "fails to meet the Court's disclosure requirements…severely prejudices Defendant").

Here, Midas's belated disclosure of these new infringement theories after the close of fact discovery, mere weeks before the deadline for Rhodium's rebuttal report, and within four months of trial would operate to prejudice Rhodium. Under the schedule and rules, Rhodium should have had more time to investigate these theories through discovery, and should not have to bear the expense of doing so belatedly. Had Midas properly disclosed these new infringement theories, Midas would have had over a year to investigate them during the applicable schedule and depositions that have already occurred, and its technical expert would have had additional time, and likely additional evidence, with which to form his rebuttal opinions regarding Midas's new theories. There are seven named inventors on the asserted patent, all of whom Rhodium deposed in accordance with the applicable scheduling order. If Midas had disclosed its infringement theories when it was required to do so in November 2022, Rhodium would have had the opportunity to question the inventors about these theories during the depositions in September

2023. By delaying its disclosure until the time for expert reports, Midas deprived Rhodium of the ability to conduct factual discovery on these theories. Midas also left Rhodium with minimal time to respond. Such gamesmanship warrants striking Dr. Pokharna's opinions.

**B.**   **Dr. Pokharna's infringement opinions that rely on the** ████████████ **████████████████████, are too unreliable to reach the jury.**

Claim 1 requires a "control facility adapted to coordinate the operation of the primary and secondary fluid circulation facilities *as a function of the temperature of the dielectric fluid* in the tank," and claim 5 requires a "communication facility adapted to facilitate monitoring and control of the control facility from a remote location." Ex. 3 at cls. 1 and 5 (emphasis added). ██

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████ This notion of what it means to be "adapted to" meet the claim language is a bridge too far.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████ But all he offers in response is the following statement: "In my opinion, such a position ignores the plain meaning of the terms in the claim limitation, namely the term 'adapted to.'" *Id.* Even the broadest plain meaning that

the Federal Circuit has given to the term "adapted to"—*i.e.* "capable of" or "suitable for" (*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1349 (Fed. Cir. 2012))—cannot support what Dr. Pokharna tries to do: ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████

## IV.    CONCLUSION

For the foregoing reasons, Rhodium respectfully asks the Court to strike and exclude the identified opinions of Dr. Pokharna.

DATED: March 1, 2024                    Respectfully submitted,

                                        */s/ Melissa R. Smith*
                                        Melissa R. Smith
                                        Texas Bar No. 24001351
                                        **GILLAM & SMITH, LLP**
                                        303 South Washington Avenue
                                        Marshall, Texas 75670
                                        Telephone: (903) 934-8450
                                        Facsimile:  (903) 934-9257
                                        melissa@gillamsmithlaw.com
                                        J. Travis Underwood
                                        Texas Bar No. 24102587
                                        **GILLAM & SMITH, LLP**
                                        102 North College Avenue, Suite 800
                                        Marshall, Texas 75670
                                        Telephone: (903) 934-8450
                                        Facsimile:  (903) 934-9257
                                        travis@gillamsmithlaw.com

                                        Elizabeth R. Brannen
                                        Kenneth J. Halpern (*Pro Hac Vice*)
                                        Peter J. Brody (*Pro Hac Vice*)
                                        Sarah Rahimi (*Pro Hac Vice*)
                                        **STRIS & MAHER LLP**
                                        777 South Figueroa Street, Suite 3850
                                        Los Angeles, California 90017
                                        Telephone: (213) 995-6800
                                        Facsimile:  (213) 216-0299
                                        ebrannen@stris.com
                                        khalpern@stris.com
                                        pbrody@stris.com
                                        srahimi@stris.com

                                        ***Attorneys for Rhodium Defendants***

9

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been sent to all counsel of record via electronic mail on March 1, 2024.

*/s/ Melissa R. Smith*

**<u>CERTIFICATE OF CONFERENCE</u>**

Counsel for Defendants met and conferred with counsel for Plaintiff about the relief sought in this Motion. Counsel for Plaintiff informed counsel for Defendants that Plaintiff opposes the relief sought in this Motion.

*/s/ Melissa R. Smith*