# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC,** | ) |
| Plaintiff, | ) ) ) |
| v. | )  Civil Action No. 6:22-CV-00050-ADA ) |
| **Rhodium Enterprises, Inc.;** | ) |
| **Rhodium Technologies LLC;** | ) |
| **Rhodium 10MW LLC;** | ) **JURY TRIAL DEMANDED** |
| **Rhodium 2.0 LLC;** | ) |
| **Rhodium 30MW LLC;** | ) |
| **Rhodium Encore LLC;** | ) |
| **Rhodium Renewables LLC;** | ) PUBLIC VERSION |
| **Rhodium Renewables Sub LLC; and** | ) |
| **Rhodium Ready Ventures LLC.** | ) |
| Defendants. | ) ) |

## DEFENDANTS' MOTION TO STRIKE OPINIONS OF AND TO EXCLUDE TESTIMONY OF DR. JAMES LEE

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1
II. LEGAL STANDARD ......................................................................................................2
III. ARGUMENT ...................................................................................................................3
    A. Dr. Lee's attempted "corrections" to his rebuttal report should be stricken because they untimely seek to introduce a new basis for Midas' priority-date theory..................................................................................................................3
        1. Midas should have but failed to timely disclose this basis for its validity theory in its rebuttal report, and it had no excuse for its delay. ......................................................................................................4
        2. Allowing the late addition of these new theories would prejudice Rhodium.............................................................................................5
    B. Certain of Dr. Lee's opinions should be stricken because Midas did not timely disclose them in its opening damages report. ..............................................5
        1. Midas should have but failed to timely disclose these theories in its damages report, and it had no excuse for its delay. ....................................7
        2. Allowing the late addition of these new theories would prejudice Rhodium.............................................................................................8
    C. The untimeliness cannot be cured by continuance ..................................................9
IV. CONCLUSION................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*5 Star Tech I, LP v. Am. Guarantee & Liab. Ins. Co.*,
   No. EP-18-CV-00037-DCG, 2020 WL 3578328 (W.D. Tex. Apr. 28, 2020)..........................2

*Accident Ins. Co. v. Classic Bldg. Design, LLC*,
   No. 2:11-CV-33-KS-MTP, 2012 WL 3913090 (S.D. Miss. Sept. 7, 2012),
   *aff'd sub nom. Accident Ins. Co. v. Classic Bldg. Design, L.L.C.*, 539 F. App'x
   465 (5th Cir. 2013)................................................................................................................5

*Alacritech Inc. v. CenturyLink, Inc.*,
   No. 2:16-CV-00693-RWS-RSP, 2023 WL 6609324 (E.D. Tex. Oct. 9, 2023)..................2, 4

*Barrett v. Atlantic Richfield Co.*,
   95 F.3d 375 (5th Cir. 1996) ..................................................................................................3

*Conn v. C.R. Bard, Inc*,
   No. 4:14-CV-298, 2021 WL 2328389 (S.D. Tex. June 8, 2021)...........................................4

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)..............................................................................................................6

*Langley v. Int. Business Machines Corp.*,
   No. A-18-CV-443-DAE, 2019 WL 7284946 (W.D. Tex. Dec. 23, 2019) .............................2

*Panduit Corp. v. Stahlin Bros. Fibre Works*,
   575 F.2d 1152 (6th Cir. 1978) ..........................................................................................2, 5

*Sobrino-Barrera v. Anderson Shipping Co.*,
   495 F. App'x 430 (5th Cir. 2012) .........................................................................................2

*Summit 6, LLC v. Samsung Elecs. Co.*,
   802 F.3d 1283 (Fed. Cir. 2015).............................................................................................6

Pursuant to Federal Rules of Civil Procedure 26 and 37 and Federal Rule of Evidence 702, Defendants (together, "Defendants" or "Rhodium") move to strike and exclude untimely opinions of Dr. James Lee that were not disclosed by the applicable opening and rebuttal expert report deadlines.

