UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, <br><br> Plaintiff, <br><br> - vs. - <br><br> **Rhodium Enterprises, Inc.;** <br> **Rhodium Technologies LLC;** <br> **Rhodium 10mw LLC;** <br> **Rhodium 2.0 LLC;** <br> **Rhodium 30mw LLC;** <br> **Rhodium Encore LLC;** <br> **Rhodium Renewables LLC;** <br> **Rhodium Renewables Sub LLC; and** <br> **Rhodium Ready Ventures LLC** <br><br> Defendants | Civil Action No. 6:22-cv-00050-ADA <br><br> **Jury Trial Demanded** |

**PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiff Midas Green Technologies, LLC ("Midas") hereby provides its supplemental responses and objections to Interrogatory No. 2 from Defendants' First Set of Interrogatories to Plaintiff. The following responses are made only for the purposes of this action based on Midas' present knowledge. Midas expressly reserves the right to amend or further supplement its responses.

Midas incorporates by reference its general objections set forth in Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories to Plaintiff.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 2**:

For each Asserted Claim of the Patents-in-Suit, identify the date(s) of first conception and first reduction to practice, describe in detail the facts and circumstances surrounding the first conception and first reduction to practice, including any alleged diligence between such conception and respective reduction to practice, describe the contribution of each inventor to each such claim, and provide the identities of all persons having knowledge of such conception or reduction to practice, including without limitation, the nature of each person's participation, involvement, and/or contribution to such conception and/or reduction to practice.

**RESPONSE TO INTERROGATORY NO. 2: (August 31, 2022)**

Midas objects to this Interrogatory because it is overbroad, unduly burdensome, disproportionate, unlikely to lead to the discovery of admissible evidence, and compound. As to the portion of this request seeking the date(s) of first conception and first reduction to practice, Midas states a date of first conception of March 14, 2012, and a first reduction to practice of December 14, 2012.

As to the portion of this Interrogatory requesting that Midas "describe in detail the facts and circumstances surrounding the first conception and first reduction to practice, including any alleged diligence between such conception and respective reduction to practice," Midas refers Defendants to the documents identified in Plaintiff's Preliminary Infringement Contentions, as well as to the documents that Midas previously produced in the *Midas v. Immersion* case.

As to the portion of this Interrogatory, requesting that Midas "describe the contribution of each inventor to each such claim, and provide the identities of all persons having knowledge of such conception or reduction to practice, including without limitation, the nature of each person's participation, involvement, and/or contribution to such conception and/or reduction to practice," Midas objects because overbroad, unduly burdensome, not relevant to any parties' claims of defenses, disproportionate, unlikely to lead to the discovery of admissible evidence. Subject to the foregoing, Midas further responds that after a reasonable investigation, Midas presently understands that:

Named inventor Christopher "Chris" Boyd may have particularly contributed at least to the conception and/or reduction to practice of the plenum, weir and overall tank and tank module design, and/or related subject matter.

Named inventor James "Jim" Koen may have particularly contributed at least to the conception and/or reduction to practice of the overall tank and tank module design, and/or related subject matter.

Named inventor David "Chris" Laguna may have particularly contributed at least to the conception and/or reduction to practice of the overall tank and tank module design, and/or related subject matter.

Named inventor Thomas "Tim" Turner may have particularly contributed at least to the conception and/or reduction to practice of the weir, reservoir and overall tank and tank module design, and/or related subject matter.

Named inventor Kenneth "Derryl" Swinden may have particularly contributed at least to the conception and/or reduction to practice of the control facility, and/or related subject matter.

Named inventor Mario Conti may have particularly contributed at least to the conception and/or reduction to practice of the overall tank and tank module design, and/or related subject matter.

Named inventor John Tribou may have particularly contributed at least to the conception and/or reduction to practice of the overall tank and tank module design, and/or related subject

matter.

Midas further refers Defendants to the Midas product development documents that Midas previously produced in the *Midas v. Immersion* case.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2: (November 22, 2022)**

Midas objects to this Interrogatory because it is overbroad, unduly burdensome, disproportionate, unlikely to lead to the discovery of admissible evidence, and compound. In particular, the interrogatory is overbroad and unduly burdensome because it requires Midas to provide details of facts and circumstances for events that occurred approximately ten years ago. Midas will respond with the information that it has obtained as a result of its more-than-reasonable investigation of the subject matter of the Interrogatory.

