# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**; **Rhodium Technologies LLC**; **Rhodium 10mw LLC**; **Rhodium 2.0 LLC**; **Rhodium 30mw LLC**; **Rhodium Encore LLC**; **Rhodium Renewables LLC**; | |
| Defendants. | |

## PLAINTIFF'S REPLY TO DEFENDANTS OPPOSITION TO MOTION TO CORRECT INVENTORSHIP UNDER 35 U.S.C. 256

I. **INTRODUCTION**

Midas has met the clear and convincing burden to remove incorrectly named inventors on the '457 Patent. Every interested party has been notified, and every interested party has executed a declaration agreeing to the change in inventorship. The only interested parties to this correction are (1) Midas, as assignee, (2) Christopher Boyd, as the correct sole inventor, and (3) the six named individuals who were misjoined as inventors. Midas represents every interested party. No other entity or person has any interest in challenging the removal of the six who were mis joined as inventors.

Midas attached to its Motion the entire document package that it submitted to the U.S. Patent and Trademark Office (USPTO), which meets the statutory burden and requirements for correction. On March 24, 2024, Midas was able to reach the Office of Petitions for the USPTO, which indicated that the petition is now assigned for examination, with resolution expected within one to two weeks.

Rhodium tries to complicate this simple correction of removing six inventor names by asserting that two other people should be added. Rhodium's unfounded belief is irrelevant to Midas' request to remove listed inventors. If Rhodium thinks others should be added, that is a matter for trial, not for this Motion.

II. **ARGUMENT**

   A. *Rhodium Does not Have Standing to Oppose This Motion*

Rhodium does not represent Christopher Boyd or any of the six named inventors that are being removed. As such, they have no standing to challenge the removal of the six inventors. Rhodium does not have standing to oppose this motion. Rhodium attempts to wrongfully confuse and expand the scope of the Motion by suggesting that Mike Rainone and Christiaan

Best had some input into inventorship. This is inappropriate and incorrect. However, if these two third party witnesses desired to assert inventorship, trial would be the proper venue to address this assertion. This assertion to add inventors is totally irrelevant to the Motion to remove inventors, and it is Midas' understanding that both Rainone and Best are represented by other counsel, so Rhodium lacks standing to make any assertion regarding them. Clearly, Rhodium is not an interested party to inventorship, and it represents no entity or person that is an interested party. As such, Rhodium inappropriately opposes this motion to remove inventors.

35 U.S.C. § 256 "'provides a cause of action to interested parties to have the inventorship of a patent changed to reflect the true inventors of the subject matter claimed in the patent.' The plaintiff must still meet the requirements for standing. *Ramachandran v. Jain*, 2020 WL 7353714, *9 (N.D. Tex. 2020). The key term under 35 U.S.C. 256 is "interested parties," which Rhodium is not. Therefore, Rhodium lacks merit to oppose this motion. Any request made by Rhodium should be denied.

### B.  Midas Has Met Its Burden Under 35 USC 256.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp., 477 U.S. at 322. A fact is material if it "might affect the outcome of the suit under the governing law," and substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Prior to seeking Partial Summary Judgment, Midas applied for correction of inventorship for misjoinder of patent inventors pursuant to 37 C.F.R. 1.324. (Motion, Exhibit A). All named parties and the assignee, Midas, have agreed to the correction. (Motion, Exhibits B and C). The asserted patent names seven inventors: Christopher L. Boyd, James P. Koen, David Christopher

Laguna, Thomas R. Turner, Kenneth D. Swinden, Mario Conti Garcia, and John Charles Tribou. Six of the named inventors, James P. Koen, David Christopher Laguna, Thomas R. Turner, Kenneth D. Swinden, Mario Conti Garcia and John Charles Tribou have all consented to the change of inventorship and submitted declarations attesting to those facts. (Motion, Exhibit B). Midas also has consented to the change of inventorship. (Motion, Exhibit C). Midas has submitted these declarations to the USPTO requesting the USPTO change inventorship to Christopher Boyd. (Motion, Exhibit A).

There are no issues of fact remaining. Removing listed inventors who have agreed to be removed from the patent will not affect the outcome of this litigation. The inventors being removed from the patent have all consented. Rhodium has not identified any issues that would affect the outcome of this litigation.

### C.  Rhodium Misrepresents Jim Koen's Testimony

Rhodium misrepresents Jim Koen's testimony regarding whether he contributed to the invention of the '457 Patent. Rhodium takes what Mr. Koen said out of context in an attempt to distract the court. When questioned: *"Q. Okay. What was your role in developing those inventions? A. Attend meetings, discussions, make decisions based upon financial position of the company, assets and requirements, and to witness documentation in the inventors' logs."* (Koen Dep. at 59:13-19). Further, Mr. Koen has stated under oath that he did not contribute to the inventive steps of the invention. Mr. Koen is not an inventor and has signed a declaration agreeing to his removal from the list of inventors.

### D.  Rhodium Misrepresents Christopher Laguna's Testimony

Rhodium makes the unsupported assertion that Christopher Laguna is claiming he is an inventor. Rhodium cites no evidence to support this position.

When questioned: *"Do you agree that you should be removed as a coinventor on these patents?"* Mr. Laguna plainly stated, *"Based on legal advice given, I concur with the opinion."* (Laguna Dep. at 134:12-15). Mr. Laguna does not dispute that he is not an inventor and has agreed to be removed as an inventor from the patent. Mr. Laguna has signed a declaration agreeing to his removal from the list of inventors.

### E.  *Other Unnamed Inventors are Irrelevant to the Issue Before the Court.*

Christiaan Best and Mike Rainone are not parties to this action. Further, the removal of inventors would not affect their rights. If they believe they are inventors, (which they are not) 35 U.S.C. 256 gives them the power to file an action for correction. This motion is not the correct venue to do that. Rhodium lacks standing to assert inventorship on Midas' '457 Patent.

### III.   CONCLUSION

Based on the foregoing and the arguments presented in its Motion, Midas requests that Court prepare an order to the USPTO for an order to correct inventorship.

DATED: March 26, 2024

Respectfully submitted,
 /s/ Joseph E. Thomas

Joseph E. Thomas (*admitted p.h.v.*)
William J. Kolegraff (*admitted p.h.v.*)
Grant J. Thomas (*admitted p.h.v.*)
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Ave., Suite 230
Irvine, California 92612
Telephone: (949) 679-6400
Fax: (949) 679-6405
jthomas@twtlaw.com
bkolegraff@twtlaw.com
gthomas@twtlaw.com
Attorneys for Plaintiff Midas Green Technologies

**CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 26, 2024 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

/s/ Tierra Mendiola