# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

|  |  |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**; <br> **Rhodium Technologies LLC**; <br> **Rhodium 10mw LLC**; <br> **Rhodium 2.0 LLC**; <br> **Rhodium 30mw LLC**; <br> **Rhodium Encore LLC**; <br> **Rhodium Renewables LLC**; | |
| Defendants. | |

## PLAINTIFF'S MOTION *IN LIMINE* NO. \_\_\_
## TO EXCLUDE HEARSAY TESTIMONY REGARDING CFD SIMULATIONS

I.  **INTRODUCTION**

Rhodium's non-infringement expert, Dr. Ortega, relied on a Computation Fluid Dynamics ("CFD") simulation performed by a graduate student Victor Martinez. This CFD simulation has never been produced. The inputs into the CFD simulation have never been produced. Martinez's resume has never been produced. No communications between Dr. Ortega and Martinez have been produced. What was modeled in the simulation is unknown. Dr. Ortega testified that he believes that the CFD should have modeled Rhodium's CAD drawings of its tanks. But there is no evidence to confirm this beyond Dr. Ortega's testimony regarding Martinez's out of court assertions.

Dr. Ortega references the CFD simulation repeatedly throughout his Report, as well as in his deposition. His attorneys had Martinez extract a limited output file from the full CFD simulation, and his attorneys sent the output file to Dr. Ortega, as well as produced it to Midas. As the output file is just a small extraction from the full simulation, it too is hearsay.

II.  **STATEMENT OF LAW**

Federal Rule of Evidence 801 prohibits evidence of out of court statements submitted for the truth of the matter asserted. "[T]he analyses and testimony of experts not called at trial should be excluded. These statements are hearsay under Federal Rule of Evidence ("FRE") 801." *Fractus, S.A. v. AT&T Mobility LLC*, 2019 WL 4805910, *10 (E.D. Tex. Sep. 30, 2019). Federal Rule of Evidence 703 allows experts to reasonably rely on certain hearsay documents, such as text books or peer reviewed studies, to form the basis for their opinions. However, Rule 703 only permits the proponent of an expert's opinion to disclose the underlying material to a jury if "experts in the particular field would reasonably rely on" the underlying material and "if [the underlying material's] probative value in helping the jury evaluate the opinion substantially

1

outweighs [its] prejudicial effect." *Wi-Lan Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1374 (Fed. Cir. 2021); citing Fed. R. Evid. 703.[1] An analysis prepare specifically for litigation is not a document upon which experts normally rely. Instead, it is hearsay to which an exception does not apply.

### III.   ANALYSIS

#### A.  Martinez's CFD Analysis is Hearsay and Should Be Excluded

Rhodium is attempting to circumvent the rules of evidence by trying to introduce evidence of the CFD simulation that was not properly disclosed or introduced in this case. Dr. Ortega's expert report relies on Martinez's hearsay CFD analysis to formulate several opinions. This is per se improper because this hearsay document does not meet any of the exceptions or exclusions of the Federal Rules of Evidence Section 801 et seq. Reliance on documents prepared solely in anticipation of litigation is improper. *see Soden v. Freightliner Corporation,* 714 F.2d 498, 503-05 (5th Cir. 1983) (affirming exclusion of opinion testimony based on accident statistics prepared strictly in anticipation of litigation by a sister company, memorialized only in an informal letter, without any indication of the method for deriving the statistics; opposing party had introduced evidence casting serious doubt on exactly what the statistics represented, and the party proffering the statistics-based testimony failed to provide the opposing party with the statistical information until trial despite repeated discovery requests; expert had not even examined the statistics himself, but instead relied on a summary); *see also United States v. Tran*

---

[1] "Rule 703 does not make admissible otherwise inadmissible evidence." 4 Weinstein's Federal Evidence § 703.05 n.12. That is because "Rule 703 is not, itself, an exception to or exclusion from the hearsay rule or any other evidence rule that makes the underlying information inadmissible." Id. § 703.05. Rule 703 does not authorize admitting inadmissible evidence "on the pretense that it is the basis for expert opinion when, in fact, the expert adds nothing to the [inadmissible evidence] other than transmitting [it] to the jury." 29 Charles Alan Wright, Arthur R. Miller & Victor J. Gold, Federal Practice and Procedure § 6274 (2d ed. 2020). *Wi-Lan Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1374 (Fed. Cir. 2021).

#420670v1

*Trong Cuong*, 18 F.3d 1132, 1143 (4th Cir. 1994) ("reports specifically prepared for purposes of litigation are not, by definition, of a type reasonably relied upon by experts in the particular field.").

Martinez's full CFD simulation is hearsay, as well as the output file extracted from it. The evidence was created solely in anticipation of litigation. Further, there is absolutely no indiciation of reliability beyond the recitation of Martinez's out of court statements during Dr. Ortega's testimony. This should not be admissible to form the basis of Dr. Ortega's opinions. Further, CFD simulations and the output file should not be admissible for any other purpose, including impeachment.

## IV.   CONCLUSION

Pursuant to Federal Rule of Evidence 801, Midas respectfully requests that the Court preclude Rhodium and its experts from introducing evidence, testimony, or argument regarding any CFD simulation or results therefrom.

DATED: March 27, 2024

Respectfully Submitted,

*/s/ Joseph E. Thomas*

Joseph E. Thomas *(admitted p.h.v.)*
William J. Kolegraff *(admitted p.h.v.)*
Grant J. Thomas *(admitted p.h.v.)*
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Ave., Suite 230
Irvine, CA 92612
949-679-6400
jthomas@twtlaw.com
bkolegraff@twtlaw.com
gthomas@twtlaw.com
Attorneys for Plaintiff Midas Green Technologies LLC

## CERTIFICATE OF CONFERENCE

The parties held a meet and confer on March 27, 2024 and Defendants plan to oppose this motion.

By /s/ *Joseph E. Thomas*
Joseph E. Thomas

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 27, 2024 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

/s/ Tierra Mendiola

4

#420670v1