IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC,**<br><br>Plaintiff,<br><br>- vs. -<br><br>**Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC**;<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Renewables LLC**;<br><br>Defendants. | CIVIL ACTION NO. 6:22-CV-00050-ADA<br><br>**Jury Trial Demanded** |

# **JOINT PRE-TRIAL ORDER**

**TABLE OF CONTENTS**

I.      APPEARANCE OF COUNSEL ........................................................................................ 1

       A.    Attorneys for Plaintiff Midas Green Technologies LLC ............................ 1

       B.    Attorneys for Defendant Rhodium ............................................................ 1

II.     JOINT STATEMENT OF THE CASE ............................................................................. 2

III.    CONTENTIONS OF THE PARTIES ............................................................................... 3

       A.    Midas' Contentions .................................................................................... 3

       B.    Rhodium's Contentions ............................................................................. 3

IV.     STIPULATED FACTS ..................................................................................................... 4

V.      DISPUTED ISSUES OF FACT AND LAW .................................................................... 5

VI.     EXHIBITS ........................................................................................................................ 6

VII.    "ATTORNEYS EYES ONLY" DESIGNATIONS ......................................................... 7

VIII.   WITNESSES ..................................................................................................................... 7

IX.     DEPOSITION DESIGNATIONS ..................................................................................... 7

X.      PROCEDURAL STIPULATIONS AND TRIAL DISCLOSURES ................................ 8

       A.    Motions ...................................................................................................... 8

       B.    Exhibits ...................................................................................................... 8

       C.    Witnesses ................................................................................................. 10

       D.    Deposition Testimony ............................................................................. 11

       E.    Demonstrative Exhibits ........................................................................... 13

       F.    Closing Exhibits and Demonstratives ..................................................... 14

XI.     PROPOSED JURY INSTRUCTIONS ........................................................................... 14

XII.    LIST OF PENDING MOTIONS .................................................................................... 15

XIII.   VOIR DIRE .................................................................................................................... 15

XIV.    VERDICT FORM ........................................................................................................... 15

XV.   DISPUTED MOTIONS IN LIMINE ................................................................... 15

XVI.  LENGTH OF TRIAL .......................................................................................... 16

Plaintiff Midas Green Technologies LLC ("Midas") and Defendants Rhodium Enterprises, Inc.; Rhodium Technologies LLC; Rhodium 10mw LLC; Rhodium 2.0 LLC; Rhodium 30mw LLC; Rhodium Encore LLC; Rhodium Renewables LLC; collectively ("Rhodium"), submit the following proposed Joint Pre-Trial Order pursuant to the Court's Scheduling Order (ECF No.139), the Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, the Federal Rules of Civil Procedures, and the Local Rules of this Court. The parties have stipulated to various matters identified herein and have identified exhibits, witnesses, factual contentions and triable issues:

**I.     APPEARANCE OF COUNSEL**

    **A.     Attorneys for Plaintiff Midas Green Technologies LLC**

        Joseph E. Thomas
        William J. Kolegraff
        Grant J. Thomas
        THOMAS WHITELAW & KOLEGRAFF LLP
        18101 Von Karman Ave., Suite 230
        Irvine, California 92612
        Telephone: (949) 679-6400
        Fax: (949) 679-6405
        jthomas@twtlaw.com
        bkolegraff@twtlaw.com
        gthomas@twtlaw.com

        Michael C. Smith
        Texas Bar No. 18650410
        michael.smith@solidcounsel.com
        Scheef & Stone, LLP
        113 E. Austin Street
        Marshall, TX 75670
        (903) 938-8900

    **B.     Attorneys for Defendant Rhodium**

        Elizabeth Rogers Brannen
        Kenneth J. Halpern

Peter J. Brody
Sarah Rahimi
Stris & Maher LLP
777 South Figueroa Street, Suite 3850
Los Angeles, CA 90017
Telephone: (213) 995-6809
Fax: (213) 261-0299
Email: ebrannen@stris.com
khalpern@stris.com
pbrody@stris.com
srahimi@stris.com

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257
Email: melissa@gillamsmithlaw.com

James Travis Underwood
Gillam & Smith, LLP
102 N. College, Suite 800
Tyler, TX 75702
Telephone: (903) 934-8450
Fax: (903) 934-9257
Email: travis@gillamsmithlaw.com

## II.    JOINT STATEMENT OF THE CASE

This is an action for infringement of U.S. Patent No. 10,405,457, ("the '457 Patent"). Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) and none of subject matter or personal jurisdiction or venue under 28 U.S.C. §§ 1391(c) and 1400(b) are here disputed. Below is the Joint Statement of the Case.

