EXHIBIT N
PLAINTIFF'S MOTIONS *IN LIMINE*

N- 1: Obviousness
N-2:  Hearsay
N-3:  No Advice of Counsel
N-4:  No Design Around
N-5:  Written Description

EXHIBIT N-1

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

|  |  |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC**;<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Renewables LLC**; | |
| Defendants. | |

## PLAINTIFF'S MOTION *IN LIMINE* NO. 4

## REGARDING  OBVIOUSNESS

I.    <u>**RHODIUM HAS PRESENTED NO SPECIFIC COMBINATIONS OF ART SO IS**</u>
     <u>**PRECLUDED FROM PRESENTING AN OBVIOUSNESS DEFENSE AT TRIAL**</u>

This Court has a standing Motion *in Limine* No. 4 that excludes a party from presenting an obviousness defense to the jury unless specific combinations or prior art references have been previously identified.

> ***Court MIL No. 4: The parties shall be precluded from introducing evidence, testimony, or argument regarding prior art that is not disclosed in a specific combination set forth in any party's expert report or invalidity contentions.*** *(OGP Version 4.4 at 22)*

Rhodium has never presented any specific combination regarding obviousness in either its Expert's Invalidity Report or in its Final Invalidity Contentions. Instead, Rhodium repeatedly asserts that all cited references can be combined to render Claim 1 of '457 Patent obvious. These opinions and testimony are irrelevant and will only serve to confuse the jury. As a result, Midas has no idea what combinations Rhodium might try to assert at trial.

A.    ***Rhodium's Expert Report on Invalidity Discloses No Specific Combinations***

In Rhodium's Expert Report on Invalidity, Dr. Ortega merely submits blunderbuss combinations of the nine[1] separate pieces of prior art, and never identifies even one specific combination. Instead of identifying a specific combination, Dr. Ortega incorporates by reference over 2000 pages of claim charts, each chart having all nine references. Dr. Ortega's opinions are nothing more than a list of all nine prior art references and a general claim that a person skilled in the art would somehow have been motivated to combine them. The only opinions regarding obviousness in Dr. Ortega's report are stated in paragraph 52. (Ex. A, Ortega Report). Each new opinion is simply a reordering of the same prior art references. These opinions are duplicated below.

---

[1] Dr. Ortega has 11 in his list, but after he completed his report the parties agreed to drop Krajewski '511 and Gryzhin '013 as references.

#420651v1

1.  Best '463 alone or in combination with the general knowledge and common sense of those skilled in the art and/or the teachings of one or more of the Best Tank, the Best Publication, Best '914, Oktay '244, Krajewski '511, the Pfahnl Publication, Gryzhin '013, JP '758, Rolfson '298, Attlesey '419, and Quon '108.

2.  The Best Publication alone or in combination with the general knowledge and common sense of those skilled in the art and/or the teachings of one or more of the Best Tank, Best '463, Best '914, Oktay '244, Krajewski '511, the Pfahnl Publication, Gryzhin '013, JP '758, Rolfson '298, Attlesey '419, and Quon '108.

3.  The Best Tank alone or in combination with the general knowledge and common sense of those skilled in the art and/or the teachings of one or more of the Best Publication, Best '463, Best '914, Oktay '244, Krajewski '511, the Pfahnl Publication, Gryzhin '013, JP '758, Rolfson '298, Attlesey '419, and Quon '108.

4.  Krajewski '511 alone or in combination with the general knowledge and common sense of those skilled in the art and/or the teachings of one or more of the Best Tank, the Best Publication, Best '463, Best '914, Oktay '244, the Pfahnl Publication, Gryzhin '013, JP '758, Rolfson '298, Attlesey '419, and Quon '108.

5.  The Pfahnl Publication alone or in combination with the general knowledge and common sense of those skilled in the art and/or the teachings of one or more of the Best Tank, the Best Publication, Best '463, Best '914, Oktay '244, Krajewski '511, Gryzhin '013, JP '758, Rolfson '298, Attlesey '419, and Quon '108.

