# EXHIBIT O
# DEFENDANTS' MOTION *IN LIMINE* NO. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **Midas Green Technologies, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:22-CV-00050-ADA |
| | ) | |
| **Rhodium Enterprises, Inc.;** | ) | |
| **Rhodium Technologies LLC;** | ) | |
| **Rhodium 10MW LLC;** | ) | **JURY TRIAL DEMANDED** |
| **Rhodium 2.0 LLC;** | ) | |
| **Rhodium 30MW LLC**; | ) | |
| **Rhodium Encore LLC;** | ) | |
| **Rhodium Renewables LLC;** | ) | |
| **Rhodium Renewables Sub LLC; and** | ) | |
| **Rhodium Ready Ventures LLC.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCES TO
"INFRINGEMENT" BY IMMERSION SYSTEMS**

Defendants Rhodium Enterprises, Inc., Rhodium Technologies LLC, Rhodium 10MW LLC, Rhodium 2.0 LLC, Rhodium 30MW LLC, Rhodium Encore LLC, Rhodium Renewables LLC, Rhodium Renewables Sub LLC, and Rhodium Ready Ventures LLC ("Rhodium") move *in limine* to exclude any references to "infringement" of any Midas patent, including the asserted '457 Patent by Immersion Systems LLC ("Immersion Systems"). Midas contends and plans to tell the jury that Rhodium's infringement was willful because Immersion Systems, a prior company run by certain Rhodium principals, also infringed. But although Midas previously filed suit against Immersion Systems, there was never any finding of infringement. Nor will Midas be able to prove that Immersion Systems infringed in this trial. Accordingly, the Court should preclude Midas from stating or suggesting that Immersion Systems "infringed" the '457 Patent or any other Midas patent pursuant to Federal Rule of Evidence 403.[1]

**1.** Midas makes the following allegations: Immersion Systems was founded by Chase Blackmon, Cameron Blackmon, and Nathan Nichols in 2018 to develop and sell liquid immersion cooling systems for use in Bitcoin mining. Dkt. 106 ("TAC") ¶ 43. On February 7, 2020, Midas sent Immersion Systems a letter alleging infringement. *Id.* ¶ 50. On May 29, 2020, Midas sued Immersion Systems for infringing the '457 Patent in the Northern District of Texas. *Id.* ¶ 51; *Midas Green Technologies, LLC v. Immersion Systems LLC*, N.D. Tex. Case No. 4:20-cv-00555-O.

On March 5, 2022, Midas voluntarily dismissed that litigation with prejudice. N.D. Tex. Case No. 4:20-cv-00555-O, Dkt. 96. At no point prior to dismissal did the Court or jury find infringement of any claim of any Midas patent.

---

[1] To be clear: Rhodium does not argue that Midas may not use its correspondence with Immersion Systems in an attempt to demonstrate that certain Rhodium principals were *aware* of the '457 Patent. Rhodium's argument is only that Midas may not argue or suggest to the jury that Immersion Systems *infringed* that patent, or that there has been a finding to that effect.

1

2. Although there has ***never*** been a finding that Immersion Systems infringed Midas's patents, it is clear that Midas seeks to prove that any infringement here was willful by telling the jury (a) that Immersion Systems was aware of the Patent, (b) that Immersion Systems infringed the Patent, and (c) that Immersion Systems' principals brought infringing designs from Immersion Systems to Rhodium. TAC ¶ 52 (alleging that Immersion Systems was closed because its principals "knew that their particular immersion cooling systems infringed the '457 Patent"); Dkt. 164 at 3–4.

The Court should not let Midas make the prejudicial and incorrect statement or insinuation that Immersion Systems was found to infringe any of Midas's patents. It would be extraordinarily and unfairly prejudicial to permit Midas to tell the jury about a supposed liability determination that does not exist.

3. Moreover, Midas should be barred from arguing that the evidence in *this* trial will show that Immersion Systems infringed. While Midas said in an interrogatory response that it planned to offer an expert on willfulness, it chose not to do so (and it is too late now). It did not disclose any expert on the operation of Immersion Systems' technology, and will not be able to prove infringement of each limitation on the record it has made. What's more, any attempt to prove Immersion Systems' infringement would take hours of jury time. The Court should not permit Midas to sidetrack the trial with extensive litigation of the ancillary issue of whether a non-party infringed its patents, especially because Midas will not be able to prove that infringement. Fed. R. Evid. 403.

\* \* \*

The Court should preclude Midas from arguing that Immersion Systems' products infringed any of Midas's patents.

DATED: March 27, 2024         Respectfully submitted,


                 */s/ Melissa R. Smith*
                 Melissa R. Smith
                 Texas Bar No. 24001351
                 **GILLAM & SMITH, LLP**
                 303 South Washington Avenue
                 Marshall, Texas 75670
                 Telephone: (903) 934-8450
                 Facsimile: (903) 934-9257
                 melissa@gillamsmithlaw.com
                 J. Travis Underwood
                 Texas Bar No. 24102587
                 **GILLAM & SMITH, LLP**
                 102 North College Avenue, Suite 800
                 Marshall, Texas 75670
                 Telephone: (903) 934-8450
                 Facsimile: (903) 934-9257
                 travis@gillamsmithlaw.com

                 Elizabeth R. Brannen
                 Kenneth J. Halpern (*Pro Hac Vice*)
                 Peter J. Brody (*Pro Hac Vice*)
                 Sarah Rahimi (*Pro Hac Vice*)
                 **STRIS & MAHER LLP**
                 777 South Figueroa Street, Suite 3850
                 Los Angeles, California 90017
                 Telephone: (213) 995-6800
                 Facsimile: (213) 216-0299
                 ebrannen@stris.com
                 khalpern@stris.com
                 pbrody@stris.com
                 srahimi@stris.com


                 ***Attorneys for Rhodium Defendants***

4

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, March 27, 2024, with a copy of this document via the Court's CM/ECF system.

                                                                 */s/ Melissa R. Smith*

**CERTIFICATE OF CONFERENCE**

      On March 27, 2024, counsel for Defendants conferred with opposing counsel concerning the relief sought in this Motion, and was advised that opposing counsel opposed the relief sought herein.

                                                                 */s/ Melissa R. Smith*