I.  **INTRODUCTION**

Rhodium moves to strike and exclude portions of Dr. James Lee's rebuttal expert report on validity (Ex. 1, the "Lee Report") and purported "corrections" thereto that offer untimely opinions pertinent to the applicable priority date of U.S. Patent No. 10,405,457 (the "'457 Patent") and to whether Midas Green Technologies, LLC ("Midas")'s products practice the asserted claims of the '457 Patent. Specifically, Rhodium seeks to exclude (1) a substantive written opinion added to the Lee Report, which Midas introduced as a handwritten exhibit at the end of his February 19, 2024 deposition, advancing a new theory for why a claim limitation was adequately supported by the inventor's notes as of the asserted March 2012 priority date, and (2) portions of the Lee Report that seek to offer an untimely and admittedly unsupported opinion that Midas' products practice the '457 Patent.

The challenged opinions are untimely: (1) The addition to the Lee Report seeks to introduce a previously undisclosed theory almost a month after the rebuttal expert report deadline, and (2) the practicing-products opinions in the Lee Report bear on Midas' lost-profits case, for which it bears the burden of proof, and accordingly had to be disclosed in or with its opening report on damages (Ex. 2, the "O'Bryan Report"), not in a rebuttal report more than a month later. Additionally, Mr. Lee's practicing products opinions fail to show the presence of the "control facility adapted to coordinate the operation of the primary and secondary fluid circulation facilities *as a function of the temperature of the dielectric fluid in the tank*" because they admittedly do not identify any evidence that a temperature measurement is taken in the tank, and do not offer any

1

opinion or analysis showing that the Midas system practices claim 1 (or any claim) of the '457 Patent under the doctrine of equivalents.

## II.  LEGAL STANDARD

"Under Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure, an expert report must contain 'a complete statement of all opinions the witness will express and the basis and reasons for them.' Opinions not properly disclosed in accordance with that rule may be excluded 'unless the failure was substantially justified or is harmless.' Fed.R.Civ.P. 37(c)(1)." *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012). "A party's failure to provide *any* justification for its untimely disclosure weighs heavily in favor of striking the disclosure, and may even be sufficient standing alone to support exclusion." *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2023 WL 6609324, at *3 (E.D. Tex. Oct. 9, 2023).

"[T]he party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Fed. R. Civ. P. 26(a)(3) advisory committee's note to 1993 amendment. The patent owner bears the burden of proving lost profits due to lost sales. *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1156 (6th Cir. 1978).

"Under Rule 37(c)(1), if a party fails to disclose or supplement its expert's report, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *5 Star Tech I, LP v. Am. Guarantee & Liab. Ins. Co.*, No. EP-18-CV-00037-DCG, 2020 WL 3578328, at *7 (W.D. Tex. Apr. 28, 2020) (quoting Fed. R. Civ. P. 37(c)(1)). "Indeed, 'allow[ing] a party to submit entirely new expert opinions after the deadlines set by the trial court' would render 'expert report deadlines ... meaningless.'" *Id.* (citing *Langley v. Int. Business Machines Corp.*, No. A-18-CV-443-DAE, 2019 WL 7284946, at *2 (W.D. Tex. Dec. 23, 2019)). To determine the propriety of excluding

2

evidence under Rule 37(c)(1), courts consider the following four factors: "(1) the party's explanation for its failure to disclose evidence; (2) the prejudice, if any, to the party opposing the admission of the evidence; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the evidence." *Id*. (*citing Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)).

### III. ARGUMENT

#### A. Dr. Lee's attempted "corrections" to his rebuttal report should be stricken because they untimely seek to introduce a new basis for Midas' priority-date theory.