As to the portion of this request seeking the date(s) of first conception to practice, Midas contends that for the asserted claims, it is entitled to a date of first conception at least as early as March 14, 2012, *see* MIDAS0000036 (lab notebook signed by Chris Boyd on March 4, 2012 and witnessed by Jim Koen on March 14, 2012), and that it is entitled to a date of first reduction to practice of December 14, 2012, by virtue of its filing of U.S. Appl. No. 61/737,200 ("the First Provisional Application"), *see* MIDAS000001–51.

As to the portion of this Interrogatory requesting that Midas "describe in detail the facts and circumstances surrounding the first conception and first reduction to practice, including any alleged diligence between such conception and respective reduction to practice, Midas states as follows: certain Midas personnel, for example Chris Boyd, Chris Laguna, and Jim Koen, had occasion to observe the operation of the immersion cooling systems that Midas Networks had purchased from GRC. Midas observed problems and began to envision ways to fix those problems. Midas personnel also began to identify shortcomings and limitations to the GRC systems. The Asserted Patents were the eventual result.

Midas exercised diligence during the time period between foregoing dates of first conception and first reduction to practice, for example by (1) continuing to work on various immersion cooling designs and refinements, *see, e.g.,* MIDAS0046356; MIDAS0046358–61;

3

MIDAS0046394–96; MIDAS0006962–67; MIDAS0006968–71; MIDAS0046368–69 (John Tribou discussing "utiliz[ing] the redesigned tanks"); MIDAS0006936-60 (business plan), including MIDAS0006951 ("To implement design improvements based on [Midas's] operating experience, Midas/MGT will employ an Engineering and Design Firm"); MIDAS0046399–420; MIDAS0046430–36; MIDAS0046421–24 (Midas was "develop[ing] the prototype for a 2nd generation of tanks and management systems that reflect improvements based on [Midas's] 18+ months of experience")); *see also,* MIDAS0006908–10; MIDAS0046362–63; MIDAS0040993–1005; (2) working with a product development firm called Product Concept Development, Inc. ("PCD") in order to help with the design and construction of a prototype, *see, e.g.,* MIDAS0046370 (Midas meeting with PCD in July 2012); MIDAS0046374 (action item for PCD to be involved in the tank and system design); MIDAS0046378–81 (August 2012 email exchange with PCD regarding design considerations for tanks); MIDAS0046382–85 (Midas continues to engage with PCD regarding Midas's design requirements in September 2012); (3) beginning to work with Deaton Engineering as an alternative product development firm for the design and construction of a prototype, *see, e.g.,* MIDAS0006920–23 (Midas asked Deaton Engineering for a proposal for "developing the prototype system" as an "alternate" to PCD); Deaton 003274–79; Deaton 010524–010529; Deaton 003280–83; MIDAS0008188 (Deaton "put together a preliminary budget for engineering and design of the immersion cooling data center equipment"); MIDAS0008190 (Midas engaging with Deaton Engineering to "work through the design"); Deaton 010530–32; MIDAS0008389; Deaton 010533–36; (4) interviewing a number of intellectual property counsel and ultimately choosing to retain patent attorney Jeffrey Van Myers; and (5) working with Mr. Van Myers to prepare the contents of the First Provisional Application, *see, e.g.,* MIDAS0035262–99; MIDAS0006968–71. *See also,* Deaton 010700 (Midas having to delay development work with Deaton in order to commission new control system because of problems with control system in systems acquired from GRC); Deaton 010648, Deaton 010650, MIDAS0008749 (same).

In addition to diligently pursuing reduction to practice, Midas was actively working on

4

other novel and potentially protectable inventions that ultimately did not end up being a part of the Asserted Patents. *See, e.g.,* MIDAS0008191–93 (discussing Midas's SLED design), MIDAS0040992 (same).

As to the portion of this Interrogatory requesting that Midas "describe the contribution of each inventor to each such claim, and provide the identities of all persons having knowledge of such conception or reduction to practice, including without limitation, the nature of each person's participation, involvement, and/or contribution to such conception and/or reduction to practice," Midas states subject to its objections and after a more-than-reasonable investigation, Midas presently understands as follows:

Named inventor Christopher "Chris" Boyd contributed at least to the idea, design and development of the plenum, weir, the overall tank and tank module, the fluid recovery reservoir, the concept of a highly-integrated module, the interconnect panel facility, the communication facility for remote monitoring and control, and related subject matter in the asserted claims. *See, e.g.,* MIDAS0000036; MIDAS0046358–61; MIDAS0046365–66; MIDAS0046394–96 Deaton 010771; Deaton 010777; Deaton 010781; Deaton 010940–56; Deaton 010999–1000; Deaton 011021–23; Deaton 011041; Deaton 011254; Deaton 011272; Deaton 011288; Deaton 011305–06; Deaton 011348; Deaton 011339–40; Deaton 011365; Deaton 011488; Deaton 011498; Deaton 011503; Deaton 011507; Deaton 011583. Named inventor David "Chris" Laguna collaborated closely with Chris Boyd on various aspects of the invention, including at least the idea, design and development of the weir, the placement of the plenum to insure uniform flow distribution and avoid hotspots, and the overall tank and tank module, fluid recovery reservoir, the communication facility for remote monitoring and control, and related subject matters.