### Joint Statement of the Case

This is a patent infringement case filed by the Plaintiff, Midas Green Technologies ("Midas"), against Defendants Rhodium Enterprises, Inc., Rhodium Technologies LLC; Rhodium 10MW LLC; Rhodium 2.0 LLC; Rhodium 30MW LLC; Rhodium Encore LLC; and Rhodium

2

Renewables LLC (each a "Rhodium Entity" and collectively "Rhodium").  Midas contends that Rhodium has infringed two asserted claims (independent claim 1 and dependent claim 5) of its U.S. Patent number 10,405,457, which the parties sometimes refer to as the '457 Patent, and further contends that Rhodium's infringement was willful. Rhodium denies that it infringed any asserted claim of the '457 patent, willfully or otherwise. Rhodium also contends that the '457 patent is invalid that that Midas engaged in inequitable conduct before the United States Patent and Trademark Office ("USPTO").

### III. CONTENTIONS OF THE PARTIES

#### A. Midas' Contentions

Midas contends that Rhodium infringes independent claim 1 and dependent claim 5 of the '457 Patent, both literally and by the doctrine of equivalents, and that its infringement is willful, and that it has suffered damages as a result. Specifically, Midas contends that it has not waived any assertion of infringement by the doctrine of equivalents.

Midas further contends that independent claim 1 and/or dependent claim 5 of the '457 Patent are valid and denies that Rhodium's counterclaims are meritorious.  Midas also contends that Rhodium's asserted defenses of inventorship, obviousness and written description and enablement requirements have been waived and/or barred by the this court's exclusive jurisdiction under USC Section 256 and Midas' pending submissions to the PTO and as set forth in the briefing on its motions in limine.

#### B. Rhodium's Contentions

Rhodium provides the following statement of contentions without waiver of any claim, response given during discovery, pending motion (including any motions *in* limine, motions for

summary judgment, Daubert motions, and motions to strike), or any opinion expressed by Midas's experts:

Rhodium contends that it does not infringe the '457 Patent, willfully or otherwise, and that Midas has not and cannot prove infringement. Specifically, Rhodium contends that it does not literally infringe either asserted claim, and that Midas has waived any assertion of infringement by equivalents (but, for the avoidance of doubt, Rhodium contends that it does not infringe under the doctrine of equivalents either). Rhodium further contends that, to the extent it is found to infringe Midas's patent, that infringement was not willful. Rhodium further contends that each asserted claim of Midas's '457 Patent is invalid. In particular, Rhodium contends that the '457 Patent asserted claims are invalid as anticipated, obvious, for failure to meet the written description and enablement requirements, and for improper inventorship. Rhodium also disputes the amount of damages Midas seeks and contends that Midas is not entitled to any damages. Rhodium contends that if any damages are available, they may only take the form of a reasonable royalty and may not be awarded for hypothetical infringement beyond the time of trial. Rhodium further contends that the issue of pre-judgment interest is inappropriate to put to a jury. Finally, Rhodium contends, as an equitable matter for the Court to decide, that Midas's claims are barred by Midas's inequitable conduct.

## IV.   STIPULATED FACTS

1. This Court has jurisdiction over the parties and all claims and defenses in this action.

2. The '457 Patent is the Patent-in-Suit.

3. The '457 Patent is entitled "Appliance Immersion Cooling System."

  **4.**  The '457 Patent lists as named inventors: Christopher L. Boyd, James P. Koen, David Christopher Laguna, Thomas R. Turner, Kenneth D. Swinden, Mario Conti Garcia, and John Charles Tribou.

  **5.**  On March 21, 2023, Midas filed an application with the United States Patent & Trademark Office ("USPTO") to correct inventorship on the '457 patent to show Christopher L. Boyd as the sole inventor, and this application remains pending before the PTO.