6.  Gryzhin '013 alone or in combination with the general knowledge and common sense of those skilled in the art and/or the teachings of one or more of the Best Tank, the Best Publication, Best '463, Best '914, Oktay '244, Krajewski '511, the Pfahnl Publication, JP '758, Rolfson '298, Attlesey '419, and Quon '108.

7.  Oktay '244 alone or in combination with the general knowledge and common sense of those skilled in the art and/or the teachings of one or more of the Best Tank, the Best Publication, Best '463, Best '914, Krajewski '511, the Pfahnl Publication, Gryzhin '013, JP '758, Rolfson '298, Attlesey '419, and Quon '108.

8.  JP '758 alone or in combination with the general knowledge and common sense of those skilled in the art and/or the teachings of one or more of the Best Tank, the Best Publication, Best '463, Best '914, Oktay '244, Krajewski '511, the Pfahnl Publication, Gryzhin '013, Rolfson '298, Attlesey '419, and Quon '108.

9.  Best '914 alone or in combination with the general knowledge and common sense of those skilled in the art and/or the teachings of one or more of the Best Tank, the Best Publication, Oktay '244, Krajewski '511, the Pfahnl Publication, Gryzhin '013, JP '758, Rolfson '298, Attlesey '419, and Quon '108.

#420651v1

Dr. Ortega attaches nine claim charts, one for each of the nine blunderbuss lists of references identified above. (One exemplary chart D-1 is attached as Exhibit B).  None of the claim charts identify any specific combination, but just lump all nine references together. In one example, Dr. Ortega just summarily says: "It would have been obvious to combine the Best '463 with these references at least because they all relate to systems for cooling electronic components, and predominantly to liquid cooling systems." There are no other opinions in any claim chart which identify a motivation to combine the pieces of cited prior art.

### B.  *Rhodium's Final Invalidity Contentions Disclose No Specific Combinations*

Rhodium's Final Invalidity Contentions are similar, and merely repeat long lists of references with no specific combinations identified.  Two of the nine lists of references are shown below. (Ex. C, Final Invalidity Contentions, at 51).

> • The Best Tank alone or in combination with any one or more of the Best Publication, Best '463 Patent, Best '914 Patent, Oktay '244, Krajewski '511, the Pfahnl Publication, Gryzhin '013, JP '758, Rolfson '298, Attlesey '419, Attlesey '392, the Attlesey Publication, and Quon '108.

> • The Best Publication alone or in combination with any one or more of the Best Tank, Best '463 Patent, Best '914 Patent, Oktay '244, Krajewski '511, the Pfahnl Publication, Gryzhin '013, JP '758, Rolfson '298, Attlesey '419, Attlesey '392, the Attlesey Publication, and Quon '108.[2]

This case is nearly identical to the case *Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 2017 WL 3283324, *8-9 (E.D. Tex 2017). "Nowhere does [the expert] offer a specific combination of prior art to support a finding of obviousness. And like the expert reports in *ActiveVideo* and *Innogenetics,* [the expert] does not offer any reason why a person of ordinary skill in the art would have been motivated to combine the single reference cited… to render the asserted claims obvious." *Id. citing ActiveVideo Networks, Inc. v. Verizon Communs., Inc.*, 694 F.3d 1312, 1328

---

[2] Seven other lists are not shown to save space, see pg. 51 of Ex. C.

#420651v1

(Fed. Cir. 2012). This reasoning applies to this case. Dr. Ortega generally lists elements in prior art references. He then summarily concludes "an POSITA would have been motivated to combine these pieces of prior art." However, "a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007). If Ortega testified at trial with regard to obviousness, his testimony would not be "helpful to a lay jury in avoiding the pitfalls of hindsight that belie a determination of obviousness." *Tech Pharm. Servs., LLC,* at * 9; *Innogenetics*, 512 F.3d at 1373.