To support his rebuttal opinion that Midas is entitled to a priority date on March 14, 2012, Dr. Lee attempts to show that all claim limitations were invented on or before March 14, 2012. *See* Ex. 1 pp. 23–34; Ex. 3 (Lee Dep.) at 139:3–17. Dr. Lee testified that pages 23–34 of his report identify *all* the facts and evidence he considered and relied on in forming his opinion that the patent is entitled to a priority date of March 14, 2012. Ex. 3 at 139:3–17. Yet Dr. Lee admitted that all he cited in his report to support his opinion that one of the inventors, Christopher Boyd, invented the claim limitation "a control facility adapted to coordinate the operation of the primary and secondary fluid circulation facilities as a function of the temperature of the dielectric fluid in the tank" before March 14, 2012 was Mr. Boyd's testimony in this case, and "Mr. Boyd's extensive experience." Ex. 3 at 140:1–141:13; *see* Ex. 1 ¶¶ 90–94. Mr. Lee had not pointed to any documentary evidence.

Once alerted to this fatal flaw in his priority date analysis, Mr. Lee attempted to introduce a new theory at the end of his deposition on February 19, 2024, in the form of a handwritten amendment to his report, that reads: "This limitation 'h' is fully supported by the inventor notebook pages 4 an [*sic*] 5, including the side view and annotations, and notes 3 and 4 on page 5 of the inventor notebook." Ex. 4 (Lee Dep. Exhibit 15); *see* Ex. 3 at 285:3–286:15. This is not the

3

correction of a factual error, but a new opinion that certain parts of the inventor's notebook support an earlier priority date. Needless to say, the inventor's notebook was in Midas' possession and Dr. Lee relied on it—including the very same page—for other claim limitations, so there can be no argument that this opinion relies on newly discovered material. *See, e.g.*, Ex. 3 at 139:18–25; Ex. 1 ¶ 73. Dr. Lee simply failed to offer the opinion that that portion of the inventor notes supported the invention of this specific limitation—and then changed his mind once he realized this left the limitation bereft of documentary evidence of conception. Ex. 3 at 140:1–141:6; Ex. 1 ¶¶ 90–94.

### 1. Midas should have but failed to timely disclose this basis for its validity theory in its rebuttal report, and it had no excuse for its delay.

Under the Federal Rules, Dr. Lee was required to include "a complete statement of all opinions [he] will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). He did not provide a complete statement of his basis and reasons for what he now says are his opinions that Midas is entitled to a March 14, 2012 priority date. Nor did Midas seek leave to amend Dr. Lee's report.

The inventor notes that Dr. Lee now seeks to rely on as the basis for his new opinion are contained in the '457 Patent's prosecution history and so have been within Midas' possession since before it filed this action. Dr. Lee relied on these notes—including the very same page—for other claim limitations. He claims that his new opinion "more correctly expresses the material considered" for this limitation, Ex. 3 at 286:1–4, but offers no explanation for why he failed to *timely* offer the opinion that this material discloses. "A party's failure to provide *any* justification for its untimely disclosure weighs heavily in favor of striking the disclosure, and may even be sufficient standing alone to support exclusion." *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2023 WL 6609324, at *3 (E.D. Tex. Oct. 9, 2023). *See also Conn v. C.R. Bard, Inc*, No. 4:14-CV-298, 2021 WL 2328389 (S.D. Tex. June 8, 2021) (striking a supplemental expert

4

report that mostly relied on materials available to the expert at the time of the previous report); *Accident Ins. Co. v. Classic Bldg. Design, LLC*, No. 2:11-CV-33-KS-MTP, 2012 WL 3913090, at *7 (S.D. Miss. Sept. 7, 2012), *aff'd sub nom. Accident Ins. Co. v. Classic Bldg. Design, L.L.C.*, 539 F. App'x 465 (5th Cir. 2013) (Rule 26 does not condone unlimited bolstering of expert opinions or "cover failures of omission because the expert did an inadequate or incomplete preparation.")