Named inventor James "Jim" Koen also collaborated with Chris Boyd, as well as with Mario Conti, and with Tim Turner and Kenneth "Derryl" Swinden of Deaton Engineering, and is believed to have contributed to the design and development of the overall tank and tank module, the control facility, and related subject matters in the asserted claims. *See, e.g.,* Deaton 010783–84; Deaton 010798; Deaton 010802–03; Deaton 010875–76; Deaton 011021–23; Deaton 011075;

5

Deaton 011348; Deaton 012739.

Named inventor Mario Conti collaborated closely with Chris Boyd and Tim Turner, and is believed to have contributed to the design and development of the overall tank and tank module, and related subject matters in the asserted claims. *See, e.g.,* Deaton 010565–66; Deaton 010766–67; Deaton 010895–97; Deaton 010885–86; Deaton 010915–17; Deaton 011042; Deaton 011043–46; Deaton 011062–63; Deaton 011352–53; Deaton 011378–80; Deaton 011427–31; MIDAS0019429–30; MIDAS0019435–37; Deaton 012294–99; Deaton 012739; Deaton 012740; Deaton 012787–88; Deaton 012795–97; Deaton 012811–12. Named inventor John Tribou collaborated with Chris Boyd and Jim Koen, and is believed to have contributed to the design and development of the overall tank and tank module, and/or the control facility and communications facility, and related subject matters in the asserted claims. *See, e.g.,* MIDAS0046371–72; MIDAS0046378–81; MIDAS0006911–12; MIDAS0006935–60; MIDAS0006961–67; MIDAS0009065–67.

Named inventor Thomas "Tim" Turner, a licensed professional engineer with Deaton Engineering, is believed to have collaborated closely with Chris Boyd, Jim Koen, Mario Conti, contributing to the design and development of the plenum, weir, the overall tank and tank module, the fluid recovery reservoir, the interconnect panel facility, the control facility, and related subject matter of the asserted claims, including preparing detailed engineering plans for the eventual prototype. *See, e.g.,* Deaton 010706; Deaton 010778; Deaton 010815; Deaton 010825–27; Deaton 010882–83; Deaton 010872; Deaton 010888–890; Deaton 010982–010983; Deaton 011003–05; Deaton 011094–110; Deaton 011112–26; Deaton 011127; Deaton 011252–53; Deaton 011287; Deaton 011349; Deaton 011314–15; Deaton 011343–44; Deaton 011360–61; Deaton 011438–41; Deaton 011465–76; Deaton 011487; Deaton 011491; Deaton 011492–94; Deaton 011582. Named inventor Kenneth "Derryl" Swinden, a senior designer at Deaton Engineering, worked closely at least with Tim Turner and Jim Koen, contributing at least to the design and development of the control facility and related subject matter for the asserted claims, including detailed engineering work relating to the control systems for the eventual prototype. *See, e.g.,* Deaton 010546; Deaton

010667; Deaton 010805; Deaton 011165; Deaton 011163; Deaton 011267; Deaton 011281; Deaton 011282; Deaton 011287; Deaton 011461–63; Deaton 011491; Deaton 011490; Deaton 011508–09; Deaton 011630; Deaton 012097.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2: (April 5, 2023):**

Midas objects to this Interrogatory because it is overbroad, unduly burdensome, disproportionate, unlikely to lead to the discovery of admissible evidence, and compound. In particular, the interrogatory is overbroad and unduly burdensome because it requires Midas to provide details of facts and circumstances for events that occurred approximately ten years ago. Midas will respond with the information that it has obtained as a result of its more-than-reasonable investigation of the subject matter of the Interrogatory.

As to the portion of this request seeking the date(s) of first conception to practice, Midas contends that for the asserted claims, it is entitled to a date of first conception at least as early as March 14, 2012, *see* MIDAS0000036 (lab notebook signed by Chris Boyd on March 12, 2012 and witnessed by Jim Koen on March 14, 2012), and that it is entitled to a date of reduction to practice no later than December 14, 2012 for all asserted claims, by virtue of its filing of U.S. Appl. No. 61/737,200 (the "First Provisional Application"), *see* MIDAS000001–51.