  **6.**  On March 1, 2024, Midas filed a motion under U.S.C. 35 256 (Dkt. 149 ) to have this court order the USPTO to correct inventorship to show Christopher L. Boyd as the sole inventor in the event that USPTO does not act on this application before trial commences.

**V.**  <u>**DISPUTED ISSUES OF FACT AND LAW**</u>

  The parties identify their pending motions identified below in Section XII as reflecting the current and outstanding issues of law that need to be decided. The parties reserve the right to identify additional factual and legal issues that may arise, including issues raised by the Court's rulings or any pending motion, or rulings made at the pretrial conference in this action. By providing this statement, the parties do not concede that all these issues are appropriate for trial. The parties also do not waive any of their pending motions.

  **1.**  Whether Midas has proven infringement by any Rhodium defendant by a preponderance of the evidence of independent claim 1 and/or dependent claim 5 of the '457 Patent.

  **2.**  Whether Midas's patent is invalid and/or unenforceable for incorrect inventorship.

  **3.**  Whether Rhodium has proven by clear and convincing evidence that independent claim 1 and/or dependent claim 5 of the '457 Patent are invalid as anticipated, obvious or for failure to satisfy the written description and/or enablement requirements of 35 U.S.C. § 112.

    **4.**       For the Court: Whether Rhodium has proven by clear and convincing evidence that Midas has engaged in inequitable conduct.

    **5.**       Whether Midas has proven by a preponderance of the evidence that damages should be awarded to Midas to compensate for any Rhodium Entity's infringement though trial.

        a.       If damages are awarded, whether those damages take the form of a lost profit or reasonable royalty.

        b.       If lost profit damages are awarded, whether those damages should include any amounts for "convoyed sales."

        c.       If damages are awarded, the amount of those damages.

    **6.**       Whether any damages should be awarded to Midas to compensate for hypothetical additional or new infringement after trial, and if so, the amount of those damages.

    **7.**       If infringement is found, whether Midas has proven by a preponderance of the evidence that Rhodium's infringement was willful.

    **8.**       Whether the case is exceptional under 35 U.S.C. § 285 and warrants an award of attorneys' fees and costs in favor of Midas or Rhodium.

## VI.    EXHIBITS

The Parties' Joint Exhibit list is attached hereto as **Exhibit A**. Midas's Exhibit List and Rhodium's objections thereto are attached as **Exhibit B**. Rhodium's Exhibit List and Midas's objections thereto are attached as **Exhibit C**.

The parties will continue to meet and confer regarding their respective objections to resolve as many disputes as possible prior to presenting them to the Court.

VII. **"ATTORNEYS EYES ONLY" DESIGNATIONS**

During the discovery phase of this case, the parties have designated many documents and deposition transcripts as "Confidential – Attorneys' Eyes Only." The parties agree that it is appropriate to endeavor to eliminate any Attorneys' Eyes Only designations that are not strictly necessary, to avoid interruptions to the trial. Accordingly, the parties agree that, during the pre-trial process, they will re-review their exhibits and designated deposition testimony and, where appropriate, reduce or remove any applicable confidentiality designation. Further, the parties agree that after the pre-testimony disclosure of exhibits to be used with each witness, *see* X.A *infra*, and before that witness's testimony, the parties will undertake another review of any exhibits designated Attorneys' Eyes Only to determine the necessity of that designation. The parties will provide all confirmed down designations for trial to each other no later than April 8, 2024, so that this issue can also be addressed with the court at the Pre-Trial Conference, if necessary.

VIII. **WITNESSES**

Midas's witness list is attached as **Exhibit D**. Rhodium's witness list is attached as **Exhibit E**. Any objections to the parties' witness lists will be filed one week from the date of filing of this Joint Pretrial Order, pursuant to the Court's October 9, 2023 Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases.

The parties will continue to meet and confer regarding their respective objections to try and resolve remaining issues and objections prior to presenting them to the Court.

IX. **DEPOSITION DESIGNATIONS**

Midas's deposition designations with Rhodium's objections and counter-designations are attached as **Exhibit F**. Rhodium's deposition designations with Midas's objections and counter-designations are attached as **Exhibit G**.