## II.    **CONCLUSION**

Midas respectfully requests that the Court preclude Rhodium and its expert from introducing evidence, testimony, or argument regarding obviousness as no specific combinations of prior art were set forth in Rhodium's expert report or invalidity contentions.

DATED: March 27, 2024                    Respectfully Submitted,

*/s/ Joseph E. Thomas*

Joseph E. Thomas *(admitted p.h.v.)*
William J.  Kolegraff *(admitted p.h.v.)*
Grant J. Thomas *(admitted p.h.v.)*
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Ave., Suite 230
Irvine, CA 92612
949-679-6400
jthomas@twtlaw.com
bkolegraff@twtlaw.com
gthomas@twtlaw.com
Attorneys for Plaintiff Midas Green Technologies
LLC

#420651v1

## <u>CERTIFICATE OF CONFERENCE</u>

The parties held a meet and confer on March 27, 2024 and Defendants plan to oppose this motion.

By    *<u>/s/ Joseph E. Thomas</u>*
           Joseph E. Thomas

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 27, 2024 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

<u>/s/ Tierra Mendiola</u>

5

#420651v1

EXHIBIT N-2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC**;<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Renewables LLC**; | |
| Defendants. | |

## PLAINTIFF'S MOTION *IN LIMINE* NO. ___

## TO EXCLUDE HEARSAY TESTIMONY REGARDING CFD SIMULATIONS

## I.    <u>INTRODUCTION</u>

Rhodium's non-infringement expert, Dr. Ortega, relied on a Computation Fluid Dynamics ("CFD") simulation performed by a graduate student Victor Martinez. This CFD simulation has never been produced. The inputs into the CFD simulation have never been produced. Martinez's resume has never been produced. No communications between Dr. Ortega and Martinez have been produced. What was modeled in the simulation is unknown. Dr. Ortega testified that he believes that the CFD should have modeled Rhodium's CAD drawings of its tanks. But there is no evidence to confirm this beyond Dr. Ortega's testimony regarding Martinez's out of court assertions.

Dr. Ortega references the CFD simulation repeatedly throughout his Report, as well as in his deposition. His attorneys had Martinez extract a limited output file from the full CFD simulation, and his attorneys sent the output file to Dr. Ortega, as well as produced it to Midas. As the output file is just a small extraction from the full simulation, it too is hearsay.

## II.    <u>STATEMENT OF LAW</u>

Federal Rule of Evidence 801 prohibits evidence of out of court statements submitted for the truth of the matter asserted. "[T]he analyses and testimony of experts not called at trial should be excluded. These statements are hearsay under Federal Rule of Evidence ("FRE") 801." *Fractus, S.A. v. AT&T Mobility LLC*, 2019 WL 4805910, *10 (E.D. Tex. Sep. 30, 2019). Federal Rule of Evidence 703 allows experts to reasonably rely on certain hearsay documents, such as text books or peer reviewed studies, to form the basis for their opinions. However, Rule 703 only permits the proponent of an expert's opinion to disclose the underlying material to a jury if "experts in the particular field would reasonably rely on" the underlying material and "if [the underlying material's] probative value in helping the jury evaluate the opinion substantially

1

outweighs [its] prejudicial effect." *Wi-Lan Inc. v. Sharp Elecs. Corp*., 992 F.3d 1366, 1374 (Fed. Cir. 2021); citing Fed. R. Evid. 703.[1] An analysis prepare specifically for litigation is not a document upon which experts normally rely. Instead, it is hearsay to which an exception does not apply.