        **2.    Allowing the late addition of these new theories would prejudice Rhodium.**

Here, Midas' belated disclosure of this new priority-date theory nearly a month after Dr. Lee's rebuttal report deadline, and two months before trial, prejudices Rhodium. Under the schedule and rules, Rhodium should have had more time to investigate this theory through discovery, and should not have to bear the expense of doing so belatedly. Had Midas properly disclosed this new validity theory, Rhodium would have had time to investigate it within the period defined by the scheduling order and explore it in depositions, which are now past. Indeed, the new opinion was distributed at the very end of the deposition of Dr. Lee, after Rhodium's counsel had concluded his examination. This left no opportunity for Rhodium's counsel to review the theory and the cited material, to consider it while preparing to depose Dr. Lee, and to question him about it. By delaying its disclosure until after the applicable expert report deadline, Midas left Rhodium with minimal time to address it. Midas's gamesmanship and the resulting prejudice—and the lack of any justification for the untimely submission—warrant striking Dr. Lee's opinions.

        **B.    Certain of Dr. Lee's opinions should be stricken because Midas did not timely disclose them in its opening damages report.**

Midas has also offered no timely expert opinions that the systems it sold practice its patents. Whether a patentee's products practice the patent bears on the issue of lost profits. Since Midas bears the burden of proving that damages based on lost profits are available, *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1156 (6th Cir. 1978), it was required to disclose any

supporting expert opinions in or with its opening report on damages. Fed. R. Civ. P. 26(a)(3) (advisory committee's note to 1993 amendment). Instead, Midas served its practicing-products opinions as part of the Lee rebuttal report on validity, over a month after its damages report was due. *See* Ex. 5 (Exhibit 4 to Lee Report). Midas shoehorned the issue into its validity rebuttal report by linking it to the issue of secondary considerations of non-obviousness. But by serving its lost-profits opinions concurrent with Rhodium's rebuttal reports on damages and noninfringement, Midas deprived Rhodium's experts of the opportunity to address it in any reports. Accordingly, Midas should be precluded from relying on these opinions to support its damages case.

Dr. Lee's practicing-products opinions should also be excluded as unreliable because they are not based on sufficient facts and data. Fed. R. Evid. 702(b); *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1298 (Fed. Cir. 2015) (district courts must ensure that all expert evidence is "based on reliable principles and . . . sufficiently tied to the facts of the case."). As gatekeeper, this Court "ensure[s] that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Dr. Lee's claim charts contained in Exhibit 4 to his report do not show that Midas' products contain the claimed "control facility adapted to coordinate the operation of the primary and secondary fluid circulation facilities ***as a function of the dielectric fluid temperature in the tank***." Ex. 7 ('457 Patent) at cl. 1 (col. 9, ll. 56–59). Dr. Lee admits that his claim charts do not show that any Midas product has any temperature sensors in the tank. Ex. 3 at 276:4–19 ("A. I do not see anything in Exhibit 4 describing temperature sensors in the crypto tanks.").

- [redacted]

6

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████

- Dr. Lee testified that he considers Midas' product to practice the asserted patent nonetheless. Ex. 3 at 276:20–277:4, 279:20–283:1. However, Dr. Lee provided no opinions addressing the discrepancy between the claim language and Midas' products, much less an explanation of how Midas' products could "coordinate the operation of the primary and secondary fluid circulation facilities *as a function of the temperature of the dielectric fluid in the tank*" when the product concededly does not measure the temperature of the dielectric fluid in the tank. Ex. 7 ('457 Patent) at cl. 1.

- Dr. Lee offers no opinions that Midas' products practice this claim limitation under the doctrine of equivalents.

In sum, Dr. Lee's practicing-products opinions are concededly not based on any facts that could establish that Midas's products practice the '457 Patent and should be excluded as unreliable.

### 1. Midas should have but failed to timely disclose these theories in its damages report, and it had no excuse for its delay.