As to the portion of this Interrogatory requesting that Midas "describe in detail the facts and circumstances surrounding the first conception and first reduction to practice, including any alleged diligence between such conception and respective reduction to practice, Midas states as follows: certain Midas personnel, for example Chris Boyd, Chris Laguna, James Koen and John Tribou, had occasion to observe the operation of the immersion cooling systems that Midas Networks had purchased from GRC. Midas observed problems and began to envision ways to fix those problems. Midas personnel also began to identify shortcomings and limitations to the GRC systems. The Asserted Patents were the eventual result. Midas repeatedly told GRC of deficiencies and problems with the Gen 1 tank, but GRC had no interest in engaging with Midas on discussing the problems.

Midas exercised diligence during the time period between foregoing dates of first

conception and first reduction to practice for all asserted claims, for example by (1) continuing to work on various immersion cooling designs and refinements, *see, e.g.,* MIDAS0046356; MIDAS0046358–61; MIDAS0046394–96; MIDAS0006962–67; MIDAS0006968–71; MIDAS0046368–69 (John Tribou discussing "utiliz [ing] the redesigned tanks"); MIDAS0006936-60 (business plan), including MIDAS0006951 ("To implement design improvements based on [Midas's] operating experience, Midas/MGT will employ an Engineering and Design Firm"); MIDAS0046399–420; MIDAS0046430–36; MIDAS0046421–24 (Midas was "develop[ing] the prototype for a 2nd generation of tanks and management systems that reflect improvements based on [Midas's] 18+ months of experience")); *see also,* MIDAS0006908–10; MIDAS0046362–63; MIDAS0040993– 1005; (2) working with a product development firm called Product Concept Development, Inc. ("PCD") in order to help with the design and construction of a prototype, *see, e.g.,* MIDAS0046370 (Midas meeting with PCD in July 2012); MIDAS0046374 (action item for PCD to be involved in the tank and system design); MIDAS0046378–81 (August 2012 email exchange with PCD regarding design considerations for tanks); MIDAS0046382–85 (Midas continues to engage with PCD regarding Midas's design requirements in September 2012); (3) beginning to work with Deaton Engineering as an alternative product development firm for the design and construction of a prototype, *see, e.g.,* MIDAS0006920–23 (Midas asked Deaton Engineering for a proposal for "developing the prototype system" as an "alternate" to PCD); Deaton 003274–79; Deaton 010524– 010529; Deaton 003280–83; MIDAS0008188 (Deaton "put together a preliminary budget for engineering and design of the immersion cooling data center equipment"); MIDAS0008190 (Midas engaging with Deaton Engineering to "work through the design"); Deaton 010530–32; MIDAS0008389; Deaton 010533–36; (4) interviewing a number of intellectual property counsel and ultimately choosing to retain patent attorney Jeffrey Van Myers; and (5) working with Mr. Van Myers to prepare the contents of the First Provisional Application, *see, e.g.,* MIDAS0035262–99; MIDAS0006968–71.

      As to the portion of this Interrogatory requesting that Midas "describe the contribution of

8

each inventor to each such claim, and provide the identities of all persons having knowledge of such conception or reduction to practice, including without limitation, the nature of each person's participation, involvement, and/or contribution to such conception and/or reduction to practice," Midas states subject to its objections and after a more-than-reasonable investigation, Midas presently understands as follows:

    Named inventor Christopher "Chris" Boyd solely conceived the invention for all asserted claims, and unilaterally concepted the initial design and development of the plenum, weir, the overall tank and tank module, the fluid recovery reservoir, the concept of a highly-integrated module, the interconnect panel facility, the communication facility for remote monitoring and control, the control facility, and related subject matter in the asserted claims. Each asserted claim is entitled to a date of first conception at least as early as March 14, 2012, *see* MIDAS0000036 (lab notebook signed by Chris Boyd on March 12, 2012 and witnessed by Jim Koen on March 14, 2012), and that it is entitled to a date of reduction to practice no later than December 14, 2012 for all asserted claims, by virtue of its filing of U.S. Appl. No. 61/737,200 ("the First Provisional Application"). Mr. Boyd is the sole inventor for the patented claims.