The parties will continue to meet and confer regarding their respective objections to resolve as many remaining issues and objections as possible prior to presenting them to the Court.

## X. PROCEDURAL STIPULATIONS AND TRIAL DISCLOSURES

The following stipulations were agreed upon by the parties, as discussed below, and are made a part of this Pretrial Order and unless the Court orders otherwise, the parties agree to the following procedures, which will govern the disclosure of exhibits, witnesses, deposition testimony, and demonstratives to use at trial and the process to identify any objections remaining between the parties regarding these disclosures:

### A. Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing, at any time before the jury begins deliberations. Unless the Court sets alternative deadlines, all opposition to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of service of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions. The parties reserve their right to seek a reasonable extension of these deadlines subject to the Court's approval.

### B. Exhibits

The Exhibit Lists set forth the parties' exhibits, including all exhibits they intend to offer into evidence, except impeachment exhibits, which may or may not be introduced into evidence. The parties reserve the right to use or offer exhibits for purposes of impeachment that are not included in the Exhibit Lists. Each party reserves the right to add additional exhibits to its Exhibit List, for good cause shown, by agreement of the parties, or as ordered by the Court.

The parties will provide to each other's counsel of record via email a written list of any exhibits, by exhibit number, and a copy of each demonstrative, for each witness that it intends to call by way of direct examination in advance of their introduction. .

The parties agree that these disclosures will occur no later than 7:00 p.m.[1] on the day before their introduction (e.g., the immediately preceding Sunday for a witness to be called on a Monday). Physical exhibits must be made available for inspection by the same time. Any objections to the identified exhibits or demonstratives shall be provided no later than 8:00 p.m. on the calendar day before the exhibits are proposed to be introduced. At that time, any party that maintains an Attorneys Eyes Only designation as to any disclosed exhibit shall notify the opposing party. The parties shall meet and confer telephonically or in person to try and resolve any objections to the exhibits and/or issues regarding confidentiality before 8:30 p.m. the day the objections are provided. The parties will continue in good faith to meet and confer regarding exhibits and, if objections remain unresolved, the parties will raise any outstanding disputes with the Court in the morning of the trial day when the exhibits will be introduced.

The parties may use each other's exhibits listed on the parties' respective Exhibit Lists attached hereto to the same effect as though it were on its own Exhibit List, subject to all evidentiary objections. However, another party's exhibit is not admissible by virtue of being on an Exhibit List or over an objection; a party seeking to introduce another party's exhibit must still have a proper basis to offer the exhibit into evidence, subject to any objections. The listing of an exhibit by a party on its Exhibit List does not waive any evidentiary or other objections to that exhibit should the opposing party attempt to offer it into evidence. Any exhibit, once admitted, may be used equally by each party.

---

[1] All times noted herein are Central Time.

9

The parties agree that any description of a document on an Exhibit List is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

The parties agree that any date listed on the Exhibit List is not evidence of nor an admission of the date of the document, and that failing to list a date is neither evidence of nor an admission of whether the document is dated.

Legible copies of United States and foreign patents, the file prosecution histories of United States patents, published foreign patent applications, certified translations thereof (if in English or translated into English), and USPTO assignment records may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

### C.     **Witnesses**

The parties agree to disclose the witnesses in the order that they expect them to be called. No later than 7:00 p.m. two calendar days before the day that a party expects a witness to be called (e.g., by 7:00 pm on the immediately preceding Tuesday for witnesses anticipated to appear on Thursday), counsel shall provide to opposing counsel the names and order of witnesses to be called (both live, videotape and/or by deposition). The parties will raise and will cooperate in seeking to have the Court resolve any objections to the identity of witnesses prior to the conclusion of the Pre-Trial Conference. Witnesses who are not on either parties' witness list at the time of the Pre-Trial Conference will not testify absent good cause shown.

Beginning at the conclusion of opening statements, fact witnesses are not to be allowed into the courtroom before they testify on the stand, except that a single party representative will be allowed to be present in the courtroom regardless of their status as a fact witness. Expert witnesses

can observe any testimony. Expert witnesses who are being called both in a party's case-in-chief and in rebuttal cases (for example, a witness who will testify both as to infringement and validity) are considered to be off the witness stand in between their case-in-chief and rebuttal testimony and may work with counsel during that time.

Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live, unless the Court orders otherwise.

### D. Deposition Testimony[2]

Rhodium contends that Midas may not present any witness other than Peter Poulin by deposition. Midas did not serve affirmative deposition designations for any witness other than Mr. Poulin. Midas may not introduce any designations for other witnesses, which it provided solely as rebuttal, as part of its affirmative case; those depositions may be played only as rebuttal testimony, if appropriate.

Subject to the foregoing, the parties jointly state:

For any witnesses whose testimony a party intends to present by deposition, the parties shall identify a list of deposition designations to be played or read to the jury by 7:00 p.m. two calendar days before the designations are to be played or read to the jury. In other words, if deposition testimony is intended to be played on Wednesday, the corresponding deposition designations must be provided by 7:00 p.m. on Monday. Any objections and counter-designations

---

[2] To the extent permitted by the Federal Rules of Evidence and rulings from the Court, the parties agree that depositions may be used at trial whether or not the transcripts of such depositions have been signed and filed as set forth in Federal Rule of Civil Procedure 30(b).

shall be provided no later than 7:00 p.m. the day before the designations are to be played or read to the jury. Any objections to counter-designations, including objections that the counter-designations are not responsive to the designated testimony, shall be provided no later than 8:00 p.m. the day the counter-designations are provided. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony and remove any attorney objections/colloquy and provide a final version of the deposition testimony excerpts (testimony clip report) to the other party by 9:00 p.m. the day before it is to be shown to the jury.

If the party intends to read the deposition testimony into the record instead of playing the video, the party shall state that in writing by 7:00 p.m. the day before the testimony is to be introduced.

The parties shall meet and confer on or before 8:30 p.m. the day before the deposition testimony is to be shown to the jury in an attempt to resolve any objections to the deposition. The parties will continue in good faith to meet and confer regarding the proposed deposition testimony and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.[3]

If a party designates deposition testimony, and the other party counter-designates, then the designations and counter-designations will be read or played together in chronological order. A party may designate as counter-designation testimony that the other party designated during the pre-trial designation process. Subject to the Court's ruling on objections, all designated deposition testimony may be played by video or may be read live in Court.

---

[3] This procedure does not apply to any previously admitted witness deposition testimony the parties intend to present during the closing statements.

Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and that identical document was also marked with a trial exhibit number, a party may substitute the trial exhibit for the deposition exhibit.

To the extent that the trial is subject to specific time limitations, the length of any party's designated testimony read or played shall count against the time available for that party's trial presentation. Similarly, counter-designations will count against the counter-designating party's trial time. The designations and counter-designations must be presented in the order they appear in the transcript.

### E.   Demonstrative Exhibits

Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists. Demonstratives exchanged per the procedure below will not be used by an opposing party prior to being used by the disclosing party.

Demonstratives are exhibits specifically created for the purpose of the trial and do not include (1) exhibits created in the courtroom during testimony or opening at trial or (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or to composites of admitted exhibits and/or testimony, so long as the enlargement or composite does not include any characterization or description of the underlying exhibit or testimony apart from the name of the exhibit or witness.

The parties shall exchange copies of all documentary, graphic, slide, animation, video, and any other form of demonstratives, such as prototypes, that they plan to use at trial during opening statements and direct examination, but not for cross-examinations, by 7:00 p.m. one calendar day

before their anticipated use. Any objections to the demonstrative exhibits shall be provided by 8:00 p.m. the day before their anticipated use. The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstratives at or before 8:30 p.m. the day the objections are provided. The parties will continue in good faith to meet and confer regarding the proposed demonstratives and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.

### F. Closing Exhibits and Demonstratives

Any exhibit that was used during the trial and received in evidence, trial transcripts, deposition designations played at trial, or demonstratives previously used or disclosed and not subject to outstanding objection during the trial may be shown to the jury during closing statements without any additional disclosure. Any demonstratives that will first be shown to the jury during the closing statements must be disclosed by 7:00 p.m. the day before their anticipated use. Any objections to closing demonstratives shall be provided by 8:00 p.m. the day before their anticipated use. The parties shall meet and confer telephonically in an attempt to resolve any objections to the closing demonstratives at or before 8:30 p.m. the day the objections are provided. The parties will continue in good faith to meet and confer regarding the proposed closing demonstratives and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.