### III.   <u>ANALYSIS</u>

#### *A. Martinez's CFD Analysis is Hearsay and Should Be Excluded*

Rhodium is attempting to circumvent the rules of evidence by trying to introduce evidence of the CFD simulation that was not properly disclosed or introduced in this case. Dr. Ortega's expert report relies on Martinez's hearsay CFD analysis to formulate several opinions. This is per se improper because this hearsay document does not meet any of the exceptions or exclusions of the Federal Rules of Evidence Section 801 et seq. Reliance on documents prepared solely in anticipation of litigation is improper. *see Soden v. Freightliner Corporation,* 714 F.2d 498, 503-05 (5th Cir. 1983) (affirming exclusion of opinion testimony based on accident statistics prepared strictly in anticipation of litigation by a sister company, memorialized only in an informal letter, without any indication of the method for deriving the statistics; opposing party had introduced evidence casting serious doubt on exactly what the statistics represented, and the party proffering the statistics-based testimony failed to provide the opposing party with the statistical information until trial despite repeated discovery requests; expert had not even examined the statistics himself, but instead relied on a summary); *see also United States v. Tran*

---

[1] "Rule 703 does not make admissible otherwise inadmissible evidence." 4 Weinstein's Federal Evidence § 703.05 n.12. That is because "Rule 703 is not, itself, an exception to or exclusion from the hearsay rule or any other evidence rule that makes the underlying information inadmissible." Id. § 703.05. Rule 703 does not authorize admitting inadmissible evidence "on the pretense that it is the basis for expert opinion when, in fact, the expert adds nothing to the [inadmissible evidence] other than transmitting [it] to the jury." 29 Charles Alan Wright, Arthur R. Miller & Victor J. Gold, Federal Practice and Procedure § 6274 (2d ed. 2020). *Wi-Lan Inc. v. Sharp Elecs. Corp*., 992 F.3d 1366, 1374 (Fed. Cir. 2021).

#420670v1

*Trong Cuong*, 18 F.3d 1132, 1143 (4th Cir. 1994) ("reports specifically prepared for purposes of litigation are not, by definition, of a type reasonably relied upon by experts in the particular field.").

Martinez's full CFD simulation is hearsay, as well as the output file extracted from it. The evidence was created solely in anticipation of litigation. Further, there is absolutely no indiciation of reliability beyond the recitation of Martinez's out of court statements during Dr. Ortega's testimony. This should not be admissible to form the basis of Dr. Ortega's opinions. Further, CFD simulations and the output file should not be admissible for any other purpose, including impeachment.

IV.    **CONCLUSION**

Pursuant to Federal Rule of Evidence 801, Midas respectfully requests that the Court preclude Rhodium and its experts from introducing evidence, testimony, or argument regarding any CFD simulation or results therefrom.

DATED: March 27, 2024                         Respectfully Submitted,

                                              */s/ Joseph E. Thomas*

                                              Joseph E. Thomas *(admitted p.h.v.)*
                                              William J.  Kolegraff *(admitted p.h.v.)*
                                              Grant J. Thomas *(admitted p.h.v.)*
                                              THOMAS WHITELAW & KOLEGRAFF LLP
                                              18101 Von Karman Ave., Suite 230
                                              Irvine, CA 92612
                                              949-679-6400
                                              jthomas@twtlaw.com
                                              bkolegraff@twtlaw.com
                                              gthomas@twtlaw.com
                                              Attorneys for Plaintiff Midas Green Technologies
                                              LLC

#420670v1

## <u>CERTIFICATE OF CONFERENCE</u>

The parties held a meet and confer on March 27, 2024 and Defendants plan to oppose this motion.

By   */s/ Joseph E. Thomas*
_____
Joseph E. Thomas

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 27, 2024 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

<u>/s/ Tierra Mendiola</u>

4

#420670v1

EXHIBIT N-3

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC**;<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Renewables LLC**; | |
| Defendants. | |

## PLAINTIFF'S MOTION *IN LIMINE* NO.

## TO EXCLUDE EVIDENCE OF ADVICE OF COUNSEL

## I.    INTRODUCTION

Rhodium has never asserted any advice-of-counsel defense, so they cannot use that as a reason for not attempting any design-arounds, or as a defense against their willful infringement. Rhodium has not presented any evidence it relied on counsel for its belief that it did not infringe the patents or that the patents are invalid.