Whether a patent holder's product practices the asserted patent is an issue that bears on damages. Accordingly, the rules require that Midas' expert on damages, J. Duross O'Bryan, include "a complete statement of all opinions [he] will express and the basis and reasons for them" in his opening report on damages, which was due on December 22, 2023, over a month before service of the Lee Report. Fed. R. Civ. P. 26(a)(2)(B)(i); ECF No. 141. The O'Bryan Report claims that "Midas' patent is embodied in its flagship product" and that "Midas sells its patented immersion cooling system," Ex. 2 ¶¶ 8, 35, but provides no basis for this opinion other than one citation to

Midas' website which only states that Midas has "Patented technology." Ex. 2 ¶ 8; Ex. 8 (Midas website). It does not cite any of the materials discussed in Dr. Lee's 32-page Exhibit 4 purporting to show that Midas' products practice the asserted patent.

When asked in deposition about the basis for his opinion that Midas' products practice the patent, Mr. O'Bryan testified that his understanding was based on undisclosed December 2023 "conversations with counsel" in which he was told that Dr. Lee has an opinion in his rebuttal report that Midas' products practice the patent. Ex. 9 (O'Bryan Dep.) 96:20–97:22. In other words, ***before the opening report on damages was due, Dr. Lee had already formed his practicing-products opinion***, and the bases for it could and should have been included with the opening damages report. Of course, Midas is uniquely in possession of information about how its products work and cannot contend that it discovered new information about its own products after service of the O'Bryan report. Midas simply chose to withhold this information at the time it was due and had no excuse for doing so.

### 2. Allowing the late addition of these new theories would prejudice Rhodium.

For reasons similar to those described above, in section III.A.3, Rhodium would be prejudiced by this new damages theory, disclosed belatedly, over a month after the opening expert report deadline. The gamesmanship and resulting prejudice are particularly egregious in this instance. As just noted, Midas knew it intended to offer these practicing-products opinions, which its damages expert purports to rely on, but apparently for tactical advantage, failed to disclose them with its damages report and withheld them until rebuttal reports were due. As a consequence, Rhodium's damages expert had no opportunity to consider and address them in her rebuttal report, and its technical expert had no opportunity to address them in his rebuttal report. And Rhodium's time to consider them before trial was reduced by a month (which is highly material with trial just

8

three months away, now two). The untimely, unexcused, and prejudicial nature of Dr. Lee's submission regarding practicing products warrant striking and excluding it.

### C.  The untimeliness cannot be cured by continuance

Trial in this matter is set for April 22, 2024 and accordingly, there is insufficient time remaining before trial to apply the procedures the scheduling order envisions to Dr. Lee's untimely opinions (that is, expert rebuttal and full discovery).

### IV.  CONCLUSION

For the foregoing reasons, Rhodium respectfully asks the Court to strike and exclude the identified opinions of Dr. Lee.

DATED: March 1, 2024                              Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com
J. Travis Underwood
Texas Bar No. 24102587
**GILLAM & SMITH, LLP**
102 North College Avenue, Suite 800
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
travis@gillamsmithlaw.com

Elizabeth R. Brannen
Kenneth J. Halpern (*Pro Hac Vice*)
Peter J. Brody (*Pro Hac Vice*)
Sarah Rahimi (*Pro Hac Vice*)
**STRIS & MAHER LLP**
777 South Figueroa Street, Suite 3850
Los Angeles, California 90017
Telephone: (213) 995-6800
Facsimile:  (213) 216-0299
ebrannen@stris.com
khalpern@stris.com
pbrody@stris.com
srahimi@stris.com

***Attorneys for Rhodium Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been sent to all counsel of record via electronic mail on March 1, 2024.

*/s/ Melissa R. Smith*

## CERTIFICATE OF CONFERENCE

Counsel for Defendants met and conferred with counsel for Plaintiff about the relief sought in this Motion. Counsel for Plaintiff informed counsel for Defendants that Plaintiff opposes the relief sought in this Motion.

*/s/ Melissa R. Smith*