    David "Chris" Laguna collaborated closely with Chris Boyd on reducing the invention to practice, including reduction to practice of the weir, the overall tank and tank module, fluid recovery reservoir, the communication facility for remote monitoring and control, the control facility and related subject matters. However, Mr. Laguna did not conceive any of the patented claims.

    James "Jim" Koen collaborated closely with Chris Boyd on reducing the invention to practice, including reduction to practice of the weir, the overall tank and tank module, fluid recovery reservoir, the communication facility for remote monitoring and control, the control facility and related subject matters. However, Mr. Koen did not contribute to the conception of any of the patented claims.

    John Tribou collaborated with Chris Boyd and Jim Koen and contributed to the reduction to practice of the overall tank and tank module, and/or the control facility and communications

9

facility, and related subject matters in the asserted claims. *See, e.g.,* MIDAS0046371–72; MIDAS0046378–81; MIDAS0006911–12; MIDAS0006935–60; MIDAS0006961–67; MIDAS0009065–67. However, Mr. Tribou did not contribute to the conception of any of the patented claims.

After reduction to practice, Mario Conti collaborated closely with Chris Boyd and Tim Turner, and worked to improve and optimize the overall tank and tank module, and related subject matters in the asserted claims. *See, e.g.,* Deaton 010565–66; Deaton 010766– 67; Deaton 010895–97; Deaton 010885–86; Deaton 010915–17; Deaton 011042; Deaton 011043–46; Deaton 011062–63; Deaton 011352–53; Deaton 011378–80; Deaton 011427–31; MIDAS0019429–30; MIDAS0019435–37; Deaton 012294–99; Deaton 012739; Deaton 012740; Deaton 012787–88; Deaton 012795–97; Deaton 012811–12. However, Mr. Conti did not contribute to the conception of any of the patented claims, nor did he contribute to the filing of the First Provisional Application.

After reduction to practice, Thomas "Tim" Turner, a licensed professional engineer with Deaton Engineering, collaborated closely with Chris Boyd, Jim Koen, and Mario Conti, to make improvements to the plenum, weir, the overall tank and tank module, the fluid recovery reservoir, the interconnect panel facility, the control facility, and related subject matter of the asserted claims, including preparing detailed engineering plans for the eventual prototype. *See, e.g.,* Deaton 010706; Deaton 010778; Deaton 010815; Deaton 010825–27; Deaton 010882–83; Deaton 010872; Deaton 010888–890; Deaton 010982–010983; Deaton 011003–05; Deaton 011094–110; Deaton 011112–26; Deaton 011127; Deaton 011252–53; Deaton 011287; Deaton 011349; Deaton 011314–15; Deaton 011343–44; Deaton 011360–61; Deaton 011438–41; Deaton 011465–76; Deaton 011487; Deaton 011491; Deaton 011492–94; Deaton 011582. However, Mr. Turner did not contribute to the conception of any of the patented claims, nor did he contribute to the filing of the First Provisional Application.

After reduction to practice, Kenneth "Derryl" Swinden, a senior designer at Deaton Engineering, worked closely at least with Tim Turner and James Koen, to make improvements to

the control facility and related subject matter for the asserted claims, including detailed engineering work relating to the control systems for the eventual prototype. *See, e.g.,* Deaton 010546; Deaton 010667; Deaton 010805; Deaton 011165; Deaton 011163; Deaton 011267; Deaton 011281; Deaton 011282; Deaton 011287; Deaton 011461–63; Deaton 011491; Deaton 011490; Deaton 011508–09; Deaton 011630; Deaton 012097. However, Mr. Swinden did not contribute to the conception of the patented claims, nor did he contribute to the filing of the First Provisional Application.

DATED: April 5, 2023

By:   /s/ *Joseph E. Thomas*
Joseph E. Thomas (*admitted p.h.v.*)
William J. Kolegraff (*admitted p.h.v.*)
Grant J. Thomas (*admitted p.h.v.*)
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Ave., Suite 230
Irvine, California 92612
Telephone: (949) 679-6400
Fax: (949) 679-6405
*jthomas@twtlaw.com*
*bkolegraff@twtlaw.com*
*gthomas@twtlaw.com*

Henry M. Pogorzelski
Texas Bar No. 24007852 K&L Gates LLP
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Telephone: (512) 482-6800
Fax: (512) 482-6859
*henry.pogorzelski@klgates.com*

Counsel for Plaintiff
Midas Green Technologies, LLC

11

CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have appeared electronically in this case are being served on April 5, 2023 via the email address that counsel provided to Court's ECF system.

/s/ *Tierra Mendiola*
Tierra Mendiola