### XI. PROPOSED JURY INSTRUCTIONS

The parties' joint and disputed proposed jury instructions are attached as **Exhibit H**.

The parties will continue to meet and confer regarding their respective proposed jury instructions in an effort to try and agree on some or all proposed instructions. The parties have

underlying disputes within the instructions. Midas's position is in red text, while Rhodium's position is in blue text.

## XII. LIST OF PENDING MOTIONS

The following motions filed by Midas on March 1, 2024 remain pending:

- Motion to Correct Inventorship under 35 U.S.C. 256 (ECF No. 149).

- Motion to Exclude Noninfringement Rebuttal Expert Witness Report of Dr. Alphonso Ortega (ECF 151).

The following motions filed by Rhodium on March 1, 2024 remain pending:

- Motion to Strike Dr. Himanshu Pokharna (ECF No. 152).

- Motion to Strike Dr. James Lee (ECF No. 153).

- Motion to Strike J. Duross O'Bryan (ECF No. 154).

- Motion for Summary Judgment of Noninfringement (ECF No. 155).

## XIII. VOIR DIRE

Midas's and Rhodium's proposed *voir dire* questions are attached as **Exhibits I and J**, respectively. The parties' jointly proposed juror questionnaire is attached as **Exhibit K**.

## XIV. VERDICT FORM

Midas's proposed verdict forms are attached as **Exhibits L**. Rhodium's proposed verdict form is attached as **Exhibit M**.

## XV. DISPUTED MOTIONS IN LIMINE

Midas's Motions *in Limine,* identifying 5 issues to be resolved (ECF No.'s 173-177), are attached as **Exhibit N**. Rhodium's Motion *in Limine,* identifying 1 issue to be resolved (ECF No. 172), is attached as **Exhibit O**. The parties filed their oppositions to these motions on April 3, 2024.

XVI. **LENGTH OF TRIAL**

The trial is scheduled to begin after Jury Selection on April 22, 2024. Midas expects trial will conclude on April 29, 2024. Rhodium expects trial will conclude on April 26, 2022.


Dated: April 3, 2024                                           Respectfully submitted,

By: /s/ *Joseph E. Thomas*                                      By: /s/ *Elizabeth R. Brannen*
    Joseph E. Thomas *                                            Elizabeth Rogers Brannen
    William J. Kolegraff *                                         Kenneth J. Halpern
    Grant J. Thomas *                                              Peter J. Brody
    THOMAS WHITELAW & KOLEGRAFF LLP                                Sarah Rahimi
    18101 Von Karman Ave., Suite 230                               Stris & Maher LLP
    Irvine, California 92612                                       777 South Figueroa Street, Suite 3850
    Telephone: (949) 679-6400                                      Los Angeles, CA 90017
    Fax: (949) 679-6405                                            Telephone: (213) 995-6809
    jthomas@twtlaw.com                                             Fax: (213) 261-0299
    bkolegraff@twtlaw.com                                          Email: ebrannen@stris.com
    gthomas@twtlaw.com                                                   khalpern@stris.com
                                                                         pbrody@stris.com
                                                                         srahimi@stris.com

    Michael C. Smith
    Texas Bar No. 18650410                                         Melissa Richards Smith
    michael.smith@solidcounsel.com                                 Gillam and Smith, LLP
    Scheef & Stone, LLP                                            303 South Washington Avenue
    113 E. Austin Street                                           Marshall, TX 75670
    Marshall, TX 75670                                             Telephone: (903) 934-8450
    (903) 938-8900                                                 Fax: (903) 934-9257
                                                                   Email: melissa@gillamsmithlaw.com

                                                                   James Travis Underwood
                                                                   Gillam & Smith, LLP
*Admitted pro hac vice*                                        102 N. College, Suite 800
*Attorneys for Plaintiff Midas Green*                          Tyler, TX 75702
*Technologies LLC*                                             Telephone: (903) 934-8450
                                                                   Fax: (903) 934-9257
                                                                   Email: travis@gillamsmithlaw.com

                                                                   *Attorneys for Defendants*
                                                                   *Rhodium*