## II.    STATEMENT OF LAW

Opinions of counsel may be helpful for an accused infringer to show it believed its actions were not infringing. *Varta Microbattery GmbH v. Audio Partnership LLC*, 2023 U.S. Dist. LEXIS 148400, *5-7 (E.D. Tex Aug. 22, 2023). Thus, before considering "the exculpatory value of an opinion of counsel, the legal advice contained therein must be found on the totality of the circumstances to be competent such that the client was reasonable in relying upon it." *Comark Communications, Inc. v. Harris Corp*., 156 F.3d 1182, 1191 (Fed. Cir. 1998). "[W]hen an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused [product]." *In Re EchoStar Communication Corporation*, 448 F.3d 1294,1304 (Fed. Cir. 2006).

## III.    ARGUMENT

### A.  *Rhodium Has Not Produced Evidence Rhodium Acted on Advice as Counsel*

Rhodium has not presented any evidence that it relied on advice of counsel when it continued to make allegedly infringing systems after this lawsuit was filed. Rhodium did not plead that it relied on advice of counsel in its answer to the Third Amended Complaint. Rhodium did not disclose it intended to rely on an advice of counsel defense in its Rule 26 disclosures.

Rhodium's witnesses never disclosed that they relied on advice of counsel when determining whether or not Rhodium infringed the '457 Patent. As a result, Rhodium has never asserted any advice of counsel for any purpose. As such, Midas respectfully requests that the Court limit any introduction of evidence or testimony at trial that Rhodium relied on advice of counsel.

IV.    **<u>CONCLUSION</u>**

Midas respectfully requests that the Court preclude Rhodium and its experts from introducing evidence, testimony, or argument regarding any advice-of-counsel defense.

DATED: March 27, 2024                              Respectfully Submitted,

*/s/ Joseph E. Thomas*

Joseph E. Thomas *(admitted p.h.v.)*
William J. Kolegraff *(admitted p.h.v.)*
Grant J. Thomas *(admitted p.h.v.)*
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Ave., Suite 230
Irvine, CA 92612
949-679-6400
jthomas@twtlaw.com
bkolegraff@twtlaw.com
gthomas@twtlaw.com
Attorneys for Plaintiff Midas Green Technologies
LLC

2

#420688v1

## **CERTIFICATE OF CONFERENCE**

The parties held a meet and confer on March 27, 2024 and Defendants plan to oppose this motion.

By  */s/ Joseph E. Thomas*
Joseph E. Thomas

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 27, 2024 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

/s/ Tierra Mendiola

#420688v1

EXHIBIT N-4

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC**;<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Renewables LLC**; | |
| Defendants. | |

## PLAINTIFF'S MOTION *IN LIMINE* NO. \_\_\_

## TO EXCLUDE EVIDENCE OF A DESIGN-AROUND

## I.  INTRODUCTION

In making, using, and installing its infringing immersion systems, Rhodium never even attempted to design around the '457 Patent.  This fact was confirmed by Rhodium's CEO, Chase Blackmon, and by Rhodium's invalidity expert, Dr. Ortega.  Now, despite all this, in his Report Dr. Ortega makes the unsupportable assertion that easy design-arounds were available to Rhodium at the time of their infringement, and these phantom design-arounds act as a non-infringing market substitute to defeat Midas' lost profits request. These suggested examples of design-arounds were not even Dr. Ortega's, they were given to him by his counsel, and Dr. Ortega did no evaluation as to their viability. Dr. Ortega's report is the first time that Midas learned that Rhodium was using design-arounds as a defense.

## II.  ARGUMENT

### A.  *Rhodium Has Not Produced Evidence of any Design Around the '457 Patent*

During the Deposition of Chase Blackmon in his capacity as 30(b)(6), Mr. Blackmon testified that he was not aware of any attempts that Rhodium made to design around the patent. (Ex. A, Blackmon Dep. 15:5-9 & 237:14-19).

*Q. You have been designated to testify on behalf of topic 20, any efforts by Rhodium to design around the asserted patents at any of the three facilities. Is that correct?*

*A. I believe so.*

*Q. Are you aware of any efforts by Rhodium to design around the asserted patents by Midas?*

*A. I am not aware of any attempts by Rhodium to –*

### B.  *The Design-Around Suggestions Came From Counsel*

In his invalidity report, Dr. Ortega lists out several modifications to the Rhodium installations that he would consider available design-arounds to the '457 Patent.  However, these suggested examples did not come from Rhodium, they came from Rhodium's attorneys.  Dr. Ortega did no analysis to assess cost or viability for the suggested examples.

#420665v1

***First Example Suggested by Counsel (Ex. B, Ortega Dep. 202:3-203:2)***

> Q. What is your basis for saying that this could go on the short wall. Did someone at
> Rhodium tell you that? Did your counsel tell you that? Is that something you read? Did
> you design it yourself? I just want to understand what your basis is for saying that
> putting the weir on the short wall was an alternative.
> A. So in discussion with counsel, counsel clearly explained to me what noninfringing
> alternatives were and may have suggested examples.
> Q. So the idea of putting the weir on the short wall was a suggestion that came from
> counsel?
> A. It may have been. I don't recall exactly. It was -- it may have been part of a conversation
> in which we were talking about noninfringing alternatives.
> Q. Did you ever evaluate the cost of doing that change?
> A. No.
> Q. Did you ever evaluate the effectiveness in cooling by doing that change?
> A. I did think about the effectiveness of the flow traversing the long direction of the tank,
> and I did give some thought to its effectiveness.
> Q. Is that in your report?
> A. No.

***Second Example Suggested by Counsel (Ex. B, Ortega Dep. 203:14-204:10)***

> Q. It says, It could also or alternatively having given the weir an uneven height so that there
> would not be substantially uniform recovery of the dielectric fluid. Again, same question:
> What is the basis for that statement?
> A. Again, it might have been in a discussion with counsel over examples of noncompeting
> alternatives.
> Q. Did you evaluate the cost of doing that?
> A. No.
> Q. Did you evaluate the cooling effectiveness if you did such a change?
> A. No.

***Third Example Suggested by Counsel ((Ex. B, Ortega Dep. 205:9-205:24)***

> Q. It could also, or alternatively, removed the coarse filter holes from the portions of the
> weir adjacent some but all -- not all of the appliance slots.
> A. Yes.
> Q. Again, was that -- is the basis having spoken to clients -- to counsel?
> A. It was probably from a meeting with counsel discussing examples of noncompeting
> alternatives.
> Q. Did you do any evaluation of the cost of doing that?
> A. No.
> Q. Did you do any evaluation of the cooling effectiveness if you made that change?
> A. No.

#420665v1

Rhodium has never designed around the '457 Patent. Rhodium did not offer evidence of design-arounds. Counsel suggested design-arounds to Dr. Ortega, and he listed them in his report, but he did no analysis as costs, effectiveness, or viability of any suggestion. As a result, Midas is facing the unfair prospect of having to defend against phantom design-arounds with no information about them.  Midas is highly prejudiced as Rhodium is using the suggested design-arounds as a basis to defeat Midas's lost profits.

### III.    <u>CONCLUSION</u>

Midas respectfully requests that the Court preclude Rhodium and its experts from introducing evidence, testimony, or argument regarding any design-arounds to the '457 Patent.

DATED: March 27, 2024                    Respectfully Submitted,

<u>/s/ Joseph E. Thomas</u>

Joseph E. Thomas *(admitted p.h.v.)*
William J.  Kolegraff *(admitted p.h.v.)*
Grant J. Thomas *(admitted p.h.v.)*
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Ave., Suite 230
Irvine, CA 92612
949-679-6400
jthomas@twtlaw.com
bkolegraff@twtlaw.com
gthomas@twtlaw.com
Attorneys for Plaintiff Midas Green Technologies LLC

#420665v1

## **CERTIFICATE OF CONFERENCE**

The parties held a meet and confer on March 27, 2024 and Defendants plan to oppose this motion.

By    */s/ Joseph E. Thomas*
      Joseph E. Thomas

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 27, 2024 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

/s/ Tierra Mendiola

4

#420665v1

EXHIBIT N-5

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, | |
| Plaintiff, | Civil Action No. 6:22-cv-00050-ADA |
| - vs. - | **Jury Trial Demanded** |
| **Rhodium Enterprises, Inc.**;<br>**Rhodium Technologies LLC**;<br>**Rhodium 10mw LLC**;<br>**Rhodium 2.0 LLC**;<br>**Rhodium 30mw LLC**;<br>**Rhodium Encore LLC**;<br>**Rhodium Renewables LLC**; | |
| Defendants. | |

## PLAINTIFF'S MOTION *IN LIMINE* NO. 23

## TO EXCLUDE OPINIONS ON WRITTEN DESCRIPTION AND ENABLEMENT

## I.    <u>INTRODUCTION</u>

Pursuant to the Court's standing MIL 23, Midas hereby moves this Court to exclude Dr. Ortega from rendering opinions regarding written description and enablement.

**<u>Court MIL No. 23:</u> No expert witness may testify to expert opinions outside the established parameters of her/his expert report, and counsel shall not raise such an objection for strategic or other non-meritorious purposes. (OGP Version 4.4 at 24)**

Dr. Ortega's expert report plainly stated that he has not been asked to provide opinions on written description or enablement. Midas respectfully requests that the Court exclude any opinions on written description and enablement based on Dr. Ortega's assertion.

## II.    <u>STATEMENT OF LAW</u>

Under Rule 26(a)(2), a party must disclose, as directed by the court, its expert witnesses and a report that "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1368-1369 (Fed. Cir. 2006). If a theory was not disclosed in these expert reports, as required by Fed. R. Civ. P. 26(a)(2), the court did not abuse its discretion in excluding the evidence. See Fed. R. Civ. P. 37(c)(1).

## III.    <u>ARGUMENT</u>

In Dr. Ortega's Expert Report on Invalidity Dr. Ortega states:

*"I have not been asked to provide an opinion on the ultimate question of whether the Asserted Claims of the Asserted Patents are invalid for failure to provide an adequate written description or for lack of enablement. I have been asked to provide opinions about the patents' disclosures that are relevant to these determinations."(Ex. A, Expert Report of A. Ortega at 411).*

At Deposition Dr. Ortega confirmed he has no opinion on written description and enablement.

> **Q.** *I want to be sure I'm very clear on this. So you're not giving an opinion on the ultimate question of whether the asserted claims of the asserted patents are invalid for failure to provide adequate written description; is that correct?...*
>
> **A.** *That's right." (Ex. B, Ortega Dep. at 55:24-56:9).*

Dr. Ortega's Invalidity Report has no opinion finding the '457 Patent invalid due to failure to meet the written description and enablement requirements of §112.  As a result, Dr. Ortega cannot give any such opinion at trial.

## IV.     <u>CONCLUSION</u>

Midas respectfully requests that the Court preclude Rhodium and its experts from introducing evidence, testimony, or argument regarding the written description and enablement defenses.

DATED: March 27, 2024                    Respectfully Submitted,

<u>/s/ Joseph E. Thomas</u>

Joseph E. Thomas *(admitted p.h.v.)*
William J.  Kolegraff *(admitted p.h.v.)*
Grant J. Thomas *(admitted p.h.v.)*
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Ave., Suite 230
Irvine, CA 92612
949-679-6400
jthomas@twtlaw.com
bkolegraff@twtlaw.com
gthomas@twtlaw.com
Attorneys for Plaintiff Midas Green Technologies
LLC

## **CERTIFICATE OF CONFERENCE**

The parties held a meet and confer on March 27, 2024 and Defendants plan to oppose this motion.

By  */s/ Joseph E. Thomas*
Joseph E. Thomas

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on March 27, 2024 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

/s/ Tierra Mendiola